1  ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
2  **AKERMAN LLP**
1635 Village Center Circle, Suite 200
3  Las Vegas, Nevada 89134
Telephone: (702) 634-5000
4  Facsimile:  (702) 380-8572
Email: ariel.stern@akerman.com
5
MICHAEL D. NAPOLI, ESQ.
6  *PRO HAC VICE*
**AKERMAN LLP**
7  2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
8  Telephone: (214) 720-4360
Facsimile:  (214) 720-8116
9
*Attorneys for party in interest Tecumseh – Infinity*
10 *Medical Receivables Fund, L.P.*

11                **UNITED STATES BANKRUPTCY COURT**

12                        **DISTRICT OF NEVADA**

13 In re:

14     INFINITY CAPITAL          Case No.:      21-14486-abl
       MANAGEMENT, INC.          Chapter        7
15
              Debtor.
16

17 **MOTION OF PARTY IN INTEREST TECUMSEH – INFINITY MEDICAL RECEIVABLES**
   **FUND, LP TO (1)ABANDON PROPERTY AND (2)LIFT THE AUTOMATIC STAY**
18

19         Tecumseh – Infinity Medical Receivable Fund, LP, ("Tecumseh"), a party interest, by and

20 through their counsel, respectfully submit this motion (the "Motion") for entry of an order pursuant

21 to 11 U.S.C. § 554(a), Rule 6007 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§

22 362(d)(1), and Rule 4001 of the Federal Rules of Bankruptcy Procedure, authorizing abandonment,

23 release, transfer, and procurement of all receivables owned by Tecumseh, including all documents

24 and checks received by or payable to Debtor in relation to the same.  In support of this Motion,

25 Tecumseh respectfully state as follows:

26                             **INTRODUCTION**

27         1.      Infinity Capital Management Inc. (the "Debtor"), is engaged in the business of

28 purchasing receivables from medical providers (the "Receivables"). The Receivables generally arise

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS< NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1

60195200;3

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS< NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

from medical treatment provided to individuals who were injured in accidents and have asserted personal injury claims. The Receivables are generally secured by liens against these personal injury claims and are typically paid at the time the personal injury claims are settled.

2.      The Debtor purchases certain Receivables pursuant to a sub-advisory agreement (the "Sub-Advisor Agreement") with Tecumseh (the "Tecumseh Receivables")[1] and other Receivables for its own account (the "HAS Receivables"). Meyer Decl. at ¶ 4. The HAS Receivables are subject to a lien in favor of  HASSelect-Medical Receivables Litigation Finance Fund International SP ("HAS"). In contrast, the Tecumseh Receivables are the sole property of Tecumseh and are not subject to HAS's lien. *Id.* at ¶ 7.

3.      In addition to arranging for the purchase of receivables for Tecumseh, the Debtor services the Tecumseh Receivables. Post-purchase, servicing generally entails keeping track of the personal injury claims underlying the Tecumseh Receivables, coordinating payment with the plaintiff's lawyers, negotiating any necessary reductions in the amount paid, accounting for all payments and transferring the proceeds to Tecumseh. *Id*. at ¶ 6. The Debtor provides these services pursuant to  the Sub-Advisor Agreement. In order to service the Tecumseh Receivables, the Debtor maintains physical and electronic records regarding them.

4.      Notably, all of the Tecumseh Receivables purchased by Tecumseh and serviced by Debtor are held exclusively in Tecumseh's name and are owned, free and clear of any encumbrances, by Tecumseh. *Id*. at ¶ 7.

5.      While the Tecumseh Receivables are not property of Debtor's estate, in an abundance of caution, Tecumseh requests an order requiring the abandonment, release, and transfer of all Receivables owned by Tecumseh, including all documents and checks issued to Debtor in relation to the same.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over the Motion under 28 U.S.C. § 157(a) and 1334.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The Tecumseh Receivables are identified on Exhibits A and B to the Declaration of Chad Meyer.

2

60195200;3

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS< NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**PROCEDURAL HISTORY**

8.    On September 14, 2021 (the "Petition Date"), Debtor filed voluntary petitions in this Court for relief under Chapter 7 of the United States Bankruptcy Code. [ECF No. 1]. Robert E. Atkinson was appointed as Chapter 7 Trustee. [ECF No. 2].

9.    On September 22, 2021, creditor, HASSelect-Medical Receivables Litigation Finance Fund International SP ("HAS") filed a Joint Motion to Abandon Real/Personal Property ("HAS Motion to Abandon"). [ECF No. 12]. In relevant part, the HAS Motion to Abandon seeks an order authorizing Trustee to abandon certain collateral in which HAS holds a first-priority interest. This "consists primarily of medical lien receivables but also includes all of the Debtor's other personal property, including all books and records relating to medical lien receivables and any other personal property [the "HAS Collateral"]." *See* HAS Motion to Abandon ¶ 6. [ECF No. 12]

10.    Also on September 22, 2021, HAS filed a Motion for Relief from Stay ("HAS Motion for Relief from Stay"). [ECF No. 17]. The HAS Motion for Relief from Stay seeks an Order immediately authorizing HAS to take possession of the HAS Collateral, which includes the HAS Receivables. *See* HAS Motion for Relief from Stay ¶ 6. [ECF No. 17]

11.    Both the HAS Motion to Abandon and HAS Motion for Relief from Stay (collectively, the "HAS Motions"), are subject to an Order Shortening Time. [ECF No. 27]. As such, both matters are scheduled for a hearing on October 12, 2021. [ECF No. 27].

12.    The Tecumseh Receivables do not belong to the Debtor and, thus, are not collateral for HAS's loan. In deciding HAS's motions, it is critical to distinguish between the HAS Receivables and the Tecumseh Receivables to ensure that neither HAS nor Tecumseh receives property in which it lacks an interest.

13.    Therefore, in order to prevent HAS from receiving recovery it is not entitled to, particularly as to the Overlap claims, and to allow Tecumseh to enforce its rights with relation to the Tecumseh Receivables, Tecumseh seeks an order: (1) authorizing the abandonment, release, and transfer of all receivables owned by Tecumseh, including, but not limited to, those receivables relating to Overlap claims, and all documents and checks issued to Debtor in relation to all Tecumseh Receivables.

60195200;3

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS< NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEGAL ARGUMENT**

**I.    The Tecumseh Receivables are of inconsequential value and benefit to the estate because Debtor does not hold an interest in them.**

14.    Section 554 allows the trustee, or the court, to abandon, on motion of a party in interest, property burdensome or of inconsequential value and benefit to the estate, after notice and a hearing. 11 U.S.C. § 554(a); Bankruptcy Rule 6007. Generally, property in which a Chapter 7 debtor has interest becomes part of bankruptcy estate. 11 USCS § 541. While the Bankruptcy Code defines what interests of debtor are transferred to the estate, it does not address threshold questions of the existence and the scope of debtor's interest in a given asset, which are resolved by reference to non-bankruptcy law. *See In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (6th 1986).

15.    Thus, here, under general contract principles, Debtor does not hold a property interest in the Tecumseh Receivables. Pursuant to the Sub-Advisor Agreement, Debtor was to search out, identify and negotiate the purchase of Receivables for Tecumseh's account. Sub-Advisor Agreement at Exh. C. Once Tecumseh approved the purchase of a batch of Receivables, it would advance funds to purchase the Receivables. Meyer Decl. at ¶ 4. In most cases, Tecumseh paid the medical provider directly. In other cases, it purchased the Receivable from the Debtor. *Id*. Upon purchasing the Receivable, Tecumseh acquired a lien or equivalent security from the plaintiff against any recovery the plaintiff may obtain. Sub-Advisor Agreement at Exh. C, § 1(c). The Tecumseh Receivables were also documented by an assignment from the medical provider to Tecumseh. *Id.* at Exh. C, § 3. The Debtor maintained a log of the Tecumseh Receivables along with any collections on them. *Id*.; Meyer Decl. at ¶ 8.

16.    The Tecumseh Receivables are identified on Exhibits A and B to the Meyer Declaration. *Id*. at ¶ 9. These two exhibits are based on Tecumseh's records as confirmed by the Debtor's log of the Tecumseh Receivables. *Id.* Exhibit A identifies 8,185 Receivables with a face amount of $26.7 million. Tecumseh owns all of the Receivables identified on Exhibit A. *Id.*

17.    Exhibit B identifies a second set of Receivables owned by Tecumseh. The Receivables referenced in Exhibit B total 485 and have a face amount of $1.3 million. *Id.* at ¶ 10. The Tecumseh Receivables on Exhibit B, although owned outright by Tecumseh, are related to

60195200;3

certain HAS Receivables. In some circumstances, the Debtor negotiated the purchase of numerous Receivables arising from the treatment of a single plaintiff. *Id.* The Debtor purchased some of these Receivables for its own account and Tecumseh would thereafter purchase these directly form the Debtor. These so-called "Overlap Receivables" have been jointly serviced by the Debtor. *Id.*

18.    All Tecumseh Receivables are duly held in its name and are owned, free and clear of any encumbrances, by Tecumseh.

19.    Moreover, even if Debtor held an interest in Tecumseh Receivables, such interest would be inconsequential and of no value and benefit to the estate. The Debtor has ceased all business operations; thus the Trustee cannot provide collection services as to the Receivables. In order to do so, the Trustee would be required to obtain court approval to operate Debtor's business, which would create a substantial administrative burden and expense.

20.    For these reasons, all Tecumseh Receivables, including all documents and checks relating to the same, should be released and transferred to Tecumseh. The Automatic Stay should also be lifted in relation to the same.

**II.    Sufficient cause exists to lift the automatic stay because Debtor does not hold a property interest in Tecumseh Receivables.**

21.    Section 362 of the Bankruptcy Code provides for an Automatic Stay upon the filing of a bankruptcy petition. The stay operates, inter alia, to enjoin certain actions against a debtor. 11 U.S.C. §362. Under to the Code, however, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay for cause…" 11 U.S.C. §362(d)(1).

22.    Sufficient cause exists to lift the Automatic Stay as to allow Tecumseh to seek any and all action required to permit Tecumseh to procure all Tecumseh Receivables, all documents, and checks relating to the same. First, Debtor does not hold a property interest in these Receivables. However, proceeds from the Tecumseh Receivables continue to be received and held idly by Debtor's principals, Anne Pentalas and Oliver Hemmers, who also remain in personal possession of business records relating to the Tecumseh Receivables.

60195200;3

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS< NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

23.     Therefore, the Automatic Stay should be lifted as to allow Tecumseh to conduct any and all action required to precure Tecumseh Receivables, including the Overlaps, and all documents and checks relating to the same.

**1.      The Court should waive the 14-day stay imposed by Bankruptcy Rule 4001(a)(3).**

24.     Bankruptcy Rule 4001(a)(3) stays orders granting relief from the automatic stay for 14 days following the entry of such orders. An additional 14-day delay in the enforcement of Tecumseh's rights would leave the Tecumseh Receivables at risk of serious harm as Debtor is no longer providing any monitoring or collection services. Additionally, Tecumseh's interest in claim funds which relate to the Overlaps maybe left at the mercy of creditor HAS.

**2.      The Local Rule 4001(a)(2) Statement**

25.     In accordance with Local Rule 4001(a)(2), the undersigned counsel for Tecumseh spoke with counsel for Debtor by telephone on September 23, 2021. During this call, counsel for Debtor stated that he would not oppose a motion for relief from the automatic stay filed by Tecumseh.

…

…

…

…

…

…

…

…

…

…

…

…

…

6

60195200;3

**CONCLUSION**

26.    For these reasons, Tecumseh respectfully request that this Court enter an order requiring Trustee to abandon, release, and transfer all Tecumseh Receivables, including all documents and checks relating to the same, to Tecumseh, and lifting the Automatic Stay as to allow Tecumseh to seek any and all action required to obtain all interest in Tecumseh Receivables, including those relating to the Overlaps.

DATED: October 5, 2021.

**AKERMAN LLP**

*/s/ Michael Napoli, Esq*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

MICHAEL D. NAPOLI, ESQ.
*PRO HAC VICE*
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201

*Attorneys for party in interest Tecumseh – Infinity Medical Receivables Fund, L.P.*

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS< NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

7

60195200;3

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS< NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

1.     On October 5. 2021, I served the following document: **MOTION OF PARTY IN INTEREST TECUMSEH – INFINITY MEDICAL RECEIVABLES FUND, LP AS TO (1)ABANDON PROPERTY AND (2)LIFT THE AUTOMATIC STAY** by the following means to the persons as listed below: *(Check all that apply)*

☒     **a.     ECF System**

| | |
|---|---|
| Matthew C. Zirzow, Esq.<br>LARSON & ZIRZOW, LLC<br>850 East Bonneville Avenue<br>Las Vegas, NV 89101<br><br>*Attorneys for Debtor* | Clarisse L. Crisostomo, Esq.<br>ATKINSON LAW ASSOCIATES, LTD.<br>376 East Warm Springs Road, Suite 130<br>Las Vegas, NV 89119<br><br>*Trustee* |

☐     **c.     Personal Service**

I personally delivered the document(s) to the persons at these addresses:

☐     For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

☐     For a party, delivery was made by handing the document(s) to the party or by leaving the document(s)at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐     **d.     By direct mail (as opposed to through the ECF System)**

☐     **e.     By fax transmission**

☐     **f.     By messenger**

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on:  October 5, 2021.

| | |
|---|---|
| Allen G. Stephens | */s/ Allen G. Stephens* |
| (Name of Declarant) | (Signature of Declarant) |

8

60195200;3