ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 634-5000
Facsimile:  (702) 380-8572
Email: ariel.stern@akerman.com

MICHAEL D. NAPOLI, ESQ.
*PRO HAC VICE*
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4360
Facsimile:  (214) 720-8116

*Attorneys for party in interest Tecumseh – Infinity Medical Receivables Fund, L.P.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC; *dba* INFINITY HEALTH CONNECTIONS<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>**OBJECTION TO JOINT MOTION TO APPROVE ABANDONMENT OF COLLATERAL** |
|---|---|

Tecumseh – Infinity Medical Receivable Fund, LP, ("Tecumseh"), by and through undersigned counsel, hereby files this Objection to the Joint Motion of Chapter 7 Trustee and Secured Creditor HASelect-Medical Receivables Litigation Fund Internal SP to Approve Abandonment of Collateral [ECF No. 12] and its Supplement [ECF No. 64] (the "Objection"). In support of its Objection, Tecumseh states as follows:

**PRELIMINARY STATEMENT**

1. The Supplement [ECF No. 64] filed by the Trustee and HAS serves little to no purpose other than to (i) provide notice to all parties in interest that the Joint Motion of Chapter 7 Trustee and Secured Creditor HASelect-Medical Receivables Litigation Fund Internal SP to Approve Abandonment of Collateral [ECF No. 12] does <u>not</u> seek to abandon the Tecumseh

-1-

Receivables (defined herein); and (ii) disprove movants' argument that HASelect-Medical Receivables Litigation Fund Internal SP's collateral should be abandoned because of its alleged inconsequential value to the bankruptcy estate.

2. Tecumseh strongly objects to the characterization of the Tecumseh Receivables as property of the bankruptcy estate subject to the Trustee's abandonment. Tecumseh therefore takes no issue with movants clarifying that the Joint Motion to Abandon does not extend to any of the Tecumseh Receivables.  Tecumseh does object to the extent that movants seek any finding of fact or conclusion of law that the Tecumseh Receivables are property of the bankruptcy estate, and/ or subject to abandonment.

3. Tecumseh is also puzzled as to why movants felt it appropriate to explore—in great detail—why Tecumseh purportedly holds only an avoidable, unperfected security interest in the Tecumseh Receivables, summarily concluding that the Trustee has the power to avoid Tecumseh's interest in the Tecumseh Receivables under 11 U.S.C. § 544(a). Supplement, pp. 3-6.  Especially as movants acknowledge that all disputes pertaining to the Tecumseh Receivables must be addressed separate and apart from the limited relief sought in the Joint Motion to Abandon.  Tecumseh strongly disputes the accuracy of the lien analysis as it applies to the Tecumseh Receivables, and therefore Tecumseh objects to the extent movants seek to resolve any such issues via motion practice rather than through an adversary proceeding.

4. Finally, Tecumseh objects to abandonment of any of HASelect-Medical Receivables Litigation Fund Internal SP's collateral on the basis that the Supplement has demonstrated that (i) HAS is vastly over-secured by it and the Trustee's own calculations; and (ii) movants have not met their burden of establishing that the medical receivables are burdensome or of inconsequential value or benefit to the debtor's estate.

## FACTUAL BACKGROUND

5. Infinity Capital Management Inc. (the "Debtor"), is engaged in the business of purchasing receivables from medical providers. The receivables generally arise from medical

-2-

60396443;1

treatment provided to individuals who were injured in accidents and have asserted personal injury claims.

6. Tecumseh purchased certain medical receivables pursuant to a sub-advisory agreement (the "Sub-Advisor Agreement") entered with the Debtor on June 18, 2020.[1]

7. Pursuant to the terms of the Sub-Advisor Agreement, the Debtor identified and negotiated the purchase of certain receivables for Tecumseh. Thereafter, Tecumseh reviewed the receivables recommended by Debtor and approved them for purchase. Once approved, Tecumseh advanced funds to purchase the receivables taking ownership of the receivables. In most cases, Tecumseh purchased the receivables directly from the medical provider ("Tecumseh Property") but, in other cases, Tecumseh purchased the receivables from the Debtor (together with the Tecumseh Property, the "Tecumseh Receivables"). Meyer Decl. at ¶ 4.

8. Notably, all of the Tecumseh Receivables purchased by Tecumseh and serviced by Debtor are held exclusively in Tecumseh's name and are owned, free and clear of any encumbrances, by Tecumseh. *Id.* at ¶ 7. Tecumseh strongly objects to the characterization of the Tecumseh Receivables as property of the bankruptcy estate subject to the Trustee's abandonment

## PROCEDURAL HISTORY

9. On September 14, 2021, Debtor filed voluntary petitions in this Court for relief under Chapter 7 of the United States Bankruptcy Code. [ECF No. 1]. Robert E. Atkinson was appointed as Chapter 7 Trustee. [ECF No. 2].

10. On September 22, 2021, creditor, HASSelect-Medical Receivables Litigation Finance Fund International SP ("HAS") together with the Chapter 7 Trustee filed a Joint Motion to Abandon Real/Personal Property ("Joint Motion to Abandon"). [ECF No. 12]. In

---

[1] A true and correct copy of the Sub-Advisor Agreement is attached as Exhibit C to the Declaration of Chad Meyer [ECF No. 59] filed in support of Tecumseh's Motion to Abandon Property and Motion to Lift the Automatic Stay [ECF No. 57] . For ease of reference a copy of the Declaration is attached hereto as **Exhibit 1**.

-3-

60396443;1

relevant part, the Joint Motion to Abandon seeks an order authorizing Trustee to abandon certain collateral in which HAS holds a first-priority interest. This "consists primarily of medical lien receivables but also includes all of the Debtor's other personal property, including all books and records relating to medical lien receivables and any other personal property [the "HAS Collateral"]." *See* Joint Motion to Abandon ¶ 6. [ECF No. 12]

11. Also on September 22, 2021, HAS filed a Motion for Relief from Stay ("HAS Motion for Relief from Stay"). [ECF No. 17]. The HAS Motion for Relief from Stay seeks an Order immediately authorizing HAS to take possession of the HAS Collateral. *See* HAS Motion for Relief from Stay ¶ 6.

12. Both the Joint Motion to Abandon and the HAS Motion for Relief from Stay identify the amount due from the Debtor to HAS as $14,126,860 as of May 31, 2021. *See* Joint Motion to Abandon ¶ 6, HAS Motion for Relief from Stay ¶ 9.

## THE SUPPLEMENT

13. On October 6, 2021, the Trustee and HAS filed a Supplement to Motion of Chapter 7 Trustee and Secured Creditor HASelect-Medical Receivables Litigation Fund Internal SP to Approve Abandonment of Collateral ("Supplement"). [ECF No. 64].

14. The Supplement clarifies that "the Motion does not seek authority to abandon the Assigned Accounts." Supplement, ¶ 13.

15. Assigned Accounts are defined in the Supplement as "certain other accounts receivable(s) (purchased) from largely the same medical providers… subsequently sold and assigned … to Tecumseh." Supplement, ¶ 5. The Supplement thus serves as notice to all parties in interest that the Joint Motion to Abandon does not seek to abandon the Tecumseh Receivables.

16. The Supplement then proceeds to explore—in great detail—why Tecumseh purportedly holds only an avoidable, unperfected security interest in the Tecumseh Receivables, summarily concluding that the Trustee has the power to avoid Tecumseh's interest in the Tecumseh Receivables under 11 U.S.C. § 544(a). Supplement, pp. 3-6.

-4-

60396443;1

17. The Supplement values the Assigned Accounts in excess of $22 million.

18. The Supplement concludes with the acknowledgment that the lien analysis was provided for "informational purposes and to clarify both the scope of the Collateral that the Trustee seeks authority to abandon and **the scope of the estate's interest in the Assigned Accounts that will not be abandoned** … the Motion does not seek relief relating to the Assigned Accounts. " Supplement, p. 6 (emphasis added).

## OBJECTIONS

19. **OBJECTION: The Tecumseh Receivables are not property of the bankruptcy estate subject to abandonment, and Tecumseh objects to any contrary characterization**. The Supplement provides that the Trustee and HAS are not seeking any affirmative relief as it pertains to the Assigned Accounts/ Tecumseh Receivables. Tecumseh has identified, in detail, the Tecumseh Receivables. *See* Meyer Decl., Exhibit A and B. Tecumseh thus asserts an objection to the extent that movants seek any finding of fact or conclusion of law that **any** of the Tecumseh Receivables, including, but not limited to the Tecumseh Property, are property of the bankruptcy estate and therefore subject to abandonment under the Bankruptcy Code.

20. Moreover, Tecumseh has not had the opportunity to review the list of receivables that HAS asserts are part of the Undisputed Accounts. To the extent that any of accounts listed in HAS's list of Undisputed Accounts are, in fact, Tecumseh Receivables as set forth on Exhibits A and B to the Meyer Declaration attached hereto, Tecumseh objects to their inclusion in any order allowing the abandonment of property.

21. **OBJECTION: Assuming *arguendo* that the Tecumseh Receivables are property of the bankruptcy estate, an adversary proceeding is required in order to avoid a security interest under 11 U.S.C. § 544(a) or to establish that HAS has a superior lien.** Movants acknowledge that all disputes pertaining to the Tecumseh Receivables must be addressed separate and apart from the limited relief sought in the Joint Motion to Abandon. To that extent, Tecumseh agrees. Substantively, Tecumseh strongly disputes the accuracy of the

-5-

analysis as it applies to the Tecumseh Receivables, and therefore objects to the extent movants seek to resolve any of these issues via motion practice rather than through an adversary proceeding. Rule 7001 of the Federal Rules of Bankruptcy Procedure has a non-exhaustive list of disputes that must be filed as adversary proceedings, including "a proceeding to determine the validity, priority, or extend of lien or other interest in property." Fed. R. Bankr. Pro. 7001(2); *See also In re Commercial Western Finance Corp.,* 761 F.2d 1329 (9th Cir. 1985). Tecumseh will respond to HAS's arguments at an appropriate time and in an appropriate proceeding.

22. **OBJECTION: Alternatively, if the Tecumseh Receivables are property of the bankruptcy estate or subject to HAS's lien, abandonment of the medical receivables is not warranted as: (i) HAS claims to be heavily over-secured by its own calculations; and, thus, (ii) all of the medical receivables have value or benefit to the Debtor's estate.** To grant a motion for abandonment under Section 554(a), the Court must find two things. First, the property to be abandoned must be property of the estate. 11 U.S.C. §§ 541 and 554. Second, the property to be abandoned must be burdensome or of inconsequential value or benefit to the debtor's estate. *See In re Strasberg*, No. 17-12445-mkn, 2018 Bankr. LEXIS 1610, *4-5 (Bankr. D. Nev. Mar. 12, 2018).

23. The Joint Motion to Abandon is based upon movants' premise that the medical receivables are of "inconsequential value to the estate as the Collateral **is fully encumbered** by HAS's security interest." Joint Motion to Abandon ¶ 14. The Joint Motion to Abandon identifies the amount due and owing from the Debtor to HAS as $14,126,860 as of May 31, 2021. *See* Joint Motion to Abandon ¶ 6

24. According to movants' own Supplement, however, this is simply **not** an accurate statement. The Supplement alleges, that the value of the Assigned Accounts alone— medical receivables that HAS and the Trustee argue are property of the bankruptcy estate and

subject to HAS' $14.1 million dollar lien[2]—**are valued in excess of $ 22 million**.

    25.    The Joint Motion to Abandon likewise argues that:

> The medical lien receivables that constitute the Collateral require regular servicing and collection efforts in order to realize payment. Without such servicing, there is a substantial risk that the Collateral will quickly dissipate in value. The Debtor has ceased all business operations. It is not feasible for the Trustee provide collection services as to the Collateral as (i) there are no unencumbered funds in the Debtor's estate to pay for such activities, (ii) any proceeds that might be collected would be fully encumbered by HASelect's security interest and would be of no benefit to the estate, and (iii) the Trustee would be required to obtain court approval to operate the Debtor's business and comply with the reporting requirements of Section 704(a)(8), which would create a substantial administrative burden and expense.

Joint Motion to Abandon ¶ 15.

    26.    If the value of all medical receivables is such that it now makes sense for the Trustee to administer the Assigned Accounts, such logic would likewise extend to the entirety of the medical receivables, **including those HAS and the Trustee seek to abandon to HAS**.

    27.    Tecumseh thus objects to abandonment of **any** of HASelect-Medical Receivables Litigation Fund Internal SP's collateral, as defined by movants, on the basis that the movants have not met their burden of establishing the entirety of medical receivables to be burdensome or of inconsequential value or benefit to the Debtor's estate.

…

…

…

…

…

…

…

---

[2] As discussed above, Tecumseh still asserts that all receivables purchased by Tecumseh and serviced by Debtor are held exclusively in Tecumseh's name and are owned, free and clear of any encumbrances, by Tecumseh. Tecumseh therefore still objects to the characterization of the Tecumseh Receivables as property of the bankruptcy estate subject to the Trustee's abandonment or otherwise subject to HAS's lien, and reserves all rights accordingly.

-7-

60396443;1

Wherefore Tecumseh – Infinity Medical Receivable Fund, LP respectfully requests entry of an Order (i) denying the Joint Motion to Abandon and (ii) granting any such other and further relief as this Court deems just and proper.

DATED:  October 11, 2021.

**AKERMAN LLP**

*/s/ Michael Napoli, Esq*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

MICHAEL D. NAPOLI, ESQ.
*PRO HAC VICE*
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201

*Attorneys for party in interest Tecumseh – Infinity Medical Receivables Fund, L.P.*

-8-

60396443;1

# CERTIFICATE OF SERVICE

1. On October 11, 2021, I served the following document:
   OBJECTION TO JOINT MOTION TO APPROVE ABANDONMENT OF COLLATERAL

2. I served the above document by the following means to the persons as listed below:

☒ a.    ECF System:

ROBERT E. ATKINSON, Chapter 7 Trustee
Robert@ch7.vegas; TrusteeECF@ch7.vegas; ecf.alert+atkinson@titlexi.com

ARIEL E. STERN on behalf of Creditor Tecumseh - Infinity Medical Receivables Fund, LP
ariel.stern@akerman.com, akermanlas@akerman.com

MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
mzirzow@lzlawnv.com; carey@lzlawnv.com; trish@lzlawnv.com; allison@lzlawnv.com; zirzow.matthewc.r99681@notify.bestcase.com

U.S. TRUSTEE – LV – 7, U.S. Trustee
USTPRegion17.LV.ECF@usdoj.gov

☒ b.    And on October 11, 2021, I caused to be served via the United States mail, postage fully prepaid to the persons and parties identified below.

Bradford W. Irelan on behalf of party in interest HEALTHPLUS IMAGING OF TEXAS, LLC; birelan@imtexaslaw.com

2520 Caroline St., 2nd Floor
Houston, Texas 77004

☐ c.    Personal Service:

I personally delivered the document to the persons at these addresses:

☐    For a party represented by an attorney, delivery was made by handing the document at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document in a conspicuous place in the office.

☐    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

-9-

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

☐ d. By direct email (as opposed to through the ECF System):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

                                     */s/ Michael D. Napoli, Esq.*
                                     Michael D. Napoli, Esq.

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS< NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572