_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
October 15, 2021

Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
        kwyant@shea.law

*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

INFINITY CAPITAL MANAGEMENT, INC.

Debtor.

Case No. 21-14486-abl
Chapter 7

Date: October 12, 2021
Time: 3:00 p.m.

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

The *Motion for Relief from Automatic Stay* (the "Motion") [ECF No. 17] filed by HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect") came before the Court for hearing on October 12, 2021.  HASelect appeared through its counsel of record, Bart K. Larsen, Esq. of the law firm of Shea Larsen.  The Chapter 7 Trustee Robert E. Atkinson, Esq. appeared personally and through his counsel of record, Clarisse L. Crisostomo, Esq. of the law firm of Atkinson Law Associates Ltd.  Debtor Infinity Capital Management, Inc. ("Debtor" or "Infinity") appeared through its counsel of record, Matthew C. Zirzow, Esq. of the law firm of Larson & Zirzow.  HealthPlus Imaging of Texas, LLC appeared through its counsel of record, David Mincin, Esq. of the

law firm of Mincin Law, PLLC and Jacob M. Stephens, Esq. of the law firm of Irelan McDaniel, PLLC. Tecumseh – Infinity Medical Receivables Fund, L.P. appeared through its counsel of record, Michael D. Napoli, Esq. of the law firm of Akerman LLP.

At the hearing, the Court heard argument and representations from counsel, deliberated thereon, and then read its ruling into the record. All findings of fact and conclusions of law orally stated by the Court at the hearing are incorporated herein pursuant to Fed. R. Civ. P. 52, as made applicable to these proceedings via Fed. R. Bankr. P. 9014(c) and 7052. For the reasons stated on the record by the Court at the hearing,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED;

2. The automatic stay imposed under section 362(a) of the Bankruptcy Code shall terminate, effective immediately upon the entry of this Order, as to the Collateral (as defined in the Motion) to permit HASelect to immediately take possession and control of the Collateral, wherever it may be located, and to otherwise enforce its security interest and rights in the Collateral consistent with its rights under the MLA and applicable law;

3. The termination of the automatic stay ordered and directed and the relief granted herein shall specifically exclude the non-Collateral Confidential Information (as defined in Party in Interest HealthPlus Imaging of Texas, LLC's ("HealthPlus") *Limited Objection to Chapter 7 Trustee and HASelect – Medical Receivables Litigation Finance Fund International SP's Joint Motion to Approve Abandonment of Collateral* [ECF No. 77] ("Limited Objection")) in Debtor's possession relating to receivables owned by HealthPlus (and as identified in Exhibits A-1 and A2 of HealthPlus' Limited Objection);

4. The termination of the automatic stay ordered and directed and the relief granted herein shall specifically exclude the Tecumseh Receivables as defined in Party in Interest Tecumseh – Infinity Medical Receivable Fund, LP's ("Tecumseh") *Objection to Joint Motion to Approve Abandonment of Collateral* [ECF No. 82] ("Tecumseh Objection") and as identified in Exhibit A and, to the extent marked as assigned to Tecumseh, Exhibit B to the Meyer Declaration [ECF

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

59] as well as any records relating exclusively thereto or any proceeds thereof, and, to the extent that there are records that relate both to the Collateral and to the Tecumseh Receivables, the Trustee will retain a copy of such records pending further order of this Court;

5. HASelect shall not, without further court order, take possession or control of the money in deposit accounts held in the name of the Debtor on the Petition Date (which is now in the possession of the Trustee, and held in estate accounts);

6. Infinity and its officers, directors, and agents shall promptly deliver or make available to HASelect any and all Collateral that remains in their possession or control, including all copies of physical documents and electronically stored information constituting Collateral, as well as any and all such Collateral that may come into their possession or control in the future;

7. Infinity and its officers, directors, and agents shall reasonably cooperate with HASelect in its efforts to locate and take possession or control of the Collateral and shall not impede or otherwise interfere in such efforts in any way;

8. Any person that is or may come into possession of any of the Collateral is hereby authorized and directed to turnover such Collateral to HASelect;

9. Any person obligated as to payment of any account receivable included in the Collateral is hereby authorized and directed to remit payment when due directly to HASelect or its designee at such location as HASelect may designate;

10. HASelect is authorized and entitled to endorse any check made payable to Infinity relating to any account receivable included within the Collateral;

11. The Bankruptcy Court shall retain jurisdiction to interpret and enforce the provisions of this Order; and

12. This Order shall take effect immediately upon entry and shall not be stayed pursuant to Bankruptcy Rules 4001(a)(3) or otherwise.

**IT IS SO ORDERED.**

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1

2    Prepared and Submitted:

3

4    /s/ *Bart K. Larsen, Esq.*
     BART K. LARSEN, ESQ.
     Nevada Bar No. 8538

5    SHEA LARSEN
     1731 Village Center Circle, Suite 150

6    Las Vegas, Nevada 89134

7    *Attorneys for HASelect-Medical Receivables*
     *Litigation Finance Fund International SP*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court has waived the requirement set forth in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

| Name | Approve | Reject | No Response |
|------|---------|--------|-------------|
| Robert E. Atkinson, Esq.<br>Chapter 7 Trustee | ☒ | ☐ | ☐ |
| Clarisse L. Crisostomo, Esq.<br>*Attorney for Chapter 7 Trustee* | ☒ | ☐ | ☐ |
| Matthew C. Zirzow, Esq.<br>*Attorney for Debtor Infinity Capital Management, Inc.* | ☒ | ☐ | ☐ |
| Michael D. Napoli, Esq.<br>*Attorney for Tecumseh – Infinity Medical Receivables Fund, L.P.* | ☒ | ☐ | ☐ |
| David Mincin, Esq.<br>Jacob M. Stephens, Esq.<br>*Attorneys for HealthPlus Imaging of Texas, LLC* | ☒ | ☐ | ☐ |

☐    I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.

# # #

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432