CLARISSE L. CRISOSTOMO, Bar No. 15526
Email:  clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone:  (702) 614-0600
*Attorney for Robert E. Atkinson, Trustee*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| ROBERT E. ATKINSON;<br>                    Plaintiff,<br>    v.<br>KABBAGE, INC.;<br>                    Defendant. | Adv. No.<br><br>**ADVERSARY COMPLAINT** |

ROBERT E. ATKINSON, in his capacity as chapter 7 trustee of the above-captioned bankruptcy estate, by and through counsel, respectfully submits this adversary complaint against the above-captioned defendant, and specifically alleges as follows.

**JURISDICTION and VENUE**

1.   This adversary proceeding arises out of (and is related to) the chapter 7 bankruptcy case In re: INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS, Nevada bankruptcy case no. 21-14486-abl (the "**_Bankruptcy Case_**").

2.   This proceeding is brought pursuant to Fed. R. Bankr. P. 7001.

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4.   This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F), because this Complaint is brought directly in the course of administration of the assets of the estate, and because it is a proceeding to avoid and recover transfers.

5. If this adversary proceeding is determined to be noncore, or if this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b) but may not, as a constitutional matter, be adjudicated as such, the Trustee consents to the entry of final orders or judgments by the bankruptcy judge.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

## PARTIES

7. Plaintiff ROBERT E. ATKINSON ("*Trustee*" or "*Plaintiff*") is the chapter 7 trustee of the bankruptcy estate ("*Bankruptcy Estate*") created by the filing of the Bankruptcy Case, and brings this case in that capacity.

8. Defendant KABBAGE, INC. ("*Defendant*") is a Delaware corporation.

## FACTUAL ALLEGATIONS

9. On Petition 14, 2021 ("*Petition Date*"), debtor INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS ("*Debtor*") filed a voluntary chapter 7 bankruptcy petition, thereby initiating the Bankruptcy Case and creating the Bankruptcy Estate.

10. On September 17, 2021, after the Petition Date, $9,056.09 of Debtor's funds were transferred to Defendant from Debtor's operating account (the "*Post-Petition Transfer*").

11. The Post-Petition Transfer occurred because of an ACH withdrawal initiated by Defendant.

12. The Post-Petition Transfer to Defendant was made to satisfy a debt that existed prior to the Petition Date.

13. The Post-Petition Transfer was not authorized under title 11 of the United States Code, or by the Bankruptcy Court.

14. The Trustee now seeks to avoid and recover the Post-Petition Transfer for the benefit of the Bankruptcy Estate and its creditors.

**FIRST CAUSE OF ACTION:**
*AVOIDANCE AND RECOVERY OF POST-PETITION TRANSFER*
[11 U.S.C. §§ 549(a), 550]

15. Plaintiff repeats and re-alleges all of the above allegations, and thereby incorporates the same as if set forth fully herein.

16. Section 549(a) of the Bankruptcy Code provides that the Trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is authorized only under section 303(f) or 542(c) or that is not authorized under this title or by the court.

17. The Post-Petition Transfer occurred after the commencement of the Bankruptcy Case.

18. The Post-Petition Transfer was not authorized under section 303(f) or 542(c) of the Bankruptcy Code, or any other section of the Bankruptcy Code, or by the Court.

19. No new value was received by Debtor from Defendant in exchange for the Post-Petition Transfer.

20. The Post-Petition Transfer made by Debtor to Defendant was made as satisfaction of a debt that existed prior to the Petition Date.

21. All elements of 11 U.S.C. § 549(a) are satisfied. The Trustee is therefore entitled to avoid the Petition Transfer made to Defendant.

22. Furthermore, 11 U.S.C. § 550(a)(1) provides that, to the extent that transfers are avoided under 11 U.S.C. § 549, the Trustee may recover the transferred property, or the value thereof, from the initial transferee.

23. Accordingly, the Trustee is entitled to a judgment against Defendant to recover the total amount of the Post-Petition Transfer, i.e., $9,056.09.

# # # # #

WHEREFORE, Plaintiff prays for judgment, in favor of Plaintiff and against the Defendant, as follows:

- On the First Cause of Action, for avoidance and recovery of the Post-Petition Transfer, i.e. a monetary judgment in the amount of $9,056.09.

- Costs of suit.

# # # # #

| | |
|---|---|
| DATED: November 2, 2021 | **ATKINSON LAW ASSOCIATES LTD.** |
| | By: _____/s/ Robert Atkinson_____<br>ROBERT E. ATKINSON, ESQ. #9958<br>CLARISSE L. CRISOSTOMO, ESQ. #15526<br>*Attorney for Plaintiff* |