**DAVID MINCIN**
Nevada State Bar No. 5427
**MINCIN LAW, PLLC**
7465 W. Lake Mead Blvd., Suite 100
Las Vegas, Nevada 89128
702-852-1957
dmincin@mincinlaw.com

**BRADFORD W. IRELAN**
*PRO HAC VICE*
Texas State Bar No. 10411550
**JACOB M. STEPHENS**
Texas State Bar No. 24066143
*PRO HAC VICE*
**IRELAN MCDANIEL, PLLC**
2520 Caroline St., 2nd Floor
Houston, Texas 77004
713-222-7666 | 713-222-7669
birelan@imtexaslaw.com
jstephens@imtexaslaw.com

*Attorneys for Party in Interest*
*HealthPlus Imaging of Texas, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: 21-14486-abl |
| INFINITY CAPITAL MANAGEMENT, INC. d/b/a INFINITY HEALTH CONNECTIONS; | Chapter 7 |
| Debtor. | |

### NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A BANKRUPTCY CASE

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4) and Fed. R. Bankr. P. 2004, HealthPlus Imaging of Texas, LLC, by and through its undersigned counsels, intends to

serve the *Subpoena to Produce Documents, Information, or Objects in a Bankruptcy Case* attached hereto as **Exhibit A** on counsel of record for Debtor Infinity Capital Management, Inc. d/b/a Infinity Health Connections, Matthew Zirzow, LARSON & ZIRZOW, LLC, 850 E. Bonneville Ave., Las Vegas, Nevada 89101.

DATED this 3rd day of November, 2021.

                              **MINCIN LAW, PLLC**

                              */s/ David Mincin*_____
                              David Mincin
                              Nevada State Bar No. 5427
                              dmincin@mincinlaw.com
                              7465 W. Lake Mead Blvd., Suite 100
                              Las Vegas, Nevada 89128
                              T:       702-852-1957

                              **IRELAN MCDANIEL, PLLC**

                              */s/ Bradford W. Irelan*_____
                              Bradford W. Irelan
                              Texas State Bar No. 10411550
                              birelan@imtexaslaw.com
                              *PRO HAC VICE*
                              Jacob M. Stephens
                              Texas State Bar No. 24066143
                              jstephens@imtexaslaw.com
                              *PRO HAC VICE*
                              2520 Caroline St., 2nd Floor
                              Houston, Texas 77004
                              T:       713-222-7666
                              F:       713-222-7669

                              *ATTORNEYS FOR PARTY IN INTEREST*
                              *HEALTHPLUS IMAGING OF TEXAS, LLC*

# CERTIFICATE OF SERVICE

On November 3, 2021, I served the following document: **PARTY IN INTEREST HEALTHPLUS IMAGING OF TEXAS, LLC'S LIMITED OBJECTION TO CHAPTER 7 TRUSTEE ROBERT ATKINSON AND CREDITOR HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S JOINT MOTION TO APPROVE ABANDONMENT OF COLLATERAL**,

by the following means to the persons as listed below: *(Check all that apply)*

☒ a. ECF System

| **Matthew C. Zirzow**<br>LARSON & ZIRZOW, LLC<br>850 East Bonneville Ave.<br>Las Vegas, Nevada 89101<br><br>*Attorney for Debtor* | **Robert Atkinson**<br>ATKINSON LAW ASSOCIATES LTD.<br>376 East Warm Springs Rd., Suite 130<br>Las Vegas, Nevada 89119<br><br>*Trustee* |
|---|---|
| **Bart K. Larson**<br>**Kyle M. Wyant**<br>SHEA LARSON<br>1731 Village Center Circle, Suite 150<br>Las Vegas, Nevada 89134<br><br><br><br>*Attorneys for Party in Interest HASelect-Medical Receivables Litigation Finance Fund International SP* | **Ariel E. Stern**<br>AKERMAN, LLP<br>1635 Village Center Circle, Suite 200<br>Las Vegas, Nevada 89134<br><br>**Michael D. Napoli**<br>AKERMAN, LLP<br>2001 Ross Ave., Suite 3600<br>Dallas, Texas 75201<br><br>*Attorneys for Party in Interest Tecumseh – Infinity Medical Receivables Fund, LP* |
| **US Trustee – LV – 7**<br>Ustpregion17.lv.ecf@usdoj.gov | **Christopher Carson**<br>SAGEBRUSH LAWYERS<br>112 S. Water Street, Suite 104<br>Henderson, Nevada 89015<br><br>*Attorney for Party in Interest The Injury Specialists* |

☐ c. Personal Service: I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the

party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    By direct mail (as opposed to through the ECF System)

☐    e.    By fax transmission

☐    f.    By messenger

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: November 3, 2021.

| Jacob M. Stephens | /s/ Jacob M. Stephens |
|---|---|
| (Name of Declarant) | (Signature of Declarant) |

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)    **EXHIBIT A**

# United States Bankruptcy Court
District of Nevada

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  Larson & Zirzow, LLC
c/o/ Matthew C. Zirzow
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
mzirzow@lzlawnv.com

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **A list of documents to be produced is attached hereto as Exhibit A.**

| PLACE:<br>**SHEA LARSEN PC**<br>**1731 Village Center Circle, Suite 150**<br>**Las Vegas, Nevada 89134** | DATE AND TIME:<br>**November 5, 2021**<br>**12:00 p.m.** |
|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  November 1, 2021

| CLERK OF COURT | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | */s/ Jacob M. Stephens*<br>Attorney's signature |

The name, address, email address, and telephone number of the attorney representing HealthPlus Imaging of Texas, LLC, who or requests this subpoena, are: David Mincin, Mincin Law, PLLC, 7465 W. Lake Mead Blvd., Suite 100, Las Vegas, Nevada 89128, dmincin@mincinlaw.com; Bradford. Irelan and Jacob Stephens, Irelan McDaniel, PLLC, 2520 Caroline St. 2nd Floor, Houston, Texas 77004, 713-222-7666, birelan@imtexaslaw.com, jstephens@imtexaslaw.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

%    )RUP    ± 6XESRHQD IRU 5XOH    ([DPLQDWLRQ    3DJH

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any)_____

on (date)_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena for Rule 2004 Examination) Page 2

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

(c) Place of compliance.

  (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) *For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) Command to Produce Materials or Permit Inspection.
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) Quashing or Modifying a Subpoena.
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) Claiming Privilege or Protection.
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

(g) Contempt. The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A-1

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1. "**Bankruptcy Case**" shall mean the following case: *In re Infinity Capital Management Inc. d/b/a Infinity Health Solutions*, United States Bankruptcy Court for the District of Nevada, Case No. 21-14486-abl.

2. "**HealthPlus**" shall refer to Party in Interest HealthPlus Imaging of Texas, LLC, including its employees, directors, officers, agents, servants, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.

3. "**Infinity**" or "**Debtor**" shall refer to Debtor Infinity Capital Management, Inc. d/b/a Infinity Health Solutions, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.

4. "**Purchase Agreement**" shall mean the Purchase and Sale Agreement dated November 14, 2019by and between Infinity, as purchaser, and HealthPlus, as seller, relating to the purchase and sale of certain accounts receivable for the period of January 17, 2013 through and including October 31, 2019 from HealthPlus to Infinity.

5. "**A/Rs**" shall mean the accounts receivable for the period of January 17, 2013 through and including October 31, 2019 that HealthPlus sold to Infinity pursuant to the Purchase Agreement.

6. "**Petition Date**" refers to the date Infinity filed this Bankruptcy Case on September 14, 2021.

7. "**Document**" or "**documents**" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.  This includes any handwritten, typewritten, printed, recorded, transcribed, punched, taped, photocopied, photostatic, telecopier, filmed, microfilmed, or otherwise prepared matter, including without limitation, drafts, however produced or reproduced, and further including, without limitation, any papers, books, accounts, drawings, graphs, charts, photographs, phono-records, plans, blueprints, telexes, telegrams, electronic or videotape recordings, and any other data compilations from which information can be obtained or translated into reasonably usable form – original electronic format.

8. "**Relating to**" and "**relates to**" mean, without limitation, embodying, mentioning, regarding, or concerning, directly or indirectly, the subject matter identified.

9. "**Concerning**" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

10. "**Communication**" or "**communications**" means any oral or written communication, including e-mails and text messages.

11. "**Identify**," when used relating to a person, means to provide the person's full name; the present or last known residential address and residential telephone number; the present or last known office address and office telephone number; the occupation, job title, and employer's address at the time of the incident referenced in the request; and, in the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the request and the officer who is responsible for supervising that officer or employee.

12. "**Identify**," when used relating to an organization or business entity ("organization"), means to provide the name, address, telephone number of the organization, and the names and titles of the persons within the organization with whom you have communicated or consulted relating to matters relevant to this Lawsuit, your claim or your alleged damages claimed in this Lawsuit.

13. "**Identify**," when used relating to a document means to give a brief description of the contents of the document, state the purpose of the document, and provide the name, address and telephone number of the person who drafted the document, and the name, address and telephone number of the person who last had possession of the document.

14. The words "**and**" and "**or**" each shall mean and/or.

15. The words "**any**" and "**all**" each shall mean any and all.

16. The time period covered by these requests includes all relevant time periods subject to this lawsuit.

17. When producing the Documents, please keep all Documents segregated by the file in which the Documents are contained and indicate the name of the file in which the Documents are contained, and the name of the Documents being produced.

18. When producing the required Documents, please produce all other Documents that are clipped, stapled, or otherwise attached to any requested Documents.

19. If any of the Documents encompassed by the attached request for production of Documents is/are deemed by you to be privileged, furnish all non-privileged

        Documents and provide a log outlining all Documents claimed as privileged which includes: (a) the type of privilege claimed for each Document; (b) a brief description of the Document; (c) the author of the Document sufficient to identify it; (d) the recipient (if any); (e) the date of the Document.

20. In addition to Documents currently in your possession, custody or control, you are to produce all Documents within the scope of these requests that are not currently in your possession, custody, or control but can be obtained through reasonable effort.

## DOCUMENT PRODUCTION REQUESTS

      1.    A copy of any documents, including but not limited to canceled checks, wire transfer confirmations, bank statements, or receipts evidencing Infinity's payment of any portion of the purchase price to HealthPlus as set forth in the Purchase Agreement.

      2.    A copy of all documents, including but not limited to checks, cashier's checks, money orders, wire transfer confirmations, and bank statements evidencing any amounts collected by Infinity on the A/Rs.

      3.    A copy of any accounting or bookkeeping records, including but not limited to any ledgers, account statements, spreadsheets or similar documents relating to any amounts collected by Infinity on the A/Rs.