CLARISSE L. CRISOSTOMO, ESQ., Bar No. 15526
Email: clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd, Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
*Attorney for Robert E. Atkinson, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>**TRUSTEE'S OPPOSITION** |

Chapter 7 trustee ROBERT E. ATKINSON ("***Trustee***") hereby opposes the motion to (i) abandon property and (ii) lift the automatic say [DE #57] ("***Motion***") filed by Tecumseh – Infinity Medical Receivable Fund, LP ("***Tecumseh***").

The Motion seeks to abandon the Tecumseh Receivables, as defined in the Motion, and lift the automatic stay to allow Tecumseh to procure all of the receivables owned by Tecumseh. [*See generally* Motion.] Regarding lift stay, the Motion seeks relief under 11 U.S.C. § 362(d)(1).

On October 19, 2021, creditor HASSelect-Medical Receivables Litigation Finance Fund International SP ("***HASelect***") commenced an adversary proceeding against Tecumseh in the District of Nevada (adversary case no. 21-01167) (the "***AP Case***"). [DE #103.]

The complaint in the AP Case alleges that the Tecumseh Receivables are not Tecumseh's property, but rather property of the Bankruptcy Estate that are secured by HASelect's lien, which in turn is superior to Tecumseh's lien. [AP Case complaint at ¶¶ 30, 31.]

Based on the Trustee's investigations, the Bankruptcy Estate may possess significant equity in the Tecumseh Receivables, as follows:

- if they are property of the Bankruptcy Estate, and
- if excess proceeds exist after satisfaction of HASelect's lien, and
- if Tecumseh's lien was not properly perfected pre-petition because it failed to file a UCC-1

then the estate could step ahead of Tecumseh pursuant to the strong-arm powers under 11 U.S.C. § 544, relegating Tecumseh to being merely a general unsecured creditor.

Because the subject as to whether the Tecumseh Receivables is (or is not) property of the Bankruptcy Estate is a contested matter, the Motion is not ripe because that is its core assertion. [Motion at ¶¶ 4-5.] Moreover, if the Tecumseh Receivables are found to be property of the estate, then cause does not exist to lift stay under Section 365(d)(1).

The Trustee therefore requests that the Motion be denied without prejudice, until the matter is ripe (e.g., until the AP Case and any Section 544 cause of action is resolved).

# # # # #

DATED: November 3, 2021                **ATKINSON LAW ASSOCIATES LTD.**

By: /s/ Clarisse Crisostomo
CLARISSE L. CRISOSTOMO, ESQ.
Nevada Bar No. 15526
*Attorney for Robert E. Atkinson, Trustee*