ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 634-5000
Facsimile:  (702) 380-8572
Email: ariel.stern@akerman.com

MICHAEL D. NAPOLI, ESQ.
*PRO HAC VICE*
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4360
Facsimile:  (214) 720-8116

*Attorneys for party in interest Tecumseh –
Infinity Medical Receivables Fund, L.P.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC; *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>**REPLY IN SUPPORT OF MOTION TO (1) ABANDON PROPERTY AND (2) LIFT THE AUTOMATIC STAY** |

Tecumseh – Infinity Medical Receivable Fund, LP, ("Tecumseh"), by and through undersigned counsel, hereby files this reply in support (the "Reply") of its Motion to (1) Abandon Property and (2) Lift the Automatic Stay [ECF No. 57] (the "Motion").  In support of its Reply, Tecumseh states as follows:

1. Tecumseh acknowledges that there is a factual issue in need of adjudication—whether the Tecumseh Receivables[1] are property of the Chapter 7 bankruptcy estate of Infinity Capital Management, Inc. ("Infinity" or the "Debtor").

2. Tecumseh believes that this issue is more properly decided in the pending adversary proceeding filed by HASelect-Medical Receivables Litigation Finance Funds

---

[1] All capitalized terms shall take on the meaning ascribed to them in the Motion unless otherwise defined herein.

-1-

60799750;1

International SP ("HASelect"). Tecumseh is in the process of preparing its response and counterclaim against both HASelect and Robert E. Atkinson, the Chapter 7 Trustee ("Trustee") in the adversary proceeding, the merits of which should conclusively establish that (i) Tecumseh is the legal and equitable owner of the Tecumseh Receivables; (ii) that alternatively, the Debtor possesses at most only bare legal title to the Tecumseh Receivables sufficient to allow it to service the Tecumseh Receivables for the benefit of their equitable owner, Tecumseh; (iii) bare legal title is insufficient to make the Tecumseh Receivables property of the Debtor's estate; and (iv) the strong arm power of 11 U.S.C. § 544 "could not make the corpus of a valid resulting trust property of the bankruptcy debtor." *In re Torrez*, 63 B.R. 751, 755 (B.A.P. 9th Cir. 1986), *aff'd,* 827 F.2d 1299 (9th Cir. 1987).

3.  But while parties are in dispute as to what interest, if any, the Debtor possesses in the Tecumseh Receivables, what is undisputed is that the Tecumseh Receivables are not being serviced, are rapidly depreciating in value, and that the Trustee's continued failure to preserve the value of the Tecumseh Receivables post-petition prejudices all parties. Meyer Decl. at ¶ 3-8.

4.  The Joint Abandonment Motion filed by the Trustee and HASelect [ECF No. 12] and granted by the October 15, 2021 Order of the Court [ECF No. 97] recognizes the need for prompt servicing of medical lien receivables, stipulating that "medical lien receivables that constitute the Collateral require regular servicing and collection efforts in order to realize payment. Without such servicing, there is a substantial risk that the Collateral will quickly dissipate in value. The Debtor has ceased all business operations." Joint Abandonment Motion, ¶ 15.

5.  The Trustee must carefully preserve the estate's assets from deterioration or dissipation. 11 U.S.C. § 704(1); *In re Cochise College Park, Inc.,* 703 F.2d 1339, 1357, n. 26 (9th Cir. 1983) (holding bankruptcy trustee may be held liable for negligent as well as intentional conduct pertaining to duties placed on him by law); *In re Reich*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985) (trustee must make an early decision to either: administer or

-3-

abandon; administration imposes a duty to preserve under both statutory and common law, while abandonment, requires a *disjunctive* analysis hinging on the asset's benefit *or* burden; thus, if the burden and risk of maintaining the asset is greater than the probable return to the estate, abandonment is mandated).

6. The Court of Appeals for the Fourth Circuit found that a trustee could be held liable to a secured creditor if the trustee's failure to expeditiously dispose of the debtor's farm while it remained intact caused a loss to that creditor. *Yadkin Valley Bank & Trust Co. v. McGee*, 819 F.2d 74 (4th Cir. 1987). On the other hand, a trustee need not undertake to manage assets that are fully encumbered and have no value to the estate. *In re Thu Viet Dinh*, 80 B.R. 819 (Bankr. S.D. Miss. 1987) (trustee was not required to use estate funds to preserve fully encumbered asset).

7. HASelect and the Trustee cannot have it both ways. Either the Tecumseh Receivables have value to the estate, and therefore must be carefully preserved and serviced to prevent dissipation, or the Tecumseh Receivables have no value to the estate, and thus abandonment is warranted. Given that two months have lapsed since the filing of the case, and no steps have been taken to prevent the diminution in value of the Tecumseh Receivables to date, it is evident from the Trustee's actions—or inactions —that he has concluded that the Tecumseh Receivables have no value to the estate.

60799750;1

Wherefore Tecumseh – Infinity Medical Receivable Fund, LP respectfully requests entry of an Order (i) granting the Motion to (1) Abandon Property and (2) Lift Automatic Stay; and (ii) granting any such other and further relief as this Court may deems just and proper.

DATED:  November 10, 2021        Respectfully Submitted,

**AKERMAN LLP**

*/s/ Michael Napoli, Esq*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

MICHAEL D. NAPOLI, ESQ.
*PRO HAC VICE*
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201

*Attorneys for party in interest Tecumseh – Infinity Medical Receivables Fund, L.P.*

-4-

60799750;1

**CERTIFICATE OF SERVICE**

1. On November 10, 2021, I served the following document:

    REPLY IN SUPPORT OF MOTION TO (1) ABANDON PROPERTY AND (2) LIFT THE AUTOMATIC STAY  AND

    DECLARATION IN SUPPORT OF REPLY IN SUPPORT TO MOTION TO (1) ABANDON PROPERTY (2) LIFT THE AUTOMATIC STAY

2. I served the above document by the following means to the persons as listed below:

    ☒ a.    ECF System:

    ROBERT E. ATKINSON, Chapter 7 Trustee
    Robert@ch7.vegas; TrusteeECF@ch7.vegas; ecf.alert+atkinson@titlexi.com
    CLARISSE L. CRISTOSTOMO on behalf of Trustee ROBERT E. ATKINSON

    clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com
    BRADFORD IRELAN on behalf of HEALTHPLUS IMAGING OF TEXAS LLC
    birelan@imtexaslaw.com;  jstephens@imtexaslaw.com; dhall@imtexaslaw.com; ynguyen@imtexaslaw.com

    BART K. LARSEN on behalf of Creditor HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP
    BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

    DAVID MINCIN on behalf of HEALTHPLUS IMAGING OF TEXAS LLC
    dmincin@mincinlaw.com; cburke@mincinlaw.com

    TRENT L. RICHARDS on behalf of THE INJURY SPECIALISTS
    trichards@sagebrushlawyers.com

    U.S. TRUSTEE – LV – 7, U.S. Trustee
    USTPRegion17.LV.ECF@usdoj.gov

    MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
    mzirzow@lzlawnv.com; carey@lzlawnv.com; trish@lzlawnv.com; allison@lzlawnv.com; zirzow.matthewc.r99681@notify.bestcase.com

    ☐ b.    I caused to be served via the United States mail, postage fully prepaid to the persons and parties identified below:

    ☐ c.    Personal Service:

    I personally delivered the document to the persons at these addresses:

-5-

60799750;1

☐     For a party represented by an attorney, delivery was made by handing the document at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document in a conspicuous place in the office.

☐     For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d.     By direct email (as opposed to through the ECF System):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e.     By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f.     By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

                                                /s/ Michael D. Napoli, Esq.
                                                Michael D. Napoli, Esq.

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS< NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

60799750;1

-6-