ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 634-5000
Facsimile:  (702) 380-8572
Email: ariel.stern@akerman.com

MICHAEL D. NAPOLI, ESQ.
*PRO HAC VICE*
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4360
Facsimile:  (214) 720-8116
Email: michael.napoli@akerman.com

*Attorneys for party in interest Tecumseh – Infinity Medical Receivables Fund, L.P.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC; *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No.:   21-14486-abl<br>Chapter      7<br><br>**DECLARATION IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO (1) ABANDON PROPERTY AND (2) LIFT THE AUTOMATIC STAY** |

I, Chad Meyer, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    My name is Chad Meyer. I am over the age of twenty one years, of sound mind, and fully competent to testify in this cause. I have personal knowledge of the facts stated herein, all of which are true and correct.

    2.    I am a principal of Tecumseh – Infinity Medical Receivable Fund, LP, ("Tecumseh"), a party interest, in the above-referenced bankruptcy matter. In my role as a principal of Tecumseh, I am responsible for Tecumseh's investments in medical receivables, including receivables serviced by Infinity Capital Management Inc. (the "Debtor"), pursuant to the Sub-Advisor Agreement.[1]

---

[1] All capitalized terms shall take on the meaning ascribed to them in the Motion to (1) Abandon Property and (2) Lift the Automatic Stay [ECF No. 57] unless otherwise defined herein.

1

3. Based on my work investing in receivables, I am aware that receivables lose value if someone is not tracking the underlying litigation, maintaining contact with lawyers and negotiating final payment. The Debtor ceased all business operations as of the petition date, September 14, 2021. The Trustee is not operating the Debtor and is not servicing or collecting upon the Receivables. As such, there has been no oversight, management, or administration of the Tecumseh Receivables. This means that there is no oversight of the personal injury claims underlying the Tecumseh Receivables or communication with the plaintiff's lawyers associated with these Receivables. Without such regular servicing and concerted collection efforts, the Tecumseh Receivables have and will continue to rapidly dissipate in value.

4. I am personally aware that Debtor's principals, Anne Pentalas and Oliver Hemmers, have received a substantial number inquiries from plaintiffs' lawyers seeking to coordinate payment, negotiate payment terms, obtain medical records and releases, and subpoena records. Generally, Debtor's principals have explained that they are unable to provide any assistance due to the limitations and restrictions imposed by the bankruptcy system.

5. On occasion, Debtor's principals have directed inquiries to Tecumseh. Due to the bankruptcy and the Trustee's assertion of control over the Tecumseh Receivables, we have not been able to respond to these inquiries. Nor have we been able to service these receivables by tracking cases, contacting counsel, demanding payment and negotiating settlements.

6. For example, on October 6, 2021, a plaintiff's attorney, needing to negotiate payment of a Tecumseh Receivable, explained to Tecumseh that over the course of a month he made extensive unsuccessful efforts to contact the Debtor. The attorney indicated that in the absence of further guidance he would close the matter and disperse remaining funds to his client. The very next day, another plaintiff's attorney called Tecumseh with an urgent request for medical records for a complex personal injury case in active litigation.

7. As it stands now, since no one is servicing the Tecumseh Receivables, there is no party to whom Tecumseh can direct such requests —not the Debtor who is out of business, and not the Trustee who asserts control over the Receivables as alleged property of the estate. And absent relief from the Court, Tecumseh itself is not allowed to do so.

8. Each day Tecumseh's efforts are halted and the Trustee stands by taking no action to preserve the value of the Tecumseh Receivables, our receivables dissipate in value, causing serious harm to Tecumseh.

*Chad Meyer* (signed)

Chad Meyer