Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
        blarsen@shea.law
        kwyant@shea.law

*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A <u>BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)</u>**

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4) and Fed. R. Bankr. P. 2004, HASelect-Medical Receivables Litigation Finance Fund International SP, by and through its undersigned counsel, intends to serve the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* attached hereto as **Exhibit 1** on SIMON CLARK.

DATED this 1st day of December, 2021.

                                                **SHEA LARSEN**
                                              /s/ *Bart K. Larsen, Esq.*
                                              Bart K. Larsen, Esq.
                                              Nevada Bar No. 8538
                                              Kyle M. Wyant, Esq.
                                              Nevada Bar No. 14652
                                              1731 Village Center Circle, Suite 150
                                              Las Vegas, Nevada 89134
                                              *Attorneys for HASelect-Medical Receivables*
                                              *Litigation Finance Fund International SP*

**CERTIFICATE OF SERVICE**

1. On December 1, 2021, I served the following document(s): **NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒   a.   ECF System:

   ROBERT E. ATKINSON, Chapter 7 Trustee
   Robert@ch7.vegas; TrusteeECF@ch7.vegas; ecf.alert+atkinson@titlexi.com

   CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
   clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

   BART K. LARSEN on behalf of Creditor HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP
   blarsen@shea.law; 3542839420@filings.docketbird.com

   DAVID MINCIN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
   dmincin@mincinlaw.com; cburke@mincinlaw.com

   MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
   mzirzow@lzlawnv.com; carey@lzlawnv.com; trish@lzlawnv.com; allison@lzlawnv.com; zirzow.matthewc.r99681@notify.bestcase.com

   MICHAEL D. NAPOLI and ARIEL E. STERN on behalf of Creditor TECUMSEH – INFINITY MEDICAL RECEIVABLES FUND, LP
   Ariel.stern@akerman.com; Michael.napoli@akerman.com;

   U.S. TRUSTEE – LV – 7, U.S. Trustee
   USTPRegion17.LV.ECF@usdoj.gov

   ☐   b.   United States mail, postage fully prepaid:

   ☐   c.   Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐   For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐   For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐   d.   By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a

court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐     e.     By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐     f.     By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 1, 2021.

By: /s/ *Bart K. Larsen, Esq,*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Nevada

In re: Infinity Capital Management, Inc.
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 21-14486-abl

Chapter 7

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Simon Clark, 1105 Las Alturas Road, Santa Barbara, CA 93103
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit A, attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| Shea Larsen PC<br>1731 Village Center Circle, Suite 150<br>Las Vegas, Nevada 89134 | 12/20/2021 by 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/1/2021

CLERK OF COURT

OR

_____       /s/ Bart K. Larsen, Esq.
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* HASelect-Medical Receivables Litigation Finance Fund International, SP , who issues or requests this subpoena, are:
BART K. LARSEN, ESQ., 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134 (702) 471-7432

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

Case 21-14486-abl    Doc 140    Entered 12/01/21 16:23:10    Page 8 of 17

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
       (i) is a party or a party's officer; or
       (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       (i) fails to allow a reasonable time to comply;
       (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
       (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       (i) disclosing a trade secret or other confidential research, development, or commercial information; or
       (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       (i) expressly make the claim; and
       (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

# EXHIBIT A

## DEFINITIONS

1. "**Bankruptcy Case**" means the voluntary chapter 7 case filed by Infinity Capital Management, Inc. in the United States Bankruptcy Court for the District of Nevada, Case No. 21-14486-abl, on September 14, 2021.

2. "**Communication**" means any oral or written statement, dialogue, colloquy, discussion, or conversation, and includes any transfer of thoughts or ideas or data or information, between persons or locations by means of any Documents or by any other means, including but not limited to electronic or similar means.

3. "**Control**" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

4. "**Document**" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records) as

well as all Electronically Stored Information ("ESI"), which refers to any type of information that is created, used, or stored in digital form and accessible by digital means, including but not limited to, all data, digital documents, email, electronic documents, and metadata of the same (and is further defined below). For the avoidance of doubt, Document includes but is not limited to all Communications.

5. "**FTM**" refers to FTM Investments, LLC, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.

6. "**HASelect**" refers to Creditor HASelect-Medical Receivables Litigation Finance Fund International SP (previously known as HASelect-FTM Medical Receivables Litigation Finance Fund SP), a segregated portfolio of HedgeACT International SPC Ltd., an exempted company incorporated under the laws of the Cayman Islands, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.

7. "**Hemmers**" refers to Oliver Hemmers and, where appropriate, all persons acting or purporting to act on his behalf.

8. "**Infinity**" or "**Debtor**" refers to Debtor Infinity Capital Management, Inc., including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.

9. "**Loan**" refers to the loan extended by HASelect to Infinity pursuant to the MLA and all indebtedness owed by Infinity relating thereto.

10. "**MLA**" refers to the Loan and Security Agreement and Promissory Note dated as of February 26, 2019 between HASelect and Infinity, as subsequently amended through (i) the Amendment 1 Loan and Security Agreement dated July 23, 2019, (ii) the First Amended Loan and Security Agreement and Promissory Note dated as of August 20, 2019, and (iii) the Second Amended & Restated Loan and Security Agreement and Promissory Note dated as of December

18, 2019, together with any other agreements relating thereto.

11. "**Pantelas**" refers to Anne Pantelas and, where appropriate, all persons acting or purporting to act on her behalf.

12. "**Person**" refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, managers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

13. "**Petition Date**" refers to September 14, 2021.

14. The terms "**related to**", "**relate to**", or "**relating to**" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

15. "**Representative**" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

16. "**Tecumseh**" refers to Tecumseh-Infinity Medical Receivables Fund, LP, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.

17. "**You**" refers to Simon Clark and, where appropriate, all persons acting or purporting to act on his behalf.

18. Any capitalized term that is not expressly defined herein shall have the same meaning ascribed to such term as in the Second Amended & Restated Loan and Security Agreement and Promissory Note dated as of December 18, 2019, a copy of which is attached hereto as <u>Exhibit A-1</u>.

**INSTRUCTIONS**

1. The words "and" and "or" as used herein shall be construed either disjunctively or

conjunctively as required by the context to bring within the scope of these Requested Documents any answer that might be deemed outside their scope by another construction.

        2.        When producing the Documents, please keep all Documents segregated by the file in which the Documents are contained and indicate the name of the file in which the Documents are contained, and the name of the Documents being produced.

        3.        When producing the required Documents, please produce all other Documents that are clipped, stapled, or otherwise attached to any requested Document.

        4.        In the event such file(s) or Document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

        5.        Each draft, final Document, original, reproduction, and each signed and unsigned Document and every additional copy of such Document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one Document produced shall be deemed and considered to constitute a separate Document.

        6.        If any of the Documents encompassed by the attached request for production of Documents is/are deemed by you to be privileged, furnish all non-privileged Documents and provide a log outlining all Documents claimed as privileged which includes: (a) the type of privilege claimed for each Document; (b) a brief description of the Document; (c) the author of the Document sufficient to identify it; (d) the recipient (if any); (e) the date of the Document.

        7.        When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any Documents which might otherwise be construed to be outside the scope hereof.

        8.        In addition to Documents currently in your possession, custody or control, you are to produce all Documents within the scope of these requests that are not currently in your possession, custody, or control but can be obtained through reasonable effort.

9. This request calls for the production of all electronic Documents and electronically stored information (ESI) responsive to the requests below, including but not limited to e-mails and any related attachments, electronic files, or other data compilations that relate to the categories of Documents requested below. Your search for these electronically stored Documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, iPhones, smart phones, tablets, iPads, proprietary software, and inactive or unused computer disc storage areas.

10. For the avoidance of doubt, any request for Communications between you and Infinity includes Communications between you and Hemmers and/or Pantelas relating to the same subject matter.

11. Unless otherwise stated, the following requests relate to the time period of January 1, 2018 through the date of your response.

## DOCUMENT PRODUCTION REQUESTS

1. All Communications between you and Infinity regarding the negotiation or execution of the MLA.

2. All Communications between you and Infinity regarding any draw request or other request by Infinity for an advance or release of loan proceeds under the MLA.

3. All Communications between you and Infinity regarding any procedure or requirement for the release of loan proceeds under the MLA.

4. All Communications between you and Infinity regarding the use by Infinity of proceeds of the Loan for the purchase of Receivables or Alternative Receivables.

5. All Communications between you and Infinity regarding the use by Infinity of proceeds of the Loan for purposes other than the purchase of Receivables or Alternative Receivables.

6. All Communications between you and Infinity regarding Infinity's business

5

practices, policies, or procedures.

7. All Communications between you and Infinity regarding Collateral for the Loan.

8. All Communications between you and Infinity regarding personal property owned by Infinity.

9. All Communications between you and Infinity regarding any report relating to the actual or expected results of Infinity's business operations.

10. All Communications between you and Infinity regarding any actual or contemplated solicitation by Infinity, whether direct or indirect, of investment capital from any Person.

11. All Communications between you and Infinity regarding compensation paid and/or any loan made by Infinity to Hemmers.

12. All Communications between you and Infinity regarding compensation paid and/or any loan made by Infinity to Pantelas.

13. All Communications between you and Infinity regarding any loan or other financing requested or obtained by Infinity from any source other than HASelect.

14. All Communications between you and Infinity regarding Coastal Investment PLC or any Person associated therewith.

15. All Communications between you and Infinity regarding GPMicro, Inc or any Person associated therewith.

16. All Communications between you and Infinity regarding Chad Meyer.

17. All Communications between you and Infinity regarding Tecumseh.

18. All Communications between you and Infinity regarding any actual or contemplated sale or assignment of any account receivable owned or purchased by Infinity to Tecumseh or any other Person.

19. All Communications between you and Infinity regarding Three Bell Capital or any Person associated therewith.

20. All Communications between you and Infinity regarding FTM.

6

21. All Communications between you and Infinity regarding 506 Investor Group or any Person associated therewith.

22. All Communications between you and Infinity regarding Griffin Capital Management, LLC or any Person associated therewith.

23. All Communications between you and Infinity regarding Healthplus Imaging, LLC or any Person associated therewith.

24. All Communications between you and Hemmers relating to any of the communication subject matters referenced in the foregoing requests 1 through 23.

25. All Communications between you and Pantelas relating to any of the communication subject matters referenced in the foregoing requests 1 through 23.

26. All Communications between you and Tecumseh relating to Infinity, Hemmers, or Pantelas.

27. All Communications between you and Chad Meyer relating to Infinity, Hemmers, or Pantelas.

28. All Communications between you and Michael Belotz relating to Infinity, Hemmers, or Pantelas.

29. All Communications between you and FTM relating to Infinity, Hemmers, or Pantelas.

30. All Communications between you and Endre Dobozy relating to Infinity, Hemmers, or Pantelas.

31. All Communications between you and Bill Dalzell relating to Infinity, Hemmers, or Pantelas.

32. All Communications between you and Three Bell Capital relating to Infinity, Hemmers, or Pantelas.

33. All Communications between you and Jon Porter relating to Infinity, Hemmers, or Pantelas.

34. All Communications between you and Eric Patterson relating to Infinity, Hemmers,

or Pantelas.

35. All Communications between you and Will Martin relating to Infinity, Hemmers, or Pantelas.

36. All Communications between you and Greg Fomin relating to Infinity, Hemmers, or Pantelas.

37. All Communications between you and 506 Investor Group relating to Infinity, Hemmers, or Pantelas.

38. All Communications between you and any other Person relating to Infinity, Hemmers, or Pantelas.

39. All Communications between you and any Person relating to Tecumseh.

40. All Documents evidencing any actual or contemplated sale or assignment of any account receivable owned or purchased by Infinity to Tecumseh or any other Person.

41. All Documents evidencing any actual or contemplated solicitation by Infinity, whether direct or indirect, of investment capital from any Person.

42. All Documents evidencing any actual or contemplated solicitation by Tecumseh, whether direct or indirect, of investment capital from any Person