CLARISSE L. CRISOSTOMO, ESQ., Bar No. 15526
Email: clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd, Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
*Attorney for Robert E. Atkinson, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>**DECLARATION OF ROBERT E. ATKINSON** |

I, Robert E. Atkinson, hereby declare as follows:

1. I am over the age of 18 and have personal knowledge of the facts stated herein. Such personal knowledge is based upon my own acts, the records obtained in this case, my own investigations, and discussions with my counsel. I am competent to testify to the same.

2. I am the trustee of the above-captioned bankruptcy estate.

3. I make this Declaration in support of my motion entitled MOTION TO (I) APPROVE SALE OF ACCOUNT RECEIVABLES; (II) SET SALE/AUCTION PROCEDURES; AND (III) SET AUCTION HEARING DATE (the "***Motion***"), filed contemporaneously herewith.

4. Pre-petition, debtor Infinity Capital Management Inc. ("***Debtor***") was engaged in the business of purchasing receivables from medical providers.

5. Creditor HASelect is a secured creditor of the Debtor. Their pre-petition perfected security interest covers all assets of the Debtor.

6. Tecumseh – Infinity Medical Receivable Fund, LP ("***Tecumseh***") has asserted in this bankruptcy case that the Tecumseh Receivables are its property, not property of the Bankruptcy Estate.

7. The Tecumseh Receiveables have been generating money. I received the following funds from the Debtor's principal, which have been deposited into segregated estate bank accounts:

- A total of $75,402.85 in checks from certain of the Tecumseh Receivables (colloquially known as the "***TIF Checks***")

- A total of $13,400.00 in checks from certain of the Tecumseh Receivables (colloquially known as the "***TIF+HAS Checks***").

8. I have agreed to sell the following assets (collectively, the "***Assets***") to HASelect, on the terms and conditions contained in the Asset Purchase Agreement attached hereto as **EXHIBIT 1** (the "***APA***"):

- Whatever interest the Bankruptcy Estate has (if any) in the Tecumseh Receivables (inclusive of the $75,402.85 in monies from the TIF Checks, and the $13,400.00 in monies from the TIF+HAS Checks), subject to all rights, title, and interests that Tecumseh has in this property, if any.

- All claims and causes of action that could be brought by the Trustee or the Bankruptcy Estate against any third party relating in any way to the Tecumseh Receivables, pursuant to (i) chapter five of title 11 of the United States Code, or (ii) all applicable or relevant state or federal laws (collectively, the "Claims"). For avoidance of doubt, the Claims include, but are not limited to, all causes of action that could be brought by the Trustee pursuant to Sections 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, and 553 of the United States Bankruptcy Code for any matter relating in any way to the Tecumseh Receivables.

- All books and records related to the foregoing that the Bankruptcy Estate currently has in its possession.

9. The APA is contingent upon Bankruptcy Court approval.

10. The purchase price for the Assets is $100,000.00 ("***Initial Purchase Price***"). That amount is subject to overbid at auction, to be held by the Bankruptcy Court. HASelect is aware that an auction will be held to identify any possible overbids.

11. The sale is subject to an auction to be held by the Bankruptcy Court. HASelect is aware that an auction will be held to identify any possible overbids.

12. I, in my business judgment, believe (i) that the terms of the sale, as set forth in the APA and via the auction, constitute a fair and reasonable deal for the Bankruptcy Estate; and (ii) consummation of a sale of the purchased assets is in the best interest of the Bankruptcy Estate and its creditors.

13. Other than HASelect and Tecumseh, I am unaware of any interest of any other third party in the Assets.

# # # # #

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief.

          /s/ Robert E. Atkinson
ROBERT E. ATKINSON, Trustee