_____
Honorable August B. Landis
United States Bankruptcy Judge



Entered on Docket
December 17, 2021

CLARISSE L. CRISOSTOMO, ESQ., Bar No. 15526
Email: clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd, Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
*Attorney for Robert E. Atkinson, Trustee*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>**ORDER APPROVING MOTION TO APPROVE SETTLEMENT**<br><br>Hearing Date:  December 16, 2021<br>Hearing Time:  11:00 a.m. |

The chapter 7 trustee's motion entitled MOTION TO APPROVE SETTLEMENT [DE #128] (the "***Motion***") came on for a hearing before this Court. The Motion sought to approve a settlement agreement, attached as Exhibit 1 to the Motion, resolving a dispute regarding the ownership of two vehicles: a 2016 Honda Odyssey [VIN: 5FNRL5H94GB090862] (the "***Odyssey***"), and a 2011 Honda Pilot [VIN: 5FNYF4H53BB035046] (the "***Pilot***").

No opposition to the Motion had been filed. Upon consideration of the Motion, the Objection, representations made at the hearing, the Court finds that: (i) each of the four factors of Martin v. Kane (In re A & C Properties), 784 F.2d 1377 (9th Cir. 1986), favor approval of

the proposed settlement; and (ii) the Agreement is fair, equitable, reasonable, and in the best interests of the bankruptcy estate.

Good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Motion is granted.
2. The Agreement, attached hereto as **EXHIBIT 1**, is approved.
3. Upon entry of this order:
    a. Title to the Odyssey shall vest solely in the name of Oliver Hemmers, and Oliver shall be the sole legal owner of this vehicle.
    b. Title to the Pilot shall vest solely in the name of Anne Pantelas, and Anne shall be the sole legal owner of this vehicle.
    c. The parties are bound to all of the rights, obligations, releases, waivers, and all other terms contained in the Agreement.

**IT IS SO ORDERED.**

# # #

Respectfully submitted by:

    /s/ Clarisse Crisostomo
CLARISSE L. CRISOSTOMO
Nevada Bar No. 15526
*Attorney for Robert E. Atkinson, Trustee*

## CERTIFICATION re: RULE 9021

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirements set forth in LR 9021(b)(1).

☒ No other party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

# EXHIBIT 1

# to

# ORDER

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**_Agreement_**") is entered into by and between THE BANKRUPTCY ESTATE OF INFINITY CAPITAL MANAGEMENT, INC., Nevada chapter 7 bankruptcy case 21-14486-abl ("**_Bankruptcy Estate_**"), on the one hand, and individuals OLIVER HEMMERS ("**_Oliver_**") and ANNE PANTELAS ("**_Anne_**"); on the other hand. Each party may hereinafter be referred to as a "**_Party_**," or collectively as the "**_Parties_**."

## RECITALS

WHEREAS, on September 14, 2021 ("**_Petition Date_**"), INFINITY CAPITAL MANAGEMENT, INC. ("**_Debtor_**") filed a voluntary chapter 7 bankruptcy petition in the District of Nevada, initiating bankruptcy case 21-14486-abl (the "**_Bankruptcy Case_**") and thereby creating the Bankruptcy Estate; and

WHEREAS, Robert E. Atkinson ("**_Trustee_**") is the appointed chapter 7 trustee for the Bankruptcy Estate; and

WHEREAS, the Debtor's schedules identify a 50% ownership interest in a 2016 Honda Odyssey (the "**_Odyssey_**"), and a 50% ownership interest in a 2011 Honda Pilot (the "**_Pilot_**") (collectively as the "**_Vehicles_**"), neither of which have a loan on them; and

WHEREAS, the Debtor provided to the Trustee copies of titles to the Vehicles, which show that title to eth Vehicles are "Or"-type titles, i.e., the Odyssey is held in the name of INFINITY CAPITAL MANAGEMENT OR OLIVER HEMMERS, and title to the Pilot is held in the name of INFINITY CAPITAL MANAGEMENT OR ANNE PANTELAS; and

WHEREAS, at the Section 341 meeting held in this case, Oliver and Anne acknowledge that the Debtor paid for Odyssey and the Pilot, but that these vehicle payments were part of fringe benefits to them paid for by the company and that the cars really are their personal cars; and

WHEREAS, Oliver and Anne represent that the Pilot is not in good shape and is worth only approximately $1,000, but that the Odyssey is worth the Kelley Blue Book value ($19,570); and

WHEREAS, the Parties hereto have reviewed their respective claims and defenses, and have arrived at a settlement between them, and agree to be bound by the terms and obligations of this Agreement, and do so freely and voluntarily, after having had the opportunity to seek the advice of counsel;

NOW, THEREFORE, in consideration of the promises, covenants, warranties, and representations set forth herein, the Parties agree as follows:

## TERMS OF THE AGREEMENT

1. **Contingent on Bankruptcy Court Approval**. The Parties acknowledge that this Agreement, and all obligations contained herein, are contingent upon Bankruptcy Court

Settlement Agreement | Page 1

approval. The Trustee shall prepare and file a motion to obtain such approval (the "**_Motion to Approve_**"). Debtor agrees not to directly or indirectly oppose the Motion to Approve, or appeal or seek to stay any order substantially approving this Agreement. If the Bankruptcy Court does not substantially approve this Agreement, then this Agreement, and all of the obligations contained herein, shall be null and void.

   2.  **Effective Date**. The effective date of this Agreement (the "**_Effective Date_**") shall be the date when the Bankruptcy Court enters a final order which has not been appealed or stayed approving this Agreement. All obligations contained herein shall become effective only on the Effective Date. All Parties hereto agree not to appeal, or file a motion to stay, any order substantially approving this Agreement.

   3.  **Consideration**. The Parties agree as follows:

    (a)  *Payment; Payment Terms*. Oliver shall pay the Bankruptcy Estate $9,785.00 for the Odyssey and Anne shall pay $500.00 for the Pilot, totaling to $10,285.00 (the "**_Settlement Funds_**"). These funds shall be paid to the Trustee at the time Oliver and Anne execute this Agreement. Payment shall be by check, made payable to "Robert E. Atkinson, Trustee" and delivered to his office at 376 E Warm Springs Rd Suite 130, Las Vegas, Nevada 89119. The Trustee shall hold the Settlement Funds in trust pending the hearing on the Motion to Approve, and the Effective Date.

    (b)  *Vesting of Title to Vehicles*. On the Effective Date, title to the Vehicles shall vest solely in the names of the individuals (i.e., Oliver for the Odyssey, and Anne for the Pilot). At any point in the future when the Vehicles are sold or transferred, Oliver and Anne shall have the authority to sign the Debtor's name on the title as Seller in order to effectuate that transaction.

   4.  **Attorneys' Fees**. With respect to all matters in the Bankruptcy Case, each Party shall bear its own attorneys' fees and costs.

   5.  **Governing Law; Jurisdiction**. This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada. The U.S. Bankruptcy Court, District of Nevada shall retain jurisdiction over performance of, enforcement of, or any disputes arising from or related to, this Agreement.

   6.  **Authority**. Each Party represents, warrants and covenants that the undersigned signatories for such Party have the full legal right, power and authority to bind that Party to this Agreement. Each of the Parties represent that they have received independent legal advice, or have had the opportunity to receive independent legal advice, with respect to the terms of and advisability of executing this Agreement.

   7.  **Severability**. This Agreement shall be enforced to the maximum extent permitted by law. In the event that any one or more of the phrases, sentences, sections, or paragraphs contained in this Agreement shall be declared invalid or unenforceable by order, decree or judgment of any court having competent jurisdiction, or shall be or become invalid or

unenforceable by virtue of any applicable law, the remainder of this Agreement shall be construed as if such phrases, sentences, sections, paragraphs or sections had not been inserted except when such construction shall constitute a substantial deviation from the general intent and purposes of the Parties as reflected in this Agreement.

8. **Entire Agreement**. This Agreement embodies the entire agreement and understanding by and between the Bankruptcy Estate, on the one hand, and Debtor, Frank, and Andrea, on the other hand. This Agreement supersedes any and all prior or concurrent agreements, negotiations, understandings, statements, assurances, assumptions, premises, promises, agreements, discussions or representations, oral or written, relating to the foregoing matters, including oral agreements or representations, if any. This Agreement is a fully-integrated document, and no Party has made any representations upon which the other Party has relied that are not contained in this Agreement relating to the foregoing matters. No Party is relying on an unstated assumption, premise or condition not contained in this Agreement relating to the foregoing matters.

9. **No Modification, Waiver, or Amendment**. No modification, waiver, or amendment of any of the terms of this Agreement shall be valid unless in writing and executed by all Parties and approved by the Bankruptcy Court. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar or dissimilar nature. No course of dealing or course of conduct shall be effective to amend, modify or change any provision of this Agreement.

10. **Counterparts**. The Parties agree that this Agreement may be executed in counterparts, and may furthermore be executed by a Party on a scan of a counterpart executed by another Party. The Parties agree to cause their counsel to retain the originals of signed counterparts until 15 days after the Effective Date, after which they may be disposed of without notice.

11. **No Assignment.** No Party may transfer or assign any of their rights, remedies or obligations under this Agreement.

12. **Successors**. This Agreement shall be binding upon and inure to the benefit of the Parties and to their successors-in-interest.

13. **Further Assurances**. The Parties shall take, or cause to be taken, all actions and shall do, or cause to be done, all things necessary, proper or advisable to consummate each of the agreements, promises, covenants, and obligations of such Party under this Agreement.

*[Continued on Next Page]*

14. **No Third Party Beneficiaries**. Except as expressly stated in this Agreement, this Agreement shall not confer any rights or remedies on any person or entity other than the Parties and their respective successors and assigns.

# # # # #

**AGREED:**

**THE BANKRUPTCY ESTATE OF INFINITY CAPITAL MANAGEMENT, INC. dba INFINITY HEALTH CONNECTIONS, Nevada bankruptcy case no. 21-14486-abl:**

_____
Robert E. Atkinson, *in his capacity as chapter 7 trustee*

**OLIVER HEMMERS:**

By: _____
Oliver Hemmers

**ANNE PANTELAS:**

By: _____
Anne Pantelas