James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:   jshea@shea.law
            blarsen@shea.law
            kwyant@shea.law

*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |

**EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF KEVIN GRIMES**

HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), by and through its undersigned counsel, respectfully moves this Court, pursuant Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada,[1] for the entry of an order directing Kevin Grimes ("Mr. Grimes"), to appear for an examination **on no less than fourteen (14) days' notice** regarding, among other things, (i) HASelect's Collateral (defined below), (ii) the location of copies of Debtor's records, including, but not limited to, electronically stored records, and (iii) communications between Mr. Grimes and any principal or agent for or acting on behalf of

---

[1] Unless otherwise stated, all "Chapter" and "Section" references are to Title 11 of the U.S. Code (the "Bankruptcy Code"), all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and all references to "Local Rules" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada (the "Local Rules").

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Debtor Infinity Capital Management, Inc. ("Debtor") regarding Debtor's records and the above-referenced bankruptcy proceeding. In support of this motion (the "Motion"), HASelect respectfully states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are Section 105, Bankruptcy Rule 2004, and Local Rule 2004.

### CASE STATUS AND BACKGROUND

3. On September 14, 2021 (the "Petition Date"), the above-captioned debtor, Infinity, filed chapter 7 Voluntary Petition (the "Petition") under Chapter 7 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned Chapter 7 case.

4. On July 22, 2021, HASelect filed a civil complaint in the United States District Court, Northern District of Illinois, commencing Case No. 1:21-cv-03906 (the "Illinois Case"), asserting, among other things, Infinity's breach of a Second Amended & Restated Loan and Security Agreement and Promissory Note (the "MLA") evidencing a total loan from HASelect to Infinity in the amount of $10,351,972.00 (the "Loan"), with fees and interest bringing the total amount due from Infinity to HASelect up to $14,126,860.00 as of July 2021.

5. Pursuant to the MLA, Infinity granted HASelect a first-priority security interest in all of Infinity's assets (the "Collateral"), which includes but is not limited to, receivables purchased by Infinity from medical providers that are the subject of or arose in relation to personal injury claims, which Infinity used the Loan to purchase. The Collateral also includes all documents and books and records of Debtor.

6. On information and belief, Mr. Grimes is (at all relevant times hereto) the IT Support Specialist for Debtor and in charge of maintaining Debtor's documents, books, and records.

## ARGUMENT

7.  An examination pursuant to Bankruptcy Rule 2004 "can be ordered 'on motion of any party in interest.'" *In re Stasz*, 387 B.R. 271, 273, n.3 (9th Cir. 2008); *see also In re Lifeco Inv. Group, Inc.*, 173 B.R. 478, 480 (Bankr. D. Del. 1994) (*quoting* Fed. R. Bankr. P. 2004(a)). Bankruptcy Rule 2004 further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan." Fed. R. Bankr. P. 2004(b); *In re Dinubilo*, 177 B.R. 932, 935 (E.D. Cal. 1993) (noting "[u]nder Rule 2004, a court may order the examination of any person or motion of any party in interest."). Generally, the purpose of a Bankruptcy Rule 2004 examination is to "discover assets, examine transactions, and determine whether wrongdoing has occurred." *In re North Plaza, LLC*, 395 B.R. 113, 122 n.9 (S.D. Cal. 2008) (*citing In re Rafsky*, 300 B.R. 152, 153, n.2 (D. Conn. 2003)); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

8.  The scope of a Bankruptcy Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. *See* 9 *Collier on Bankruptcy* ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997); *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993) (*quoting In re GHR Energy Corp., Inc.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The broad latitude of Bankruptcy Rule 2004 examinations furthers the purpose of the rule, which is "to allow the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate." *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (permitted Bankruptcy Rule 2004 examination aimed at "obtaining information that will . . . potentially uncover additional claims that may exist for the benefit of the estate"); *In re W&S Invs.*, 1993 U.S. App. LEXIS 2231, at *5 (9th Cir. 1993) ("Bankruptcy Rule 2004 is a broadly construed discovery device."); *In re French*, 145 B.R. at 992 ("Bankruptcy Rule

2004 . . . does not offer the procedural safeguards available under Rule 26 of the Federal Rules of Civil Procedure.").

9. The information that HASelect seeks through this Motion relate to matters that are clearly within the permitted scope of Rule 2004, including, but not limited to, information related to HASelect's Collateral, Mr. Grimes' communications with anyone at Debtor regarding the Collateral (including, but not limited to, Debtor's documents, books, and records and electronic storage relating to the same), and Mr. Grimes' actions with respect to maintaining Debtor's documents, books, and records.

10. Local Rule 2004(b) further provides, in part, "[t]he clerk may sign orders for examination if the date set for examination is more than fourteen (14) days from the date the motion is filed." This Motion is being filed more than fourteen (14) prior to the date set for the examination. Accordingly, the clerk is authorized to sign an order granting this Motion.

## CONCLUSION

For the reasons stated above, HASelect respectfully requests that the Court enter an order directing Mr. Grimes to appear for an examination pursuant to Bankruptcy Rule 2004 on no less than fourteen (14) days' notice. A proposed order is attached hereto as **Exhibit 1**.

Dated this 7th day of January 2022.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

# CERTIFICATE OF SERVICE

1. On January 7, 2022, I served the following document(s): **EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF KEVIN GRIMES**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

ROBERT E. ATKINSON
Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

BRADFORD IRELAN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
birelan@imtexaslaw.com, jstephens@imtexaslaw.com;dhall@imtexaslaw.com;ynguyen@imtexaslaw.com

DAVID MINCIN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
dmincin@mincinlaw.com, cburke@mincinlaw.com

MICHAEL D. NAPOLI on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com, cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;masterdocketlit@akerman.com

TRENT L. RICHARDS on behalf of Creditor THE INJURY SPECIALISTS
trichards@sagebrushlawyers.com

ARIEL E. STERN on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
mzirzow@lzlawnv.com, carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

   ☐ b. United States mail, postage fully prepaid:

☐    c.    Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 7, 2022.

By: /s/ *Bart K. Larsen, Esq,*

# EXHIBIT 1

James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:   jshea@shea.law
           blarsen@shea.law
           kwyant@shea.law

*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>    INFINITY CAPITAL MANAGEMENT,<br>INC.<br><br>           Debtor. | Case No. 21-14486-abl<br>Chapter 7 |

**ORDER GRANTING EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF <u>KEVIN GRIMES</u>**

This Court having reviewed the *Ex Parte Motion for Order Directing Examination Pursuant to Fed. R. Bankr. P. 2004 of Kevin Grimes* (the "<u>Motion</u>") filed by HASelect-Medical Receivables Litigation Finance Fund International SP ("<u>HASelect</u>") and for good cause appearing:

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that Kevin Grimes, shall appear for an examination under oath

1  before a certified court reporter at a time, place, and date to be mutually agreed upon by the parties,
2  or if no such agreement is reached, upon no less than fourteen (14) calendar days' written notice by
3  HASelect, as to any matter permitted by Fed. R. Bankr. P. 2004, including but not limited to the
4  matters specifically enumerated in the Motion.

IT IS SO ORDERED.

Submitted by:

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*