_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
January 21, 2022

CLARISSE L. CRISOSTOMO, ESQ., Bar No. 15526
Email: clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd, Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
*Attorney for Robert E. Atkinson, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>**ORDER GRANTING IN PART, AND DENYING IN PART, THE TRUSTEE'S MOTION TO: (I) APPROVE SALE OF CERTAIN ASSETS; (II) SET SALE/AUCTION PROCEDURES; AND (III) SET AUCTION HEARING DATE**<br><br>Hearing Date: January 18, 2022<br>Hearing Time: 1:30 p.m.<br><br>**AUCTION INFORMATION (Telephonic Only):**<br><br>Auction Sale Date: February 8, 2022<br>Auction Time: 1:30 p.m.<br>Call-In Number: (888) 684-8852<br>Access Code: 8242009# |

-1-

  The MOTION TO: (I) APPROVE SALE OF CERTAIN ASSETS; (II) SET SALE/AUCTION PROCEDURES; AND (III) SET AUCTION HEARING DATE [DE #145 ] ("***Motion***") filed by the chapter 7 trustee ("***Trustee***") was heard on December 22, 2021 at 3:00 p.m. Counsels' appearances at that hearing are stated on the record of the proceeding. At the conclusion of the hearing, the Court took that matter under advisement, and on January 18, 2022, the Court convened a hearing and stated his oral ruling on the Motion. Appearances at the January 18, 2022 hearing are stated on the record of the proceeding.

  The Motion sought the following relief: (i) approving the sale of various Assets[1] to creditor HASelect-Medical Receivables Litigation Finance Fund International SP ("***HASelect***"), subject to overbids at an auction and final sale hearing ("***Auction***") conducted by the Court and according to the proposed bidding/auction procedures set forth in paragraph 14 of the Motion ("***Procedures***"); and (ii) setting the date and time for the Auction. The proposed terms of the sale are set forth in an asset purchase agreement ("***APA***") attached as **Exhibit 1** to the Motion. The sale price in the APA is $100,000.00, subject to overbids at the Auction in accordance with the Procedures.

  The Court's findings of fact and conclusions of law orally stated by the Court at the January 18, 2022 hearing are incorporated herein pursuant to Fed. R. Civ. P. 52, as made applicable to these proceedings via Fed. R. Bankr. P. 9014(c) and 7052. For the reasons stated by the Court on the record at the hearing,

  **IT IS ORDERED** that the relief requested in the Motion, as modified by the Trustee on the record December 22, 2021, that the cash proceeds from the disputed receivables would be held in an escrow and the disputed receivables serviced by a third party, is hereby GRANTED in part and DENIED in part, as set forth below.

  **IT IS FURTHER ORDERED** that:

1. The Procedures are approved and are incorporated herein by reference.

---

[1] Capitalized terms not defined in this Order shall have the same meaning and definition ascribed to them in the Motion.

2. The APA is approved, contingent upon possible overbids at Auction in accordance with the Procedures.

3. The sale of the Assets shall be free and clear of all liens, claims, and encumbrances of any third party other than HASelect and Tecumseh–Infinity Medical Receivable Fund, LP ("***Tecumseh***").  The Assets will be sold subject to whatever rights, title, interests, and encumbrances HASelect and Tecumseh may have in the Tecumseh Receivables.  Both HASelect's and Tecumseh's interests in the Assets that existed as of the Petition Date shall remain unaffected by the sale.

4. The Auction shall be held before this Court at the time and date found in the caption to this Order.  The Auction shall be held telephonically.  The call-in number and passcode are found in the caption to this order.

5. The Winning Bidder shall take the Assets in an "as-is" condition, and the Winning Bidder shall be subject to and bound by the terms found in paragraph 13 of the Motion.  Such terms are incorporated herein by reference.

**IT IS FURTHER ORDERED** that the Motion's requested relief that the Winning Bidder be afforded the protections found in 11 U.S.C. § 363(m) is hereby DENIED WITHOUT PREJUDICE at this time.  The Court shall revisit this requested relief at the Auction, and enter its final ruling at that time.

**IT IS FURTHER ORDERED** that the Motion's requested relief seeking a waiver of the 14-day stay otherwise imposed by Bankruptcy Rule 6004(h) is hereby DENIED.

**IT IS SO ORDERED.**

# # # # #

Respectfully submitted by:

   /s/ Clarisse Crisostomo
CLARISSE L. CRISOSTOMO, ESQ.
Nevada Bar No. 15526
*Attorney for Robert E. Atkinson, Trustee*

-3-

**CERTIFICATION re: RULE 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirements set forth in LR 9021(b)(1).

☐ No other party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

William Noall, Esq. (*counsel for Tecumseh*) – APPROVED
Bart Larsen, Esq. (*counsel for HASelect*) – APPROVED
Matthew Zirzow, Esq. (*counsel for Debtor*) – APPROVED

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # # # #