GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No.: 21-14486-abl<br>Chapter 7<br><br>**OST REQUESTED**<br>**OST REQUESTED** |

### MOTION TO ALLOW AMENDMENT OF DECLARATION [ECF NO. 59]

Party in interest Tecumseh–Infinity Medical Receivable Fund, LP ("**Tecumseh**"), by and through its counsel, the law firms of Garman Turner Gordon LLP and Akerman LLP, respectfully submits this motion (the "**Motion**") to amend and correct the *Declaration in Support of Motion of Party in Interest Tecumseh-Infinity Medical Receivables Fund, LP to (1) Abandon Property and (2) Lift the Automatic Stay* of Chad Meyer [ECF No. 59] (the "**Declaration**").

This Motion is made and based upon the following Memorandum of Points and Authorities, the Declarations of Michael Napoli (the "**Napoli Declaration**") and Chad Meyer (the "**Meyer Declaration**") filed contemporaneously herewith, the papers and pleadings on file herein, judicial notice of which is hereby respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing on the Motion.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61982520;1

## MEMORANDUM OF POINTS AND AUTHORITIES

In preparing the servicing agreement between Tecumseh, HASelect, and the interim servicer, Tecumseh learned that the copies of Exhibits A and B attached to the Declaration were incomplete. Only 17 or so pages of the 90 pages comprising Exhibit A were attached and the last page of Exhibit B was truncated. Tecumseh moves the Court to allow it to substitute complete copies of Exhibits A and B for the incomplete ones currently in the record. By this motion, Tecumseh does not seek to add any receivables to either Exhibit, but merely to ensure that correct copies of both Exhibits are in the record.

### I. RELEVANT FACTS

1. In the Declaration, Chad Meyer, a principal of Tecumseh, testified that "Tecumseh owns a total of 8,670 receivables with a total face amount of approximately $28 million which are identified in Exhibits A and B to my declaration." Declaration at ¶ 9. He went on to identify Exhibit A as "a list of certain of the Tecumseh Receivables consisting of 8,185 receivables with a total face value of $26,723,966.92." *Id*. He identified Exhibit B to his declaration as "a list of additional Tecumseh Receivables consisting of 485 receivables with a total face amount of $1,321,907.04." *Id*. at ¶ 10.

2. As Mr. Meyer averred, Exhibit A to the Declaration is a list of the receivables claimed by Tecumseh. The top of page 1 indicates that Exhibit A includes 8,185 claimed receivables and a total face value of $26,723,966.92. Declaration at Exhibit A, p. 1. Each page of Exhibit A is marked at the bottom as page "x of 90." *Id*. Unfortunately, because of a technical error, only 17 full pages and one partial page were attached in the copy filed with the Court. *Id.* at pp. 17-18. The attached pages did not include all of the 8,185 claimed receivables or the total face value of $26,723,966.92 as referenced in the Declaration and on the first page of Exhibit A.

3. As Mr. Meyer further averred, Exhibit B to the Declaration is a list of additional receivables claimed by Tecumseh. The top of page 1 indicates that Exhibit B includes 485 claimed receivables and a total face value of $1,321,907.04. Declaration at Exhibit B, p. 1. Each page of Exhibit B is marked at the bottom as page "x of 7." *Id*. Unfortunately, due to a technical

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

2

61982520;1

error, the last page of Exhibit B does not appear to have printed correctly, cutting off partially through the list of receivables. *Id.* at p. 7.

4. Exhibit A is a printout of a spreadsheet provided by the Debtor – TIFDumpWithIncomeFinal.xlsx. Exhibit B is a printout of a second spreadsheet provided by the Debtor – ESDVerifiedHASOverlapDumpWithIncome.xlsx. *See* Declaration of Mike Belotz [ECF No. 156] at ¶ 7 (testifying that "these two spreadsheets have previously been filed with the Court as Exhibits A and B respectively to the declaration of Chad Meyer (ECF # 59)"). For an unknown reason, when the spreadsheets were printed to PDF to be filed with the Declaration, the spreadsheets did not print in their entirety. This was a mistake on the part of Tecumseh's counsel and was unintentional. All parties have access to the spreadsheets and they have been used in Rule 2004 examinations in this case. *See* Napoli Declaration, ¶ 4.

5. The error in Exhibits A and B went unnoticed until February 1, 2022, , when Tecumseh's counsel discovered the error when preparing a schedule identifying the receivables to be serviced by the interim servicer to be identified in the Servicing Agreement between HASelect and Tecumseh. When preparing the schedule from TIFDumpWithIncomeFinal.xlsx and ESDVerifiedHASOverlapDumpWithIncome.xlsx, counsel referred back to the Declaration to confirm that the new schedule included all of the receivables claimed by Tecumseh. At that point, he discovered that pages were missing from Exhibits A and B to the Declaration. *See* Napoli Declaration, ¶ 5.

## II.  BASIS FOR RELIEF

Amending the Declaration is necessary because the parties and the Court have used Exhibits A and B to the Declaration to identify the receivables claimed by Tecumseh (the so-called "Tecumseh Receivables") as opposed to those that the Debtor indisputably owned and are subject to HASelect's lien. *See Order Granting Joint Motion of Chapter 7 Trustee and Secured Creditor HASelect-Medical Receivables Litigation Finance Fund International SP to Approve Abandonment of Collateral* [ECF No. 97]; *Order Granting Motion for Relief From Automatic Stay* [ECF No. 106]; *Motion to (I) Approve Sale of Certain Assets; (II) Set Sale/Action Procedures; and (III) Set Auction Hearing Date* [ECF No. 145]; *see also* Napoli Declaration, ¶ 6.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61982520;1

3

While the parties have hotly disputed their respective interests in the "Tecumseh Receivables," they do not dispute the identity of the receivables that are the subject of the dispute. *See* Napoli Declaration, ¶ 6. However, the Court's orders referencing the Declaration underlie the parties' agreement to deposit the disputed receivables with a third party for servicing and escrow during the pendency of litigation and the identification of the receivables at issue is integral to the Servicing Agreement and related Escrow Agreement between Tecumseh, HASelect, and third party TPL Claims Management, LLC.

To that end, attached are complete versions of Exhibits A and B, which include all of the rows in TIFDumpWithIncomeFinal.xlsx and ESDVerifiedHASOverlapDumpWithIncome.xlsx. Exhibit A contains all of the 8,185 receivables (with a face value $26,723,966.92) discussed in the Declaration and referenced on page 1. Revised Exhibit B contains all of the 485 additional receivables (with a face value of $1,321,907.04) discussed in the Declaration and referenced on page 1.

ACCORDINGLY, Tecumseh respectfully requests that the Court enter an order in form attached hereto allowing for the amendment of the Declaration to substitute the complete Exhibits A and B for the incomplete copies attached to the Declaration.

Dated February 4, 2022.

> GARMAN TURNER GORDON LLP
>
> By: */s/ Gabrielle A. Hamm*
> GERALD M. GORDON, ESQ.
> WILLIAM M. NOALL, ESQ.
> GABRIELLE A. HAMM, ESQ.
> 7251 Amigo St., Suite 210
> Las Vegas, Nevada 89119
>
> and
>
> MICHAEL D. NAPOLI, ESQ.
> *Pro hac vice*
> AKERMAN LLP
> 2001 Ross Avenue, Suite 3600
> Dallas, Texas 75201
> Tel: (214) 720-4360 / Fax: (214) 720-8116

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61982520;1

4

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

4873-9618-0236, v. 1

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61982520;1

5