GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No.: 21-14486-abl<br>Chapter 7<br><br>**DECLARATION OF MICHAEL D. NAPOLI IN SUPPORT OF TECUMSEH'S MOTION TO ALLOW AMENDMENT OF DECLARATION [ECF NO. 59]**<br><br>Date:  OST REQUESTED<br>Time:  OST REQUESTED |

I, Michael D. Napoli, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  My name is Michael D. Napoli. I am over the age of twenty one years, of sound mind, and fully competent to testify in this cause. I have personal knowledge of the facts stated herein, all of which are true and correct.

2.  I am a partner in the law firm of Akerman, LLP, counsel for party in interest Tecumseh–Infinity Medical Receivable Fund, LP, ("**Tecumseh**") in the above-referenced case. I submit this declaration in support of Tecumseh's *Motion to Allow Amendment of Declaration [ECF No. 59]* (the "**Motion**"). In that capacity, I have personal knowledge of the matters set forth herein. If called upon to testify as to the matters herein, I could and would do so.

3.  In preparing the servicing agreement between Tecumseh, HASelect and the interim servicer, I learned that I had attached incomplete copies of Exhibits A and B to the *Declaration in*

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

62041545;1

*Support of Motion of Party in Interest Tecumseh-Infinity Medical Receivables Fund, LP to (1) Abandon Property and (2) Lift the Automatic Stay* of Chad Meyer [ECF No. 59] (the "**Declaration**"). Only 17 or so pages of the 90 pages comprising Exhibit A were attached and the last page of Exhibit B was truncated.

4. Exhibit A is a printout of a spreadsheet provided by the Debtor: TIFDumpWithIncomeFinal.xlsx. Exhibit B is a printout of a second spreadsheet provided by the Debtor: ESDVerifiedHASOverlapDumpWithIncome.xlsx. We created the Exhibits by hiding certain of the columns identifying the patients and certain extraneous information for privacy and legibility reasons. We then printed the spreadsheets to PDF to create the exhibits for filing. For an unknown reason, when the two spreadsheets were printed to PDF to be filed with the Declaration, not all of the spreadsheets printed. This was a mistake on the part of Tecumseh's counsel and not done on purpose. All parties have access to TIFDumpWithIncomeFinal.xlsx and ESDVerifiedHASOverlapDumpWithIncome.xlsx and they have been used in Rule 2004 examinations in this case.

5. No party noticed this error until this week. I learned of this error when I was preparing a schedule to be used in the Servicing Agreement to be executed between HASelect and Tecumseh. When preparing the schedule identifying the receivables to be serviced by the interim servicer from the spreadsheets, I referred back to the Declaration to be sure the new schedule included all of the receivables claimed by Tecumseh. It was at that point, I discovered that there were pages missing from Exhibits A and B to the Declaration.

6. This amendment is necessary because the parties and the Court have used Exhibits A and B to the Declaration to identify the receivables claimed by Tecumseh from those that the Debtor indisputably owned and HASelect had a lien on. *See, e.g.*, *Order Granting Joint Motion of Chapter 7 Trustee and Secured Creditor HASelect-Medical Receivables Litigation Finance Fund International SP to Approve Abandonment of Collateral* [ECF No. 97]; Trustee's *Motion to (I) Approve Sale of Certain Assets; (II) Set Sale/Action Procedures; and (III) Set Auction Hearing Date* [ECF No. 145]. While the parties have hotly disputed ownership of the receivables, the parties have not disputed the identity of the receivables in dispute.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

62041545;1

2

7. Attached to the Motion are complete versions of Exhibits A and B to the Declaration. As with the previous versions, these versions are printouts of the all of the rows in TIFDumpWithIncomeFinal.xlsx and in ESDVerifiedHASOverlapDumpWithIncome.xlsx. Exhibit A contains all (and only the) 8,185 (face value $26,723,966.92) receivables claimed by Tecumseh as discussed in the Declaration. Revised Exhibit B contains all (and only the) 485 (face value $1,321,907.04) additional receivables claimed by Tecumseh as discussed in the Declaration.

8. By the proposed amendment, Tecumseh seeks only to correct the record so that the entirety of Exhibits A and B are included as intended. Tecumseh has not added any receivables to either Exhibit.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated February 2, 2022

_____
Michael D. Napoli, Esq.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

62041545;1

3