GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| In re: | Case No.: 21-14486-abl |
|---|---|
| INFINITY CAPITAL MANAGEMENT, INC. | Chapter 7 |
| Debtor. | N/A<br>N/A |

### *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO ALLOW AMENDMENT OF DECLARATION [ECF NO. 59]

Party in interest Tecumseh–Infinity Medical Receivable Fund, LP, ("**Tecumseh**"), by and through its counsel, the law firms of Garman Turner Gordon LLP, hereby respectfully submits its *ex parte* application ("**Application**"), requesting entry of an order shortening time, substantially in the form attached hereto as **Exhibit 1**, to hear the *Motion To Allow Amendment of Declaration [ECF No. 59]* ("**Motion**").[1]

Tecumseh respectfully requests that the Motion be heard on shortened time when the Court's calendar permits. Tecumseh anticipates that the relief requested in the Motion will be uncontested and the hearing will take approximately five (5) minutes.

This Application for order shortening time is made and based upon Bankruptcy Rule 9006,

---
[1] All capitalized undefined terms used herein shall be ascribed the definitions of the Motion unless otherwise noted.

the declaration of Gabrielle A. Hamm, Esq. ("**Hamm Declaration**") and the points and authorities set forth below, the Attorney Information Sheet filed herewith, and the papers and pleadings on file herein, judicial notice of which is respectfully requested.

## I.
## DECLARATION OF GABRIELLE A. HAMM, ESQ.

I, Gabrielle A. Hamm, make this Declaration under 28 U.S.C. § 1746 and state as follows:

1. I am over the age of 18 and am mentally competent.

2. I am an attorney at Garman Turner Gordon LLP, counsel for Tecumseh in the above-captioned case. As such, I have personal knowledge of the facts stated in this Declaration, except where stated upon information and belief, and as to facts stated upon information and belief, I am informed of those facts and believe them to be true. If called upon to testify as to the matters herein, I could and would do so.

3. As set forth in the Motion, Tecumseh's counsel discovered on February 1, 2022 that Exhibits A and B to *Declaration in Support of Motion of Party in Interest Tecumseh-Infinity Medical Receivables Fund, LP to (1) Abandon Property and (2) Lift the Automatic Stay* of Chad Meyer [ECF No. 59] (the "**Declaration**") were incomplete due to an unintentional technical error by counsel. The parties and the Court relied on Exhibits A and B to the Declaration to identify the receivables claimed by Tecumseh as distinguished from those that are not in dispute. *See* Motion at p. 4; ECF Nos. 97, 106, & 145.

4. The Court's orders in this case, including the orders identifying the disputed receivables in reference to the Declaration, underlie the parties' agreement to deposit the disputed receivables with a third party for servicing and escrow while litigation is pending. Further, the accurate identification of the receivables at issue is important to the parties' performance and monitoring of compliance under the Servicing Agreement and Escrow Agreement between Tecumseh, HASelect-Medical Receivables Litigation Finance Fund International SP ("**HASelect**"), and third party TPL Claims Management, LLC ("**TPL**").

5. Tecumseh seeks relief on shortened time because the parties executed the Servicing and Escrow Agreements on February 3, 2022 and the Escrow Agreement provides that Robert

Atkinson, the Chapter 7 Trustee (the "**Trustee**"), will deposit the receivables and proceeds with the Escrow Agent simultaneously with the execution and delivery thereof. Upon information and belief, the documents and data tapes related to the receivables are in the process of being transferred to TPL. Relief on an expedited basis will prevent a conflict between the Court's record and the Servicing and Escrow Agreements and guard against disputes between the parties regarding which receivables and proceeds are subject to the Servicing and Escrow Agreements.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 4th day of February, 2022.

By: */s/ Gabrielle A. Hamm*

## II.
## LEGAL ARGUMENT

Section 105 of the Bankruptcy Code allows this Court to issue such orders as are necessary to carry out the provisions of this title. *See* 11 U.S.C. § 105. Bankruptcy Rule 9006(c)(1) generally permits a bankruptcy court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. In particular, Bankruptcy Rule 9006(c)(1) provides:

> [e]xcept as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

FED. R. BANKR. P. 9006(c)(1).

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing. As set forth in the Hamm Declaration, cause exists to hear the Motion on shortened time.

Local Rule 9006 also requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice,

and how notice was provided or attempted to be provided. The Attorney Information Sheet filed contemporaneously with this Application reflects that HASelect and the Trustee have consented to a hearing on shortened time.

### III.
### CONCLUSION

WHEREFORE, Tecumseh respectfully requests that the Court grant this Application and issue an order shortening time to hear the Motion when the Court's calendar permits. Tecumseh requests such other and further relief as the Court deems just and proper.

DATED this 4th day of February, 2022.

GARMAN TURNER GORDON LLP

By: /s/ Gabrielle A. Hamm
GERALD M. GORDON, ESQ.
WILLIAM M. NOALL, ESQ.
GABRIELLE A. HAMM, ESQ.
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

4885-4955-6236, v. 2