GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.,<br><br>Debtor. | Case No.: 21-14486-abl<br>Chapter 7<br><br>Date: N/A<br>Time: N/A |

## AMENDED[1] DECLARATION IN SUPPORT OF MOTION OF PARTY IN INTEREST TECUMSEH – INFINITY MEDICAL RECEIVABLES FUND, LP TO (1) ABANDON PROPERTY AND (2) LIFT THE AUTOMATIC STAY

I, Chad Meyer, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Chad Meyer. I am over the age of twenty one years, of sound mind, and fully competent to testify in this cause. I have personal knowledge of the facts stated herein, all of which are true and correct.

2. I am a principal of Tecumseh – Infinity Medical Receivable Fund, LP, ("Tecumseh"), a party interest, in the above referenced bankruptcy matter. In my role as a principal of Tecumseh, I am responsible for Tecumseh's investments in medical receivables including its sub-advisory agreement with Infinity Capital Management Inc. (the "Debtor").

---

[1] Amended pursuant to the Order Granting Motion to Allow Amendment of Declaration [ECF No. 197], to include complete copies of Exhibits A-D.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61982520;1

3. Tecumseh purchased certain medical receivables pursuant to a sub-advisory agreement (the "Sub-Advisor Agreement") entered with the Debtor on June 18, 2020. A true and correct copy is attached hereto as Exhibit C.

4. As is standard practice within the industry, Debtor identified and negotiated the purchase of likely receivables for Tecumseh's account. Thereafter, Tecumseh reviewed the receivables recommended by Debtor and approved them for purchase. Once approved, Tecumseh advanced funds to purchase the receivables taking ownership of the receivables. In most cases, Tecumseh paid the medical provider directly but, in other cases, it purchased the receivable from the Debtor. I will hereafter refer to the receivables purchased and owned by Tecumseh as the "Tecumseh Receivables."

5. When it purchased the Tecumseh Receivables, Tecumseh received a lien from the plaintiff against any recovery the plaintiff may obtain. The Tecumseh Receivables were also documented by an assignment from the medical provider to Tecumseh.

6. Thereafter, Debtor tracked the personal injury claims underlying the Tecumseh Receivables, managed communications with plaintiff's lawyers, coordinated payment, and negotiated any reductions in the amount to be paid.

7. Tecumseh owns the Tecumseh Receivables outright. Debtor merely services the Tecumseh Receivables on Tecumseh's behalf and owns no interest in them.

8. As required by the Sub-Advisor Agreement, the Debtor maintained a log of the Tecumseh Receivables along with any collections on them. Debtor made these records available to Tecumseh on a regular basis. In addition, Tecumseh maintained its own records related to the Tecumseh Receivables. Following the filing of this case, a team under my supervision compared Tecumseh's records to the logs provided by the Debtor. We were able to confirm that the Debtor accurately identified the open Tecumseh Receivables.

9. Tecumseh's records (as confirmed by the Debtor's records) indicate that Tecumseh owns a total of 8,670 receivables with a total face amount of approximately $28 million which are identified in Exhibits A and B to my declaration. I have attached, as Exhibit A, a list of certain of the Tecumseh Receivables consisting of 8,185 receivables with a total face value of $26,723,966.92.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

2

61982520;1

The column labelled BillID shows a unique number assigned by the Debtor to each receivable. The column labelled BillGFB shows the face amount of each receivable. Tecumseh owns outright all of the receivables listed on Exhibit A.

10. I have attached, as Exhibit B, a list of additional Tecumseh Receivables consisting of 485 receivables with a total face amount $1,321,907.04. The column labelled BillID shows a unique number assigned by the Debtor to each receivable. The column labelled BillGFB shows the face amount of each receivable. Tecumseh owns outright all of the receivables listed on Exhibit B. The receivables on Exhibit B are related to certain receivables that Debtor purchased on its own account in that the Tecumseh Receivable and the other receivable (collectively, the "Overlap Receivables") arise from the same plaintiff and the same injury or claim. Although Tecumseh owns the Tecumseh Receivables outright, the Debtor serviced its receivables and the Tecumseh Receivables jointly.

11. As discussed above, Tecumseh paid for most of the Tecumseh Receivables by paying the assigning medical provider directly. It purchased the remaining Tecumseh Receivables from the Debtor. Attached as Exhibits D-1 to D-11 are purchase orders reflecting the purchase of Tecumseh Receivables from the Debtor.

12. Since the filling of the instant matter, Debtor has ceased all business operations. As such, there has been no oversight, management, or administration of the Tecumseh Receivables. This means that there is no oversight of the personal injury claims underlying the Tecumseh Receivables or communication with the plaintiff's lawyers associated to these Receivables. Nor have there been any attempts to collect on the Tecumseh Receivables.

13. I am aware that Debtor's principals, Anne Pentalas and Oliver Hemmers are possess checks, received after Debtor filed for bankruptcy, relating to Tecumseh Receivables. Debtor also remain in personal possession of business records which are imperative for the continued administration of the Tecumseh Receivables.

14. For these reasons, each day the limitations and restrictions imposed by the bankruptcy system are in place Tecumseh Receivables are at risk of serious harm.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61982520;1

3

15. Thus, I respectfully urge the Court to authorize the abandonment, release, transfer all Tecumseh Receivables, and allow for procurement of all Tecumseh Receivables by lifting the Automatic Stay.

I declare under penalty of perjury that the foregoing is true and correct.

Chad Meyer

4865-9848-7830, v. 1

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61982520;1

4