Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
         kwyant@shea.law

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested |

**DECLARATION OF MICHAEL GRIFFIN IN SUPPORT OF HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S MOTION TO ENFORCE COURT ORDERS AND TO COMPEL SURRENDER OF COLLATERAL**

I, Michael Griffin, hereby declare as follows:

1. I am over the age of twenty-one (21) years old and am mentally competent. I have personal knowledge of the matters set forth herein except as to those matters stated on information and belief, which I believe to be true, and if called upon as a witness to testify to these facts, I could and would competently and truthfully do so.

2. I am the majority member and manager of Griffin Asset Management LLC ("GAM"). GAM serves as asset manager to HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect").

3. I make this Declaration in support of Haselect's Motion to Enforce Court Orders and to Compel Surrender of Collateral [ECF No. 210] (the "Motion") filed herewith.

4. I make this declaration based upon my own personal knowledge of the facts stated herein as well as my review of the certain books and records of GAM and HASelect related to the Debtor Infinity Capital Management, Inc. ("Debtor" or "Infinity"), including the exhibits attached to the Motion. I am familiar with the business operations and document retention practices of both GAM and HASelect. I am informed and believe that the business records I have reviewed in connection with the preparation of this Declaration, including the exhibits attached to the Motion, were made at or near the time of the events they document by, or from information transmitted by, a person with knowledge of such events, all in the course of regularly conducted business activities.

5. Beginning in February 2019, HASelect made several loans to Infinity that were documented through various loan agreements and promissory notes through which Infinity pledged substantially all of its assets to HASelect as collateral for such loans.

6. HASelect perfected its security interest in Infinity's assets through the filing of a UCC-1 with the Nevada Secretary of State on February 19, 2019.

7. On or about December 18, 2019, HASelect, which was then doing business under the name HASelect-FTM Medical Receivables Litigation Finance Fund SP, and Infinity entered into a Second Amended & Restated Loan and Security Agreement and Promissory Note (the "MLA"). The MLA superseded and restated all prior loans made by HASelect to Infinity as well as extended further credit to Infinity.

8. Pursuant to the MLA, HASelect continues to hold a perfected security interest in all of Infinity's assets as collateral for all indebtedness owed by Infinity in connection with the MLA.

9. The MLA loan proceeds were to be used by Infinity to purchase accounts receivables from medical providers. These accounts receivables generally arose from medical treatment provided to individuals who were injured in accidents and had asserted personal injury claims. These accounts receivables are generally secured by liens against these personal injury claims and are typically paid at the time the personal injury claims are settled.

10. The personal injury claimants obligated as to payment of the Disputed Accounts often received multiple medical treatments from multiple medical providers over a period of several

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

months. Accordingly, Infinity often purchased accounts relating to treatments provided to a single personal injury claimant from multiple medical providers in separate transactions occurring over several months.

11. After the filing of Infinity's chapter 7 petition, a dispute arose between HASelect and Tecumseh when HASelect discovered that Infinity had sold and assigned certain accounts receivable (the "Disputed Accounts") included within HASelect's Collateral to Tecumseh.

12. The Disputed Accounts include a subset of accounts receivable that consists of accounts Tecumseh claims to have purchased relating to specific dates of treatment for certain personal injury claimants for whom Infinity also purchased accounts relating to other dates of treatment that are indisputably included in the Collateral and were abandoned to HASelect pursuant to the Orders (collectively, the "Overlap Accounts").

13. On or about January 31, 2022, HASelect and Tecumseh entered into a Servicing Agreement and an Escrow Agreement under which they jointly engaged TPL Claims Management, LLC ("TPL") to service and collect the Disputed Accounts and to hold the proceeds of the Disputed Accounts in escrow pending the final resolution of the dispute between HASelect and Tecumseh. A true and correct copy of the Servicing Agreement from which certain irrelevant pricing information has been redacted is attached to the Motion as Exhibit 1.

14. In negotiating and entering into the Servicing Agreement, the parties were mindful of the likelihood that payments intended to satisfy accounts included in the Collateral, including HASelect's undisputed portion of the Overlap Accounts, might inadvertently be sent to TPL as a result of its servicing and collection efforts relating to the Disputed Accounts. As such, HASelect required that the Servicing Agreement include the following language: "In the event [TPL] receives any payment intended to satisfy any account receivable not included within the [Disputed Accounts] for which HASelect is entitled to payment, [TPL], within five (5) days following receipt thereof, shall notify HASelect of the receipt of such payment and shall, at HASelect's election, (i) promptly deliver such payment to HASelect or (ii) promptly return such payment to the sender with instructions to contact HASelect directly regarding settlement of the relevant account receivable."

15. Consistent with the foregoing language, in or around April 2022, TPL notified HASelect that it had received six (6) payments intended to satisfy accounts included within HASelect's Collateral (the "HAS Payments").

16. Two (2) of the HAS Payments [PatientID 276 and 1571] relate to accounts that are strictly HASelect's Collateral in which Tecumseh claims no interest. The remaining four (4) HAS Payments [PatientID 1206, 1960, 2624, and 2963] relate to Overlap Accounts that include dates of treatment that are included in the Collateral as well as other dates of treatment that Tecumseh claims to have purchased that are included in the Disputed Accounts. The specific Overlap Accounts and dates of service to which these four (4) HAS Payments relate are identified in Exhibit 3 attached to the Motion.

17. As is common in collecting accounts relating to personal injury claims, the amounts of each of the six (6) HAS Payments received by TPL were less than the gross face amount of the corresponding accounts. However, the amounts received were within the typical range of discounted payment that is generally acceptable to HASelect and commonly approved by TPL with respect to the Disputed Accounts.

18. In notifying HASelect and Tecumseh of its receipt of the HAS Payments, TLP proposed to send the full amount of the two (2) HAS Payments that relate strictly to HASelect's collateral to HASelect and to split the four (4) HAS Payments relating to Overlap Accounts on a pro rata basis according to the gross face amounts billed for the dates of service Tecumseh claims to have purchased as compared to the gross face amounts billed for the dates of service that are indisputably included in HASelect's Collateral. This proposed split would result in the release of $462,519.37 to HASelect as proceeds of its Collateral and the deposit of $40,880.63 in proceeds of Disputed Accounts into escrow to be held by TPL pending the resolution of the Adversary Proceeding.

19. HASelect approved the split proposed by TPL and requested that TPL immediately forward its portion of the HAS Payments to the third-party servicer that HASelect retained to service the undisputed accounts included in the Collateral. Tecumseh, however, instructed TPL that it could not release the HAS Payments to HASelect as proposed until Tecumseh agreed to a formula for

calculating how payments relating to Overlap Accounts would be split between HASelect's Collateral and the Disputed Accounts.

20. HASelect has made several requests to TPL that the HAS Payments be released as proposed by TPL and approved by HASelect. Tecumseh, however, continues to object to the release of the HAS Payments. As a result of Tecumseh's objections, TPL is unwilling to release any part of the HAS Payments to HASelect.

21. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATED this 23rd day of May 2022.

/s/ *Michael Griffin*
MICHAEL GRIFFIN

**CERTIFICATE OF SERVICE**

1. On May 23, 2022, I served the following document(s): **DECLARATION OF MICHAEL GRIFFIN IN SUPPORT OF HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S MOTION TO ENFORCE COURT ORDERS AND TO COMPEL SURRENDER OF COLLATERAL**.

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

   ROBERT E. ATKINSON
   Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

   CLARISSE L. CRISOSTOMO on behalf of ROBERT E. ATKINSON
   clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

   GERALD M GORDON on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   ggordon@gtg.legal, bknotices@gtg.legal

   GABRIELLE A. HAMM on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   ghamm@Gtg.legal, bknotices@gtg.legal

   MICHAEL D. NAPOLI on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   michael.napoli@akerman.com,
   cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

   ARIEL E. STERN on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   ariel.stern@akerman.com, akermanlas@akerman.com

   BRADFORD IRELAN on behalf of HEALTHPLUS IMAGING OF TEXAS, LLC
   birelan@imtexaslaw.com,
   jstephens@imtexaslaw.com;dhall@imtexaslaw.com;ynguyen@imtexaslaw.com

   DAVID MINCIN on behalf of HEALTHPLUS IMAGING OF TEXAS, LLC
   dmincin@mincinlaw.com, cburke@mincinlaw.com

   TRENT L. RICHARDS on behalf of THE INJURY SPECIALISTS
   trichards@sagebrushlawyers.com, hdaniels@sagebrushlawyers.com

   U.S. TRUSTEE - LV - 7
   USTPRegion17.LV.ECF@usdoj.gov

   MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
   mzirzow@lzlawnv.com,
   carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

☐  b.  United States mail, postage fully prepaid:

☐  c.  Personal Service:

I personally delivered the document(s) to the persons at these addresses:

    ☐  For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐  For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐  d.  By direct email (as opposed to through the ECF System):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐  e.  By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐  f.  By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 23, 2022.

                                                          By: /s/ *Bart K. Larsen, Esq,*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432