Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
         kwyant@shea.law

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON CREDITOR HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S MOTION TO ENFORCE COURT ORDERS AND TO COMPEL SURRENDER OF COLLATERAL**

HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), by and through its undersigned counsel, respectfully submits this motion for an order shortening time for hearing of *HASelect's Motion to Enforce Court Orders and to Compel Surrender of Collateral* [ECF No. 210] (the "Motion").[1]  This motion for order shortening time is made and based upon Section 105(a) of the Bankruptcy Code,[2] Bankruptcy Rule 9006, Local Rule 9006, the following points and authorities, the declaration of Bart K. Larsen, Esq. (the "Larsen Declaration") included herein, and the papers and pleadings on file herein, judicial notice of which is respectfully requested.

---

[1] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

[2] All references to "Chapter" and "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

**DECLARATION OF BART K. LARSEN**

Bart K. Larsen, Esq. hereby states and declares as follows:

1. I am over the age of 18, am mentally competent, and if called upon to testify as to the matters set forth below, could and would do so.

2. I am an attorney and am duly licensed to practice before this Court and am a partner in the law firm of Shea Larsen PC, which is counsel of record for HASelect, a creditor of Debtor Infinity Capital Management, Inc. in the above-captioned chapter 11 case.

3. I have personal knowledge of the facts set forth herein except for matters stated upon information and belief, which I believe to be true.

4. As set forth in the Motion, HASelect seeks an order enforcing this Court's prior Orders requiring parties in possession of HASelect's Collateral to turn the same over to HASelect.[3]

5. Part of HASelect's Collateral is currently being held by TPL Claim Management, LLC ("TPL") in the form of funds totaling $462,519.37 received by TPL from various third parties in payment of accounts receivable included in HASelect's Collateral and as to which Tecumseh asserts no claim.

6. Since early April 2022, HASelect has made demands on TPL to turn over the funds in question, but Tecumseh has repeatedly objected to TPL releasing those funds to HASelect. Despite HASelect's attempts to resolve Tecumseh's objections, Tecumseh continues to insist that TPL cannot release the funds in question to HASelect without Tecumseh's approval. As a result, TPL is unwilling to release such funds.

7. Because the amount in question is substantial, and because this Court has already ordered HASelect's Collateral, wherever located, be surrendered to HASelect, good cause exists for the Court to set the Motion for hearing on an order shortening time.

8. Tecumseh and Chapter 7 Trustee Robert Atkinson have both consented to the Motion being heard on an order shortening time.

9. Accordingly, HASelect respectfully requests that the Court enter an order shortening

---

[3] See Abandonment Order [ECF No. 97] and Relief Order [ECF No. 106], ¶ 8.

the time for hearing on the Motion.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated this 23rd day of May 2022.

/s/ *Bart K. Larsen, Esq.*
BART K. LARSEN, ESQ.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Section 105(a) of the Bankruptcy Code allows this Court to issue such orders as are necessary to carry out the provisions of the Bankruptcy Code. See 11 U.S.C. § 105(a). Bankruptcy Rule 9006(c)(1) generally permits a bankruptcy court, for cause shown, and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. *See* Fed. R. Bankr. P. 9006(c)(1) ("Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). Moreover, according to Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing. As set forth in the Larsen Declaration, there are compelling reasons for an expedited hearing.

Furthermore, Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice, and how notice was provided or attempted to be provided. An Attorney Information Sheet is being filed concurrently with this Application.

**CONCLUSION**

Based on the foregoing, HASelect respectfully requests that the Court grant this application and enter an order shortening time for the hearing on the Motion and granting such other and further relief as the Court deems appropriate.

Dated this 23rd day of May 2022.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

**CERTIFICATE OF SERVICE**

1. On May 25, 2022, I served the following document(s): **EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON CREDITOR HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S MOTION TO ENFORCE COURT ORDERS AND TO COMPEL SURRENDER OF COLLATERAL**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

ROBERT E. ATKINSON
Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

BRADFORD IRELAN on behalf of HEALTHPLUS IMAGING OF TEXAS, LLC
birelan@imtexaslaw.com, jstephens@imtexaslaw.com; dhall@imtexaslaw.com; ynguyen@imtexaslaw.com

DAVID MINCIN on behalf of HEALTHPLUS IMAGING OF TEXAS, LLC
dmincin@mincinlaw.com, cburke@mincinlaw.com

MICHAEL D. NAPOLI on behalf of TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com, cindy.ferguson@akerman.com; catherine.kretzschmar@akerman.com;masterdocketlit@akerman.com

GERALD M GORDON on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

TRENT L. RICHARDS on behalf of THE INJURY SPECIALISTS
trichards@sagebrushlawyers.com

ARIEL E. STERN on behalf of TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
mzirzow@lzlawnv.com, carey@lzlawnv.com; trish@lzlawnv.com; jennifer@lzlawnv.com; zirzow.matthewc.r99681@notify.bestcase.com

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 25, 2022.

By: /s/ *Bart K. Larsen, Esq,*