Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
         kwyant@shea.law

*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br><br>Chapter 7 |

**STIPULATION REGARDING HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S MOTION TO ENFORCE COURT ORDERS AND TO COMPEL SURRENDER OF COLLATERAL**

HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect") and Tecumseh-Infinity Medical Receivable Fund, LP's ("Tecumseh"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

A.  Debtor Infinity Capital Management, Inc. ("Debtor" or "Infinity") filed its voluntary chapter 7 petition in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") on September 14, 2021 (the "Petition Date"), commencing the above-referenced, chapter 7 bankruptcy case, (the "Bankruptcy Case").

B.  As of the Petition Date, HASelect held a perfected security interest in substantially all of the personal property of Infinity (the "Collateral").

C.  On October 15, 2021, the Court entered an order [ECF No. 97] approving Chapter 7 Trustee Robert Atkinson's (the "Trustee") abandonment of the Collateral to HASelect (the

- 1 -

"Abandonment Order"). On October 21, 2021, the Court entered an order [ECF No. 106] granting HASelect relief from the automatic stay as to the Collateral (the "Relief Order"). Both the Abandonment Order and the Relief Order require any person in possession of the Collateral to turn the same over to HASelect.

D.  Shortly after the Petition Date, a dispute arose between HASelect and Tecumseh regarding their respective claims to certain accounts receivable that are identified in documents filed in the Bankruptcy Case at ECF Nos. 201-1 and 201-2 (the "Portfolio").[1]

E.  This dispute resulted in the filing of an Adversary Proceeding [Adversary Case No. 21-01167] relating to the Portfolio by HASelect on October 19, 2021 in which Tecumseh subsequently asserted counterclaims against HASelect.

F.  On or about January 31, 2022, HASelect and Tecumseh entered into a servicing agreement and escrow agreement (collectively, the "Servicing Agreement") with TPL Claims Management, LLC ("TPL") under which they jointly engaged TPL to service and collect the Portfolio and to hold the proceeds of the Portfolio in escrow pending the final resolution of claims and counterclaims asserted in this Adversary Proceeding.

G.  The Portfolio includes a subset of accounts receivable relating to specific dates of treatment for certain personal injury claimants as to whom other dates of treatment are acknowledged to be included in the Collateral and were abandoned to HASelect pursuant to the Orders (collectively, the "Overlap Accounts").[2]

H.  In or around April 2022, TPL notified HASelect and Tecumseh that it had received several payments (the "Overlap Payments") intended to satisfy certain Overlap Accounts. TPL further advised HASelect and Tecumseh that it had allocated the Overlap Payments between the Portfolio and HASelect on a pro rata basis according to the gross fees billed (the "BillGFB") for the relevant dates of service and that it intended to disburse to HASelect its share of such Overlap Payments.

---

[1] The Portfolio is made up of the accounts receivable described as the "Tecumseh Receivables" in the Amended Declaration of Chad Meyer filed in the Bankruptcy Case at ECF No. 201 and, as such, includes all accounts receivable identified in "Exhibit A" [ECF No. 201-1] and, to the extent marked as assigned to Tecumseh, "Exhibit B" [ECF No. 201-2] to such declaration.

[2] The Overlap Accounts included in the Portfolio are identified at ECF No. 201-2.

- 2 -

I.  Tecumseh objected to TPL's allocation of the Overlap Payments and to the disbursement of the corresponding funds to HASelect. As a result, TPL declined to disburse HASelect's share of the Overlap Payments.

J.  On May 23, 2022, HASelect filed a motion [ECF No. 210] (the "Motion") seeking to compel TPL to disburse HASelect's share of the Overlap Payments as allocated by TPL and to preclude Tecumseh from interfering in TPL's allocation and disbursement of any similar payments received by TPL.

K.  On June 10, 2022, Tecumseh filed its response in opposition [ECF No. 219] (the "Opposition") to HASelect's Motion seeking, among other things, a finding from the Bankruptcy Court that it lacks the requisite jurisdiction to consider TPL, HASelect, and Tecumseh's dispute over receivables that all parties stipulate are not property of the bankruptcy estate.[3]

L.  Having received additional information from TPL regarding the basis for its allocation of the Overlap Payments, HASelect and Tecumseh have reached an agreement as to the relief sought in the Motion and the Opposition.

**NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED THAT:**

1.  The above recitals are correct and are incorporated herein as part of this Stipulation.

2.  HASelect's share of the Overlap Payments that are the subject of the Motion, as allocated by TPL on the basis of BillGFB, shall be promptly disbursed by TPL to HASelect.

3.  Tecumseh and HASelect shall jointly instruct TPL to henceforth refrain from collecting proceeds of HASelect's share of any Overlap Account.

4.  Notwithstanding paragraph 3, in the event that TPL mistakenly accepts any payment in satisfaction of any Overlap Account, TPL shall: (i) allocate such payment between the Portfolio and HASelect on a pro rata basis according to BillGFB as independently verified by TPL through commercially reasonable efforts, (ii) promptly disburse to HASelect the proceeds of HASelect's share of any such payment as so allocated, and (iii) include in the next regular monthly report

---

[3] HASelect disputes Tecumseh's contention that this Court lacks jurisdiction to adjudicate the matters raised in the Motion.

- 3 -

1  required under the Servicing Agreement a statement certifying that TPL verified the BillGFB
2  amounts on which any such allocation and disbursement was based.

3      5.    This Stipulation shall not be construed to modify or discharge any obligation owed
4  pursuant to the Servicing Agreement.  To the extent of any conflict between this Stipulation and the
5  Servicing Agreement, the Servicing Agreement shall control.  Further, nothing contained herein
6  shall be construed to delay or impede TPL's obligation to promptly disburse to HASelect any
7  proceeds of the Collateral, including, but not limited to, circumstances in which TPL's monthly
8  reporting or certification, as referenced in Paragraph 4(iii) above, might be delayed.

9      6.    The Motion and the Opposition shall be withdrawn, and any hearing thereon shall be
10  cancelled.

11      7.    HASelect and Tecumseh consent to the entry of an order approving this Stipulation
12  in substantially the same form as <u>Exhibit 1</u> attached hereto (the "<u>Order</u>")

13      8.    The Bankruptcy Court shall retain jurisdiction to interpret and enforce the provisions
14  of this Stipulation only.  Nothing in either the Stipulation or the Order shall be construed to give the
15  Bankruptcy Court jurisdiction over anything other than the discrete issues addressed herein.

Dated:  June 30, 2022

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
BART K. LARSEN, ESQ.
Nevada Bar No. 8538

*Attorney for HASelect-Medical Receivables Litigation Finance Fund International SP*

Dated:  June 30, 2022

**AKERMAN LLP**

/s/ *Michael D. Napoli, Esq.*
MICHAEL D. NAPOLI, ESQ.
*(admitted pro hac vice)*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**CERTIFICATE OF SERVICE**

1. On June 30, 2022, I served the following document(s): **STIPULATION REGARDING HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP's MOTION TO ENFORCE COURT ORDERS AND TO COMPEL SURRENDER OF COLLATERAL**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

   ROBERT E. ATKINSON
   Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

   CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
   clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

   BRADFORD IRELAN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
   birelan@imtexaslaw.com,
   jstephens@imtexaslaw.com;dhall@imtexaslaw.com;ynguyen@imtexaslaw.com

   DAVID MINCIN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
   dmincin@mincinlaw.com, cburke@mincinlaw.com

   MICHAEL D. NAPOLI on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
   michael.napoli@akerman.com,
   cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;masterdocketlit@akerman.com

   TRENT L. RICHARDS on behalf of Creditor THE INJURY SPECIALISTS
   trichards@sagebrushlawyers.com

   ARIEL E. STERN on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
   ariel.stern@akerman.com, akermanlas@akerman.com

   U.S. TRUSTEE - LV - 7
   USTPRegion17.LV.ECF@usdoj.gov

   MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
   mzirzow@lzlawnv.com,
   carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 30, 2022.

By: /s/ *Bart K. Larsen, Esq,*

**EXHIBIT 1**

Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:   blarsen@shea.law
            kwyant@shea.law

*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br><br>Chapter 7<br><br>**ORDER APPROVING STIPULATION REGARDING HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP's MOTION TO ENFORCE COURT ORDERS AND TO COMPEL SURRENDER OF COLLATERAL** |

The Court, having considered the Stipulation [ECF No. ] (the "Stipulation") entered into by and between HASelect-Medical Receivables Litigation Finance Fund International SP

- 1 -

("HASelect") and Tecumseh-Infinity Medical Receivable Fund, LP's ("Tecumseh") relating to HASelect's Motion to Enforce Court Orders and to Compel Surrender of Collateral [ECF No. 210] (the "Motion") and Tecumseh's Opposition to the Motion [ECF No. 219] (the "Opposition"), and good cause appearing, IT IS HEREBY ORDERED:

1. The Stipulation is APPROVED.

2. HASelect's share of the Overlap Payments[1] that are the subject of the Motion, as allocated by TPL on the basis of BillGFB, shall be promptly disbursed by TPL to HASelect.

3. Tecumseh and HASelect shall jointly instruct TPL to henceforth refrain from collecting proceeds of HASelect's share of any Overlap Account.

4. Notwithstanding paragraph 3, in the event that TPL mistakenly accepts any payment in satisfaction of any Overlap Account, TPL shall: (i) allocate such payment between the Portfolio and HASelect on a pro rata basis according to BillGFB as independently verified by TPL through commercially reasonable efforts, (ii) promptly disburse to HASelect the proceeds of HASelect's share of any such payment as so allocated, and (iii) include in the next regular monthly report required under the Servicing Agreement a statement certifying that TPL verified the BillGFB amounts on which any such allocation and disbursement was based.

5. The Stipulation shall not be construed to modify or discharge any obligation owed pursuant to the Servicing Agreement. To the extent of any conflict between the Stipulation and the Servicing Agreement, the Servicing Agreement shall control. Further, nothing contained herein shall be construed to delay or impede TPL's obligation to promptly disburse to HASelect any proceeds of the Collateral, including, but not limited to, circumstances in which TPL's monthly reporting or certification, as referenced in Paragraph 4(iii) above, might be delayed.

6. The Motion and the Opposition are hereby withdrawn, and the June 30, 2022 hearing thereon is hereby vacated.

7. This Court shall retain jurisdiction to interpret and enforce the provisions of the

---

[1] Capitalized terms that are not expressly defined herein shall have the same meanings ascribed to such terms as in the Stipulation.

- 2 -

Stipulation and this Order only. Nothing in either the Stipulation or this Order shall be construed to give the Bankruptcy Court jurisdiction over anything other than the discrete issues addressed herein.

**IT IS SO ORDERED.**

# # #

Respectfully submitted:

**SHEA LARSEN**

/s/
BART K. LARSEN, ESQ.
Nevada Bar No. 8538

*Attorney for HASelect-Medical Receivables Litigation Finance Fund International SP*

- 3 -