

_____
Honorable August B. Landis
United States Bankruptcy Judge



Entered on Docket
July 01, 2022

_____

Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:   blarsen@shea.law
            kwyant@shea.law

*Attorneys for HASelect-Medical Receivables
Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br><br>Chapter 7<br><br>**ORDER APPROVING STIPULATION REGARDING HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP's MOTION TO ENFORCE COURT ORDERS AND TO COMPEL SURRENDER OF COLLATERAL** |

The Court, having considered the Stipulation [ECF No. 225] (the "Stipulation") entered into by and between HASelect-Medical Receivables Litigation Finance Fund International SP

("HASelect") and Tecumseh-Infinity Medical Receivable Fund, LP's ("Tecumseh") relating to HASelect's Motion to Enforce Court Orders and to Compel Surrender of Collateral [ECF No. 210] (the "Motion") and Tecumseh's Opposition to the Motion [ECF No. 219] (the "Opposition"), and good cause appearing, IT IS HEREBY ORDERED:

1. The Stipulation is APPROVED.

2. HASelect's share of the Overlap Payments[1] that are the subject of the Motion, as allocated by TPL on the basis of BillGFB, shall be promptly disbursed by TPL to HASelect.

3. Tecumseh and HASelect shall jointly instruct TPL to henceforth refrain from collecting proceeds of HASelect's share of any Overlap Account.

4. Notwithstanding paragraph 3, in the event that TPL mistakenly accepts any payment in satisfaction of any Overlap Account, TPL shall: (i) allocate such payment between the Portfolio and HASelect on a pro rata basis according to BillGFB as independently verified by TPL through commercially reasonable efforts, (ii) promptly disburse to HASelect the proceeds of HASelect's share of any such payment as so allocated, and (iii) include in the next regular monthly report required under the Servicing Agreement a statement certifying that TPL verified the BillGFB amounts on which any such allocation and disbursement was based.

5. The Stipulation shall not be construed to modify or discharge any obligation owed pursuant to the Servicing Agreement. To the extent of any conflict between the Stipulation and the Servicing Agreement, the Servicing Agreement shall control. Further, nothing contained herein shall be construed to delay or impede TPL's obligation to promptly disburse to HASelect any proceeds of the Collateral, including, but not limited to, circumstances in which TPL's monthly reporting or certification, as referenced in Paragraph 4(iii) above, might be delayed.

6. The Motion and the Opposition are hereby withdrawn, and the June 30, 2022 hearing thereon is hereby vacated.

7. This Court shall retain jurisdiction to interpret and enforce the provisions of the

---

[1] Capitalized terms that are not expressly defined herein shall have the same meanings ascribed to such terms as in the Stipulation.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Stipulation and this Order only.  Nothing in either the Stipulation or this Order shall be construed to give the Bankruptcy Court jurisdiction over anything other than the discrete issues addressed herein.

**IT IS SO ORDERED.**

# # #

Respectfully submitted:

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
BART K. LARSEN, ESQ.
Nevada Bar No. 8538

*Attorney for HASelect-Medical Receivables Litigation Finance Fund International SP*