CLARISSE L. CRISOSTOMO, ESQ., Bar No. 15526
Email: clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd, Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
*Attorney for Robert E. Atkinson, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |

### TRUSTEE'S OBJECTION TO CLAIM NO. 5

Chapter 7 trustee ROBERT E. ATKINSON ("*Trustee*"), hereby objects to Proof of Claim No. 5 ("*Claim*") filed by PERSEUS LIMITED ("*Creditor*").  The basis for this objection is that the Claim is not enforceable against the Debtor.

In accordance with Local Rule 3007(a)(4), claim documents of the Claim is attached hereto as **EXHIBIT 1**.

This Objection is based on: the Memorandum of Points and Authorities contained herein; and the attached exhibit.

DATED:  July 11, 2022            **ATKINSON LAW ASSOCIATES LTD.**

By:   /s/ Clarisse L. Crisostomo
CLARISSE L. CRISOSTOMO, ESQ.
Nevada Bar No. 15526
*Attorney for Robert E. Atkinson, Trustee*

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND FACTS

1. On September 14, 2021 ("***Petition Date***"), Debtor filed a voluntary petition for chapter 7 bankruptcy relief in this district [DE #1], commencing this bankruptcy case ("***Bankruptcy Case***") and creating the associated bankruptcy estate ("***Bankruptcy Estate***").

2. On December 11, 2021, Creditor filed the Claim in the Bankruptcy Case in the amount of $162,000.00. *See* **EXHIBIT 1**.

### II.   LEGAL AUTHORITIES & ARGUMENT

3. This objection is brought pursuant to 11 U.S.C. § 502(a)-(b) and Bankruptcy Rule 3007.

4. A claim is a "right to payment". 11 U.S.C. § 101(5).

5. A claim can be disallowed if "such claim is unenforceable against the debtor". 11 U.S.C. § 502(b).

6. Only allowed claims are entitled to distributions under the Bankruptcy Code. 11 U.S.C. §§ 726, 507.

7. Inspection of the Claim reveals that the Claim is not against the Debtor. Specifically, the $162,000.00 sought by Creditor arises solely from a promissory note with a different company, Coastal Investments PLC ("***Coastal***").

8. Coastal is a separate incorporated entity that is legally distinct from the Debtor. Because the promissory note referred to in the Claim is only the obligation of Coastal, Creditor has no right to payment on the loan against the Debtor, or the ability to enforce the Claim against the Debtor.

9. The amount sought in the Claim is therefore not an allowable claim against the Debtor, and thus is not entitled to distributions in the Bankruptcy Case.

### III. RELIEF REQUESTED

10. The Trustee respectfully requests that the Court sustain this objection, and disallow the Claim.

# # # # #

DATED: July 11, 2022　　　　　　　　　　**ATKINSON LAW ASSOCIATES LTD.**

　　　　　　　　　　　　　　　　　　　　By: /s/ Clarisse Crisostomo
　　　　　　　　　　　　　　　　　　　　CLARISSE L. CRISOSTOMO, ESQ.
　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 15526
　　　　　　　　　　　　　　　　　　　　*Attorney for Robert E. Atkinson, Trustee*

# EXHIBIT 1

**Fill in this information to identify the case:**

Debtor 1   INFINITY CAPITAL MANAGEMENT, INC.
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   **District of Nevada**
Case number: **21−14486**

FILED
U.S. Bankruptcy Court
District of Nevada
12/11/2021
Mary A. Schott, Clerk

# Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Perseus Limited

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Perseus Limited
Name

1651 S. Victoria Av
LA, CA 90019

Contact phone  3232582672
Contact email  mail@mattvalenti.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                   MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                       Proof of Claim                       page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |
| 7. **How much is the claim?** | $ 162000.00 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Promissory Note | |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) ____ %<br>☐ Fixed<br>☐ Variable | |
| 10. **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ | |
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ | |

Official Form 410                                  Proof of Claim                                  page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/11/2021
MM / DD / YYYY

/s/ Matthew Valenti
Signature

Print the name of the person who is completing and signing this claim:

Name  Matthew Valenti
First name   Middle name   Last name

Title

Company
Identify the corporate servicer as the company if the authorized agent is a servicer

Address  1651 S. Victoria Av
Number  Street
LA, CA 90019
City   State   ZIP Code

Contact phone  3232582672   Email  mail@mattvalenti.com

Official Form 410                          Proof of Claim                          page 3

# Non Negotiable Promissory Note

| | |
|---|---|
| **Issuer:** | Coastal Investments Plc, a Cook Island International Company |
| **Holder:** | Perseus Limited |
| **Amount of Loan:** | UNITED STATES ONE HUNDRED AND FORTEEN THOUSAND TWO HUNDRED AND SIX DOLLARS AND EIGHTY THREE CENTS ONLY |
| | USD114,206.83 |
| **Interest Rate:** | Fourteen per cent per annum simple interest. Interest is to be re-invested quarterly |
| **Initial Date:** | 22 June 2018 (Note: rolled over from a promissory note dated two years prior) |
| **Date of Agreement:** | 25 October 2018 |

**Purpose of Promissory Note Issue:** It is agreed between the Issuer and the Holder of the promissory note that Issuer is to use the amount loaned to fund the purchase of personal injury medical receivables and finance other costs incurred by individuals relative to their personal injury case (e.g. court costs, living expenses and litigation related expenses).

**1. Promise to Pay:** For value received Issuer promises to pay to the order of Holder made by notice served by the Holder on Issuer not less than ten (10) and not more than ninety (90) clear days prior to the 730th day after the Initial Date at the offices of the Holder in Lisboa, Portugal or at such other place as Holder may from time to time designate, the Amount of Loan plus any accrued and unpaid interest as specified in this Promissory Note (the "Note").

**2. Interest:** The Amount of Loan outstanding from time to time shall bear interest at the Interest Rate. Interest will begin to accrue from the Initial Date provided those funds are available for withdrawal by Issuer. Interest shall be paid quarterly unless Holder elects to have the interest accrued.

**3. Rollover:** If no notice is received by the Issuer as aforesaid within the time period prescribed in clause 1 of this Note, this Note shall be deemed to have been renewed, and the Amount of Loan rolled over, for a further term of 730 days and the terms and conditions set out herein shall apply to that further term.

**4. Notice Provisions:** Any notice provided for herein shall be served by delivering or faxing the same to:

> Southpac Trust Limited
> ANZ House
> Main Road
> Avarua
> Rarotonga
> Cook Islands
>
> (682) 20667

and shall be deemed served if sent by:

- (a) Facsimile when the Holder receives confirmation of successful transmission;
- (b) Courier when confirmation of delivery is received;
- (c) Hand at the time of delivery.

**5. Attorney Fees:** If any lawsuit or arbitration is commenced which arises out of or relates to this Note, the prevailing party shall be entitled to recover from the other party such sums as the court or arbitrator may adjudge to be reasonable attorney's fees.

6. **Applicable Law:** This Note shall be construed and governed by the laws of the Cook Islands. Jurisdiction shall be Rarotonga, Cook Islands.

7. **Assignment:** This Note inures to and binds the heirs, legal representatives, successors and assigns of Holder and Issuer, provided however, that Issuer may not assign this Note or any of the Loan Funds, or assign or delegate any of its rights or obligations without the prior written consent of Holder in each instance.

8. **Time of the Essence:** Time is of the essence of this Note and the performance of each of the covenants and agreements contained herein.

9. **Entire Agreement:** This Agreement contains the entire agreement between the parties hereto with respect to the transactions contemplated herein and supercedes all previous representations, negotiations, commitments, and writing with respect thereto. The parties acknowledge that they had the opportunity to fully review the terms hereof, and have discussed the content with their applicable legal counsel.

10. **Amendment or Alteration:** No amendment or alteration of the terms of this Agreement shall be valid unless made in writing and signed by all parties hereto.

The undersigned confirms that he, she and it have the legal capacity to execute this agreement on behalf of the parties to this contract.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals and acknowledged this Agreement as of the date first above written.

Issuer: Coastal Investments Plc, a Cook Islands International Company.
By:

Holder: Perseus Limited
By its authorized signatory