1 | Bart K. Larsen, Esq.
Nevada Bar No. 8538
2 | Kyle M. Wyant, Esq.
Nevada Bar No. 14652
3 | **SHEA LARSEN**
1731 Village Center Circle, Suite 150
4 | Las Vegas, Nevada 89134
Telephone: (702) 471-7432
5 | Fax: (702) 926-9683
Email:  blarsen@shea.law
6 |         kwyant@shea.law

7 | *Attorneys for HASelect-Medical Receivables*
  | *Litigation Finance Fund International SP*

8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 |                  **FOR THE DISTRICT OF NEVADA**

11 | In re:                                          Case No.: 21-14486-abl
                                                     Chapter 7
12 | INFINITY CAPITAL MANAGEMENT, INC.
     dba INFINITY HEALTH CONNECTIONS,
13 |
                    Debtor.
14 |

15 |    **JOINT MOTION TO ENFORCE COURT ORDERS AND REQUIRE PREVA**
16 |    **ADVANCED SURGICARE – THE WOODLANDS, LLC TO REMIT**
       **PAYMENTS RELATING TO ACCOUNTS RECEIVABLE**
17 |

18 |        Tecumseh–Infinity Medical Receivable Fund, LP, ("Tecumseh") and HASelect-Medical

19 | Receivables Litigation Finance Fund International LP ("HASelect") jointly move this Court to

20 | enforce this Court's prior order approving abandonment of collateral [ECF No. 97] (the

21 | "Abandonment Order"), this Court's prior order granting HASelect relief from stay pursuant to 11

22 | U.S.C. § 362[1] [ECF No. 106] (the "Relief Order"), and this Court's prior order approving the sale

23 | by the Chapter 7 Trustee Robert E. Atkinson (the "Trustee") to HASelect of all rights, title,

24 | interests, and claims held by Infinity's bankruptcy estate in certain accounts receivable subject to

25 | Tecumseh's claims [ECF No. 184] (the "Sale Order" and collectively with the Abandonment Order

26 |

27 | [1] Unless otherwise stated, all "Chapter" and "Section" references are to Title 11 of the U.S. Code (the "Bankruptcy Code"), all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
28 | and all references to "Local Rules" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada (the "Local Rules").

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

and Relief Order, the ("Orders") with respect to various accounts receivable and collections thereon that are in the hands of third parties, including, but not limited to Preva Advanced SurgiCare – The Woodlands, LLC ("Preva").

## RELEVANT FACTS

1.      Debtor Infinity Capital Management, Inc. ("Debtor" or "Infinity") filed its voluntary chapter 7 petition in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") on September 14, 2021 (the "Petition Date"), commencing the above-referenced, chapter 7 bankruptcy case, (the "Bankruptcy Case").

2.      On September 22, 2021, HASelect and the Trustee filed a joint motion[2] through which the Trustee requested the Court approve the abandonment of the certain accounts receivable and other personal property pledged as collateral (the "Collateral") for loans made to Infinity by HASelect.  On October 15, 2021, the Court entered the Abandonment Order[3] approving the Trustee's abandonment of the Collateral to HASelect.  Among other things, the Abandonment Order instructs that any person who "is or may come into possession of any of the Collateral is hereby authorized and directed to turn over such Collateral to HASelect."

3.      On September 22, 2021, HASelect also filed a motion for relief from automatic stay[4], requesting that the stay be terminated to allow HASelect to take possession and control of the Collateral.  On October 21, 2021, the Cout entered the Relief Order[5] terminating the automatic stay as requested by HASelect.  Similar to the Abandonment Order, the Relief Order instructs that any person who "is or may come into possession of any of the Collateral is hereby authorized and directed to turn over such Collateral to HASelect."

4.      In entering the Abandonment Order and Relief Order, the Court retained jurisdiction regarding matters pertaining to the enforcement of such Orders.

---

[2] ECF No. 12.

[3] ECF No. 97.  A copy of the Abandonment Order is attached hereto as Exhibit 1.

[4] ECF No. 17.

[5] ECF No. 106.  A copy of the Relief Order is attached hereto as Exhibit 2.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

5.      Shortly after the Petition Date, a dispute arose between HASelect and Tecumseh regarding their respective claims to certain accounts receivable acquired from various third parties as identified in documents filed in the Bankruptcy Case at ECF Nos. 201-1 and 201-2 (defined herein as the "Portfolio").[6]

6.      The above-referenced dispute resulted in the filing of an Adversary Proceeding by HASelect captioned *HASelect-Medical Receivables Litigation Finance Fund International SP v. Tecumseh-Infinity Medical Receivables Fund, LP*, Adv. Pro. No. 21-01167-abl in the United States Bankruptcy Court for the District of Nevada on October 19, 2021 (the "Adversary Proceeding"). Tecumseh subsequently asserted counterclaims against both HASelect and the Trustee, who later asserted a counterclaim against Tecumseh relating to the Portfolio.

7.      On December 6, 2021, the Trustee filed a motion to sell the bankruptcy estate's interest, if any, in the Portfolio.[7]  On January 21, 2022, the Court entered an order granting the Trustee's motion and scheduling an auction to take place on February 8, 2022.[8]

8.      On or about January 31, 2022, HASelect and Tecumseh entered into a servicing agreement and an escrow agreement with TPL Claims Management, LLC ("TPL") under which they jointly engaged TPL to service and collect the Portfolio and to hold the proceeds of the Portfolio in escrow pending the final resolution of claims and counterclaims asserted in the Adversary Proceeding.

9.      On February 11, 2022, the Court entered the Sale Order[9] approving the sale of the bankruptcy estate's interest, if any, in the Portfolio to HASelect for a purchase price of $100,000.

10.      The Sale Order plainly provides that the Trustee's sale of the Portfolio to HASelect was made free and clear of all liens, claims, and other encumbrances that could be asserted by any

---

[6] The Portfolio is made up of the accounts receivable described as the "Tecumseh Receivables" in the Relief Order, the Abandonment Order, and the Sale Order.

[7] ECF No. 145.  In the Trustee's motion, the Portfolio is described as the "Tecumseh Receivables."

[8] ECF No. 175.

[9] ECF No. 184.  A copy of the Sale Order is attached hereto as Exhibit 3.  HASelect was later substituted into the Trustee's shoes in the Adversary Proceeding to defend the counterclaim asserted against it by Tecumseh and to prosecute the Trustee's counterclaim against Tecumseh.  *See* Adversary Proceeding ECF No. 81.

person other than HASelect or Tecumseh:

> The sale of the Assets is free and clear of all liens, claims, and encumbrances of any third party other than HASelect and Tecumseh. The Assets are sold subject to whatever rights, title, interests, and encumbrances HASelect and Tecumseh may have in the Tecumseh Receivables. Both HASelect's and Tecumseh's interests in the Assets that existed as of the Petition Date shall remain unaffected by the sale.[10]

11.    Beginning in 2019 and continuing through 2021, Infinity entered a series written agreements with Preva[11] under which Infinity paid over $500,000 to Preva in exchange for which Preva agreed to pay Infinity certain amounts from Preva's collection of certain accounts receivable arising from Preva's business operations as a provider of professional medical services (the "Preva Accounts").

12.    As of the Petition Date, a substantial portion of the Preva Accounts remained uncollected.[12]

13.    The uncollected Preva Accounts are included among both the Collateral abandoned to HASelect pursuant to Abandonment Order and the Portfolio that is the subject of the Sale Order.

14.    Infinity's various written agreements with Preva are all substantially similar and require that Preva service and collect the Preva Accounts and remit all amounts due to Infinity within ten (10) business days of collection.  Such agreements also require that Preva provide monthly reports regarding its collection of the Preva Accounts.[13]

15.    HASelect, through its agents, has attempted to contact Preva regarding payment of collections realized on Preva Accounts included in the Collateral.  Preva, however, has ignored HASelect's efforts and has failed or refused to remit payment to HASelect of proceeds collected on such Preva Accounts.

16.    Similarly, TPL has attempted to contact Preva regarding payment of collections

---

[10] ECF No. 184, p. 3.

[11] An example of one such contract and purchase of accounts receivable by Infinity from Preva is attached hereto as Exhibit 4.

[12] A list of the Preva Accounts included in the Collateral is attached hereto as Exhibit 5.  A list of the Preva Accounts included in the Portfolio is attached hereto as Exhibit 6.

[13] See Exhibit 4, §§ 5 and 6.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

realized on the Preva Accounts included in the Portfolio.  Preva, however, has completely ignored TPL's efforts and has failed or refused to remit payment to TPL of proceeds collected on such Preva Accounts.

17.     As such, HASelect and Tecumseh jointly bring this Motion seeking the entry of an order enforcing this Court's prior Orders and requiring (i) that Preva immediately turn over to HASelect or TPL, as appropriate, all amounts due based on past collections of the Preva Accounts, (ii) that Preva promptly remit to HASelect or TPL, as appropriate, all amounts coming due in the future based on collections of the Preva Accounts, and (iii) that Preva make regular monthly reports to HASelect and TPL regarding collections of the Preva Accounts.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT
**The Court Should Order that Preva Turn Over All Amounts Due Based on Collections of the Preva Accounts.**

19.     The Court should compel Preva to immediately turn over to HASelect or TPL, as appropriate, all unremitted amounts due based on collections to date on the Preva Accounts as well as all such amounts coming due based on future collections of the Preva Accounts.  This relief is contemplated by the Court's prior Orders and is necessary to effectuate them. This Court can and should enforce its prior Orders

20.     Every federal court, including this Court, has jurisdiction to enforce its own orders. *See, e.g.*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (holding that the "Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior order."); *In re United States Commer. Mortg. Co.*, Case No. 06-10725, 2007 Bankr. LEXIS 5126 (D. Nev. July 2, 2007) ("Clearly, a court retains jurisdiction to interpret and enforce its own orders.").

21.     This Court's Relief Order and Abandonment Order expressly state that any person who "is or may come into possession of any of the Collateral is hereby authorized and directed to

turnover such Collateral to HASelect."[14]  There is no language in either such Order that allows for a party in possession of the Collateral to withhold the same without further orders from this Court. By way of the Orders, HASelect holds all rights and interest that Infinity once had in the Collateral, including Infinity's rights to payment under its various contracts with Preva as to the Preva Accounts and all other accounts receivable included in the Collateral.

22.     Similarly, the Sale Order expressly provides that no person other than HASelect or Tecumseh holds any rights or interests in the Portfolio.  As such, there is no basis for Preva, or any other person, to withhold payment of any amounts due in connection with the Preva Accounts or other accounts receivable included in the Portfolio.

23.     Accordingly, the Court should not hesitate to enforce its Orders by granting the relief requested herein.

## **CONCLUSION**

24.     For the reasons stated above, HASelect and Tecumseh respectfully request that the Court enter an order in substantially the same form as Exhibit 7 attached hereto enforcing the Orders as against Preva and expressly requiring (i) that Preva immediately turn over to HASelect or TPL, as appropriate, all amounts due based on past collections of the Preva Accounts, (ii) that Preva promptly remit to HASelect or TPL, as appropriate, all amounts coming due in the future based on collections of the Preva Accounts, and (iii) that Preva make regular monthly reports to HASelect and TPL regarding collections of the Preva Accounts.

Dated August 18, 2022.                          Dated August 18, 2022.
**GARMAN TURNER GORDON LLP**        **SHEA LARSEN PC**

By:  /s/ Michael Napoli, Esq.                   By:  /s/ Bart K. Larsen, Esq.
GERALD M. GORDON, ESQ.                      BART K. LARSEN, ESQ.
WILLIAM M. NOALL, ESQ.                      KYLE M. WYANT, ESQ.
7251 Amigo St., Suite 210                       1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89119                         Las Vegas, Nevada 89134

-and-                                           *Attorneys for HASelect-Medical Recievables*
                                                *Litigation Finance Fund International SP*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

---

[14] *See* Abandonment Order [ECF No. 97] and Relief Order [ECF No. 106], ¶ 8.

1     MICHAEL D. NAPOLI, ESQ.
      *Admitted Pro hac vice*
2     AKERMAN LLP
      2001 Ross Avenue, Suite 3600
3     Dallas, Texas 75201

4     ARIEL E. STERN, ESQ.
      Nevada Bar No. 8276
5     AKERMAN LLP
      1635 Village Center Circle, Suite 200
6     Las Vegas, Nevada 89134

7

8     *Attorneys for Tecumseh–Infinity*
      *Medical Receivable Fund, LP*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

## CERTIFICATE OF SERVICE

1.    On August 18, 2022, I served the following document(s): **JOINT MOTION TO ENFORCE COURT ORDERS AND REQUIRE PREVA ADVANCED SURGICARE – THE WOODLANDS, LLC TO REMIT PAYMENTS RELATING TO ACCOUNTS RECEIVABLE**

2.    I served the above document(s) by the following means to the persons as listed below:

☒    a.    ECF System:

ROBERT E. ATKINSON
Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

BRADFORD IRELAN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
birelan@imtexaslaw.com, jstephens@imtexaslaw.com;dhall@imtexaslaw.com;ynguyen@imtexaslaw.com

DAVID MINCIN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
dmincin@mincinlaw.com, cburke@mincinlaw.com

MICHAEL D. NAPOLI on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com, cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;masterdocketlit@akerman.com

TRENT L. RICHARDS on behalf of Creditor THE INJURY SPECIALISTS
trichards@sagebrushlawyers.com

ARIEL E. STERN on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
mzirzow@lzlawnv.com, carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

☒    b.    United States mail, postage fully prepaid:

Preva Advanced SurgiCare – The Woodlands, LLC
26710 I-45 N. Freeway, Suite B-100
Spring, Texas 77386

1

2    Preva Advanced SurgiCare – The Woodlands, LLC
     c/o Hugh Shannonhouse
3    2702 Andrew Springs Lane
     Spring, Texas 77386

4    Preva Advanced SurgiCare – The Woodlands, LLC
     c/o Registered Agent Solutions, Inc.
5    5301 Southwest Parkway, Suite 400
     Austin, Texas 78735

6
            ☐    c.    Personal Service:
7
     I personally delivered the document(s) to the persons at these addresses:
8
                  ☐    For a party represented by an attorney, delivery was made by
9    handing the document(s) at the attorney's office with a clerk or other person in
     charge, or if no one is in charge by leaving the document(s) in a conspicuous place
10   in the office.

11                ☐    For a party, delivery was made by handling the document(s)
     to the party or by leaving the document(s) at the person's dwelling house or usual
12   place of abode with someone of suitable age and discretion residing there.

13          ☐    d.    By direct email (as opposed to through the ECF System):
     Based upon the written agreement of the parties to accept service by email or a
14   court order, I caused the document(s) to be sent to the persons at the email
     addresses listed below. I did not receive, within a reasonable time after the
15   transmission, any electronic message or other indication that the transmission was
     unsuccessful.
16
            ☐    e.    By fax transmission:
17
     Based upon the written agreement of the parties to accept service by fax
18   transmission or a court order, I faxed the document(s) to the persons at the fax
     numbers listed below. No error was reported by the fax machine that I used. A copy
19   of the record of the fax transmission is attached.

20          ☐    f.    By messenger:

21   I served the document(s) by placing them in an envelope or package addressed to
     the persons at the addresses listed below and providing them to a messenger for
22   service.

23   I declare under penalty of perjury that the foregoing is true and correct.

24   Dated: August 18, 2022.

25                              By: /s/ Bart K. Larsen, Esq.

26

27

28

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# EXHIBIT 1

1

2



3

_____
Honorable August B. Landis
United States Bankruptcy Judge

4

Entered on Docket
October 15, 2021

5

6    Bart K. Larsen, Esq.
Nevada Bar No. 8538

7    Kyle M. Wyant, Esq.
Nevada Bar No. 14652

8    **SHEA LARSEN**
1731 Village Center Circle, Suite 150

9    Las Vegas, Nevada 89134
Telephone: (702) 471-7432

10   Fax: (702) 926-9683
Email:  blarsen@shea.law

11            kwyant@shea.law

12   *Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

13

14              **UNITED STATES BANKRUPTCY COURT**

15                     **DISTRICT OF NEVADA**

16   In re:

17        INFINITY CAPITAL MANAGEMENT, INC.

18                Debtor.

|   |   |
|---|---|
| Case No. 21-14486-abl | |
| Chapter 7 | |
| | |
| Date: October 12, 2021 | |
| Time: 3:00 p.m. | |

19

20

21   **ORDER GRANTING JOINT MOTION OF CHAPTER 7 TRUSTEE AND SECURED**
**CREDITOR HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND**
**INTERNATIONAL SP TO APPROVE ABANDONMENT OF COLLATERAL**

22

23        The *Joint Motion of Chapter 7 Trustee and Secured Creditor HASelect-Medical Receivables*

24   *Litigation Finance Fund International SP to Approve Abandonment of Collateral* [ECF No. 12] (the

25   "Motion") filed by Chapter 7 Trustee Robert E. Atkinson ("Trustee") and HASelect-Medical

26   Receivables Litigation Finance Fund International SP ("HASelect") came before the Court for

27   hearing on October 12, 2021.  The Trustee appeared personally and through his counsel of record,

28   Clarisse L. Crisostomo, Esq. of the law firm of Atkinson Law Associates Ltd.  HASelect appeared

*(left margin, vertical text)* **SHEA LARSEN** 1731 Village Center Circle, Suite 150 Las Vegas, Nevada 89134 (702) 471-7432

through its counsel of record, Bart K. Larsen, Esq. of the law firm of Shea Larsen. Debtor Infinity Capital Management, Inc. ("Debtor" or "Infinity") appeared through its counsel of record, Matthew C. Zirzow, Esq. of the law firm of Larson & Zirzow. HealthPlus Imaging of Texas, LLC appeared through its counsel of record, David Mincin, Esq. of the law firm of Mincin Law, PLLC and Jacob M. Stephens, Esq. of the law firm of Irelan McDaniel, PLLC. Tecumseh – Infinity Medical Receivables Fund, L.P. appeared through its counsel of record, Michael D. Napoli, Esq. of the law firm of Akerman LLP.

At the hearing, the Court heard argument and representations from counsel, deliberated thereon, and then read its ruling into the record. All findings of fact and conclusions of law orally stated by the Court at the hearing are incorporated herein pursuant to Fed. R. Civ. P. 52, as made applicable to these proceedings via Fed. R. Bankr. P. 9014(c) and 7052. For the reasons stated on the record by the Court at the hearing,

**IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED;

2.      The Trustee is hereby authorized and directed to abandon the Collateral (as defined in the Motion) to HASelect;

3.      The abandonment ordered and directed and relief granted herein shall specifically exclude the non-Collateral Confidential Information (as defined in Party in Interest HealthPlus Imaging of Texas, LLC's ("HealthPlus") *Limited Objection to Chapter 7 Trustee and HASelect – Medical Receivables Litigation Finance Fund International SP's Joint Motion to Approve Abandonment of Collateral* [ECF No. 77] ("Limited Objection")) in Debtor's possession relating to receivables owned by HealthPlus (and as identified in Exhibits A-1 and A2 of HealthPlus' Limited Objection);

4.      The abandonment ordered and directed and relief granted herein shall specifically exclude the Tecumseh Receivables as defined in Party in Interest Tecumseh – Infinity Medical Receivable Fund, LP's ("Tecumseh") *Objection to Joint Motion to Approve Abandonment of Collateral* [ECF No. 82] ("Tecumseh Objection") and as identified in Exhibit A and, to the extent

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

marked as assigned to Tecumseh, Exhibit B to the Meyer Declaration [ECF No. 59] as well as any records relating exclusively thereto or any proceeds thereof, and, to the extent that there are records that relate both to the Collateral and to the Tecumseh Receivables, the Trustee will retain a copy of such records pending further order of this Court;

5.    This order shall not apply to the money in deposit accounts held in the name of the Debtor on the Petition Date (which is now in the possession of the Trustee, and held in estate accounts), and such funds shall not be deemed abandoned;

6.    Infinity and its officers, directors, and agents shall promptly deliver or make available to HASelect any and all Collateral that remains in their possession or control, including all copies of physical documents and electronically stored information constituting Collateral, as well as any and all such Collateral that may come into their possession or control in the future;

7.    Infinity and its officers, directors, and agents shall reasonably cooperate with HASelect in its efforts to locate and take possession or control of the Collateral and shall not impede or otherwise interfere in such efforts in any way;

8.    Any person that is or may come into possession of any of the Collateral is hereby authorized and directed to turnover such Collateral to HASelect;

9.    Any person obligated as to payment of any account receivable included in the Collateral is hereby authorized and directed to remit payment when due directly to HASelect or its designee at such location as HASelect may designate;

10.    HASelect is authorized and entitled to endorse any check made payable to Infinity relating to any account receivable included within the Collateral;

11.    The Bankruptcy Court shall retain jurisdiction to interpret and enforce the provisions of this Order; and

12.    This Order shall take effect immediately upon entry and shall not be stayed pursuant to Bankruptcy Rules 6004(h) or otherwise.

IT IS SO ORDERED.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1

2    Submitted by:

3    **SHEA LARSEN**

4    /s/ *Bart K. Larsen, Esq.*
     Bart K. Larsen, Esq.
5    Nevada Bar No. 8538
     1731 Village Center Circle, Suite 150
6    Las Vegas, Nevada 89134

7    *Attorneys for HASelect-Medical Receivables*
     *Litigation Finance Fund International SP*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐     The court has waived the requirement set forth in LR 9021(b)(1).

☐     No party appeared at the hearing or filed an objection to the motion.

☒     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

| Name | Approve | Reject | No Response |
|------|---------|--------|-------------|
| Robert E. Atkinson, Esq.<br>Chapter 7 Trustee | ☒ | ☐ | ☐ |
| Clarisse L. Crisostomo, Esq.<br>*Attorney for Chapter 7 Trustee* | ☒ | ☐ | ☐ |
| Matthew C. Zirzow, Esq.<br>*Attorney for Debtor Infinity Capital Management, Inc.* | ☒ | ☐ | ☐ |
| Michael D. Napoli, Esq.<br>*Attorney for Tecumseh – Infinity Medical Receivables Fund, L.P.* | ☒ | ☐ | ☐ |
| David Mincin, Esq.<br>Jacob M. Stephens, Esq.<br>*Attorneys for HealthPlus Imaging of Texas, LLC* | ☒ | ☐ | ☐ |

☐     I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

                            */s/ Bart K. Larsen, Esq.*
                            Bart K. Larsen, Esq.

# # #

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# EXHIBIT 2

_____

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
October 21, 2021

Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
           kwyant@shea.law

*Attorneys for HASelect-Medical
Receivables Litigation Finance Fund
International SP*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

INFINITY CAPITAL MANAGEMENT,
INC.

Debtor.

Case No. 21-14486-abl
Chapter 7

Date: October 12, 2021
Time: 3:00 p.m.

**<u>ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

The *Motion for Relief from Automatic Stay* (the "<u>Motion</u>") [ECF No. 17] filed by HASelect-Medical Receivables Litigation Finance Fund International SP ("<u>HASelect</u>") came before the Court for hearing on October 12, 2021.  HASelect appeared through its counsel of record, Bart K. Larsen, Esq. of the law firm of Shea Larsen.  The Chapter 7 Trustee Robert E. Atkinson, Esq. appeared personally and through his counsel of record, Clarisse L. Crisostomo, Esq. of the law firm of Atkinson Law Associates Ltd.  Debtor Infinity Capital Management, Inc. ("<u>Debtor</u>" or "<u>Infinity</u>") appeared through its counsel of record, Matthew C. Zirzow, Esq. of the law firm of Larson & Zirzow.  HealthPlus Imaging of Texas, LLC appeared through its counsel of record, David Mincin, Esq. of the

law firm of Mincin Law, PLLC and Jacob M. Stephens, Esq. of the law firm of Irelan McDaniel, PLLC.  Tecumseh – Infinity Medical Receivables Fund, L.P. appeared through its counsel of record, Michael D. Napoli, Esq. of the law firm of Akerman LLP.

At the hearing, the Court heard argument and representations from counsel, deliberated thereon, and then read its ruling into the record.  All findings of fact and conclusions of law orally stated by the Court at the hearing are incorporated herein pursuant to Fed. R. Civ. P. 52, as made applicable to these proceedings via Fed. R. Bankr. P. 9014(c) and 7052.  For the reasons stated on the record by the Court at the hearing,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED;

2. The automatic stay imposed under section 362(a) of the Bankruptcy Code shall terminate, effective immediately upon the entry of this Order, as to the Collateral (as defined in the Motion) to permit HASelect to immediately take possession and control of the Collateral, wherever it may be located, and to otherwise enforce its security interest and rights in the Collateral consistent with its rights under the MLA and applicable law;

3. The termination of the automatic stay ordered and directed and the relief granted herein shall specifically exclude the non-Collateral Confidential Information (as defined in Party in Interest HealthPlus Imaging of Texas, LLC's ("HealthPlus") *Limited Objection to Chapter 7 Trustee and HASelect – Medical Receivables Litigation Finance Fund International SP's Joint Motion to Approve Abandonment of Collateral* [ECF No. 77] ("Limited Objection")) in Debtor's possession relating to receivables owned by HealthPlus (and as identified in Exhibits A-1 and A2 of HealthPlus' Limited Objection);

4. The termination of the automatic stay ordered and directed and the relief granted herein shall specifically exclude the Tecumseh Receivables as defined in Party in Interest Tecumseh – Infinity Medical Receivable Fund, LP's ("Tecumseh") *Objection to Joint Motion to Approve Abandonment of Collateral* [ECF No. 82] ("Tecumseh Objection") and as identified in Exhibit A and, to the extent marked as assigned to Tecumseh, Exhibit B to the Meyer Declaration [ECF No.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

59] as well as any records relating exclusively thereto or any proceeds thereof, and, to the extent that there are records that relate both to the Collateral and to the Tecumseh Receivables, the Trustee will retain a copy of such records pending further order of this Court;

5.      HASelect shall not, without further court order, take possession or control of the money in deposit accounts held in the name of the Debtor on the Petition Date (which is now in the possession of the Trustee, and held in estate accounts);

6.      Infinity and its officers, directors, and agents shall promptly deliver or make available to HASelect any and all Collateral that remains in their possession or control, including all copies of physical documents and electronically stored information constituting Collateral, as well as any and all such Collateral that may come into their possession or control in the future;

7.      Infinity and its officers, directors, and agents shall reasonably cooperate with HASelect in its efforts to locate and take possession or control of the Collateral and shall not impede or otherwise interfere in such efforts in any way;

8.      Any person that is or may come into possession of any of the Collateral is hereby authorized and directed to turnover such Collateral to HASelect;

9.      Any person obligated as to payment of any account receivable included in the Collateral is hereby authorized and directed to remit payment when due directly to HASelect or its designee at such location as HASelect may designate;

10.     HASelect is authorized and entitled to endorse any check made payable to Infinity relating to any account receivable included within the Collateral;

11.     The Bankruptcy Court shall retain jurisdiction to interpret and enforce the provisions of this Order; and

12.     This Order shall take effect immediately upon entry and shall not be stayed pursuant to Bankruptcy Rules 4001(a)(3) or otherwise.

**IT IS SO ORDERED.**

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1

2 Prepared and Submitted:

3

4 /s/ *Bart K. Larsen, Esq.*
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
5 SHEA LARSEN
1731 Village Center Circle, Suite 150
6 Las Vegas, Nevada 89134

7 *Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court has waived the requirement set forth in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

| Name | Approve | Reject | No Response |
|------|:-------:|:------:|:-----------:|
| Robert E. Atkinson, Esq.<br>Chapter 7 Trustee | ☒ | ☐ | ☐ |
| Clarisse L. Crisostomo, Esq.<br>*Attorney for Chapter 7 Trustee* | ☒ | ☐ | ☐ |
| Matthew C. Zirzow, Esq.<br>*Attorney for Debtor Infinity Capital Management, Inc.* | ☒ | ☐ | ☐ |
| Michael D. Napoli, Esq.<br>*Attorney for Tecumseh – Infinity Medical Receivables Fund, L.P.* | ☒ | ☐ | ☐ |
| David Mincin, Esq.<br>Jacob M. Stephens, Esq.<br>*Attorneys for HealthPlus Imaging of Texas, LLC* | ☒ | ☐ | ☐ |

☐    I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.

# # #

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# EXHIBIT 3



Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
February 11, 2022

CLARISSE L. CRISOSTOMO, ESQ., Bar No. 15526
Email: clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd, Suite 130
Las Vegas, NV 89119
Telephone:  (702) 614-0600
*Attorney for Robert E. Atkinson, Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br>*dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>**ORDER APPROVING SALE**<br><br>Hearing Date:  February 8, 2022<br>Hearing Time:  1:30 p.m. |

A sale/auction hearing came on before the Court on February 8, 2022 at 1:30 p.m. ("***Sale Hearing***").  Appearances at the Sale Hearing were as noted in the record.

The chapter 7 trustee ("***Trustee***") had sought approval of the sale of certain assets to buyer HASelect-Medical Receivables Litigation Finance Fund International SP ("***HASelect***") for $100,000.00 and on the other terms and conditions of the Asset Purchase agreement ("***APA***") attached as Exhibit 1 to the Trustee's motion to approve sale [DE #145] ("***Sale Motion***"), subject to overbid at auction pursuant to certain bid procedures ("***Procedures***").

-1-

The specific assets being sold hereunder are:

1) Whatever interest the Bankruptcy Estate has in the Tecumseh Receivables (inclusive of the monies from the TIF Checks, and the monies from the TIF+HAS Checks), if any, and subject to the rights, title, and interests that Tecumseh-Infinity Medical Receivables Fund, LP ("**_Tecumseh_**") may have in this property, if any.

2) All claims and causes of action that could be brought by the Trustee or the Bankruptcy Estate against any third party relating in any way to the Tecumseh Receivables, pursuant to (i) chapter five of title 11 of the United States Code, or (ii) all applicable or relevant state or federal laws (collectively, the "**_Claims_**"). For avoidance of doubt, the Claims include, but are not limited to, all causes of action that could be brought by the Trustee pursuant to Sections 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, and 553 of the United States Bankruptcy Code for any matter relating in any way to the Tecumseh Receivables.

3) All books and records related to the foregoing that the Bankruptcy Estate currently has in its possession, in whatever form and wherever located.

(collectively, the "**_Assets_**").[1]

The Sale Hearing was held pursuant to prior Court order entitled ORDER GRANTING IN PART, AND DENYING IN PART, THE TRUSTEE'S MOTION TO: (I) APPROVE SALE OF CERTAIN ASSETS; (II) SET SALE/AUCTION PROCEDURES; AND (III) SET AUCTION HEARING DATE [DE #175] ("**_Sale Procedures Order_**").

At the Sale Hearing, the Trustee informed the Court: (i) that a new servicer for the Tecumseh Receivables was now in place[2]; and (ii) that no overbidders had pre-qualified to bid

---

[1] The term "**_Tecumseh Receivables_**" is as defined in Tecumseh – Infinity Medical Receivable Fund, LP's Objection to Joint Motion to Approve Abandonment of Collateral [ECF No. 82] and as identified in Exhibit A and, to the extent marked as assigned to Tecumseh, Exhibit B to the Meyer Declaration [ECF No. 59], as well as any records relating exclusively thereto or any proceeds thereof. The term "Tecumseh Receivables" shall also include any modification or substitution of that Exhibit A and Exhibit B allowed by the Court pursuant to Tecumseh's Motion to Allow Amendment of Declaration [DE #177]. The term "**_TIF Checks_**" shall include all funds received from checks from certain of the Tecumseh Receivables, and as deposited by the Trustee in a segregated estate account (ending x3146), currently in the amount of $115,842.90. The term "**_TIF + HAS Checks_**" shall include all funds received from checks from certain other receivables that include Tecumseh Receivables, and as deposited by the Trustee in a segregated estate account (ending x3154), currently in the amount of $23,900.00.

[2] The accounts are being serviced by TPL Claims Management, LLC ("**_Servicer_**").

pursuant to the Procedures approved in the Sale Procedures Order. The Trustee observed that therefore no auction need be held, and that the APA could simply be approved by the Court. The Trustee also renewed his request to have HASelect be deemed a good-faith purchaser and be afforded the protections of 11 U.S.C. § 363(m) as part of any approved sale.

The Court determined that, in the absence of any qualified bidder other than HASelect, no auction was necessary and that approval of the APA was in the best interests of the estate. The Court expressly found that HASelect is a good-faith purchaser of the Assets, and therefore entitled to the protections of Section 363(m). All other findings of fact and conclusions of law orally stated by the Court at the February 8, 2022 hearing are incorporated herein pursuant to Fed. R. Civ. P. 52, as made applicable to these proceedings via Fed. R. Bankr. P. 9014(c) and 7052. For the reasons stated by the Court on the record at the hearing,

**IT IS HEREBY ORDERED:**

1. The APA (attached hereto as **Exhibit 1**) is approved on a final basis, and the sale of the Assets to HASelect for $100,000.00 is approved. HASelect shall promptly remit the entire purchase price to the Trustee.

2. For avoidance of doubt, the following term contained in Section 1.04 of the APA is expressly incorporated in this order:

- Upon Court approval of the Sale, all books and records of the Debtor pertaining to the Tecumseh Receivables, wherever located and in any form, shall be turned over to HASelect, and HASelect shall be empowered to enforce said turnover against any party.

3. For avoidance of doubt, the following sale terms previously approved in the Sale Procedures Order are restated and incorporated herein:

- The sale of the Assets is free and clear of all liens, claims, and encumbrances of any third party other than HASelect and Tecumseh. The Assets are sold subject to whatever rights, title, interests, and encumbrances HASelect and Tecumseh may have in the Tecumseh Receivables. Both HASelect's and Tecumseh's interests in the Assets that existed as of the Petition Date shall remain unaffected by the sale.

- HASelect shall take the Assets in an "as-is" condition, and HASelect shall be subject to and bound by the terms found in paragraph 13 of the Sale Motion. Such terms are incorporated herein by reference.

4.     The Trustee is authorized and instructed to remit the following funds to the Servicer:

- $115,842.90 in funds from the TIF Checks, as currently held in estate bank account ending x3146;

- $23,900.00 in funds from the TIF + HAS Checks, as currently held in estate bank account ending x3154; and

- Any checks or funds relating to the Tecumseh Receivables that may be received by the Trustee in the future, from any source.

Such funds are no longer property of the estate, to any extent that they ever were.

5.     HASelect is hereby afforded the protections found in 11 U.S.C. § 363(m).

6.     Entry of this Order on the docket of the bankruptcy case shall be sufficient evidence of the transfer of title of the Assets to HASelect. The Trustee is also authorized and empowered to execute a bill of sale or any other document consistent with this Order that may be reasonably appropriate to evidence its consummation.

7.     This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

**IT IS SO ORDERED.**

# # # # #

Respectfully submitted by:

_____/s/ Clarisse Crisostomo_____
CLARISSE L. CRISOSTOMO, ESQ.
Nevada Bar No. 15526
*Attorney for Robert E. Atkinson, Trustee*

## <u>CERTIFICATION re: RULE 9021</u>

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court has waived the requirements set forth in LR 9021(b)(1).

☐    No other party appeared at the hearing or filed an objection to the motion.

☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Gabrielle A. Hamm, Esq. (*counsel for Tecumseh*) – APPROVED
Bart Larsen, Esq. (*counsel for HASelect*) – APPROVED

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # # # #

# EXHIBIT 1

# to

# ORDER

# ASSET PURCHASE AGREEMENT

This asset purchase agreement ("***Agreement***"), is made by and between seller THE BANKRUPTCY ESTATE OF INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS, by and through chapter 7 trustee Robert E. Atkinson ("***Bankruptcy Estate***" or "***Seller***") arising from Nevada chapter 7 bankruptcy case no. 21-14486-abl (the "***Bankruptcy Case***"), and buyer HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, a segregated portfolio company of HedgeACT International SPC Ltd., a Cayman Islands corporation ("***HASelect***"). Together, HASelect and Seller may be referred to hereafter individually as a "***Party***" or collectively as the "***Parties***".

## RECITALS

WHEREAS, Seller is a bankruptcy estate formed by the filing of the Bankruptcy Case on September 14, 2021 ("***Petition Date***"); and

WHEREAS, Robert E. Atkinson ("***Trustee***") is the appointed chapter 7 trustee for the Bankruptcy Estate; and

WHEREAS, pre-petition, debtor Infinity Capital Management Inc. ("***Debtor***") was engaged in the business of purchasing receivables from medical providers; and

WHEREAS, HASelect is a secured creditor of the Debtor and holds a perfected security interest in substantially all personal property owned by the Debtor; and

WHEREAS, on October 15, 2021, an order was entered in the Bankruptcy Case [ECF No. 97] abandoning the Debtor's interest in certain of Debtor's collateral, which excluded the following portfolio:

- The Tecumseh Receivables as defined in Tecumseh – Infinity Medical Receivable Fund, LP's Objection to Joint Motion to Approve Abandonment of Collateral [ECF No. 82] and as identified in Exhibit A and, to the extent marked as assigned to Tecumseh, Exhibit B to the Meyer Declaration [ECF No. 59], as well as any records relating exclusively thereto or any proceeds thereof

(hereinafter, the "***Tecumseh Receivables***"); and

WHEREAS, on October 19, 2021, HASelect commenced an adversary proceeding against Tecumseh in the District of Nevada (adversary case no. 21-01167) (the "***AP Case***") seeking declaratory and injunctive relief regarding the Tecumseh Receivables; and

WHEREAS, the Trustee received from the Debtor's principal, and on October 26, 2021 were deposited into segregated estate bank accounts:

- A total of $75,402.85 in checks from certain of the Tecumseh Receivables (the "***TIF Checks***")
- A total of $13,400.00 in checks from certain other receivables that include Tecumseh Receivables (the "***TIF+HAS Checks***");

and

Doc ID: 4c38b2ce62a53868d9b4859730e6170ce02193fb

WHEREAS, Seller has agreed to sell the following assets to HASelect (collectively, the "**_Assets_**"), on the terms and conditions herein:

1) Whatever interest the Bankruptcy Estate has in the Tecumseh Receivables (inclusive of the $75,402.85 in monies from the TIF Checks, and the $13,400.00 in monies from the TIF+HAS Checks), if any, and subject to the rights, title, and interests that Tecumseh-Infinity Medical Receivables Fund, LP ("**_Tecumseh_**") may have in this property, if any.

2) All claims and causes of action that could be brought by the Trustee or the Bankruptcy Estate against any third party relating in any way to the Tecumseh Receivables, pursuant to (i) chapter five of title 11 of the United States Code, or (ii) all applicable or relevant state or federal laws (collectively, the "**_Claims_**").  For avoidance of doubt, the Claims include, but are not limited to, all causes of action that could be brought by the Trustee pursuant to Sections 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, and 553 of the United States Bankruptcy Code for any matter relating in any way to the Tecumseh Receivables.

3) All books and records related to the foregoing that the Bankruptcy Estate currently has in its possession, in whatever form and wherever located.

NOW, THEREFORE, the Parties, intending to be legally bound, do hereby agree as follows:

## ARTICLE I.  SALE AND PURCHASE

Section 1.01  **Bankruptcy Court Approval Required**.  The Parties acknowledge and agree that this Agreement, inclusive of the sale contemplated herein, is contingent upon Bankruptcy Court approval and may be terminated without cause by any Party at any time prior to the hearing on the Sale Motion.  The Trustee shall prepare and file a motion to obtain approval of this sale, inclusive of auction procedures (the "**_Sale Motion_**"), and shall seek to have the Sale Motion heard on shortened time.

Section 1.02  **Purchase and Sale**.  Subject to overbid at auction and all other terms and conditions of this Agreement, Seller hereby sells, assigns, and transfers the Assets to HASelect, as follows:

    a.  **Purchase Price**.  The purchase price for the Assets ("**_Purchase Price_**") is $100,000.00.

- The Purchase Price shall be new money to the estate, unsecured, and shall be available for the Trustee to use for payment of allowed administrative expenses and general unsecured claims in the Bankruptcy Case.

- The Purchase Price shall be subject to overbid, in accordance with the terms of this Agreement and any procedures that may be established by the Court.

- The Purchase Price shall be remitted to the Trustee in good funds prior to the hearing on the Motion to Sell or at such other time as the Trustee and HASelect may agree.  The Trustee shall hold the funds in trust in a segregated estate account, pending final approval of the Sale.

- If HASelect is not the winning bidder at the Sale, then the Trustee shall promptly remit the Purchase Price back to HASelect.

Doc ID: 4c38b2ce62a53868d9b4859730e6170ce02193fb

b. **Auction**.  The sale contemplated herein (the "***Sale***") shall be confirmed by the Bankruptcy Court via an auction, to be held at a date and time set by the Bankruptcy Court (the "***Auction***").  At the Auction, the Bankruptcy Court will call for overbids, in an auction format, pursuant to any procedures that may be set by the Court. An authorized representative of HASelect should attend the Auction and be prepared to overbid.

c. **Credit Bid**.  Contingent upon any auction procedures that may be entered by the Court, HASelect shall be permitted to credit bid on the amounts of any of its bids in excess of the Purchase Price, up to the total amount owed shown on a proof of claim filed by HASelect in the Bankruptcy Case.

   - For avoidance of doubt, if HASelect enters a bid of $150,000 and that is the winning bid, then that amount shall consist of the $100,000 Purchase Price previously remitted to the Trustee, plus a $50,000 credit bid.

   - If HASelect is the winning bidder at the Auction, HASelect shall amend its proof of claim to adjust it for any portion of the winning bid that is a credit bid.

   - If, at the Auction, HASelect bids more than its available credit bid, then any portion of its winning bid in excess of its available credit bid shall require the payment of new funds to the Bankruptcy Estate.

Section 1.03  **Transfer of Ownership Only Upon Court Approval of Sale**.  The Sale contemplated herein shall consummate only after the Auction is held, and a court order approving the Sale to HASelect is entered on the docket of the Bankruptcy Case.

Section 1.04  **Modified Section 363(f) Sale; No Warranties**.  HASelect has had an opportunity to investigate the Tecumseh Receivables and the other Assets, and agrees to purchase the Assets subject to the conditions below.

   - The Assets will be sold subject to HASelect's lien, **and also** whatever rights, title, and interests that Tecumseh has in the Tecumseh Receivables, if any.  Both HASelect's and Tecumseh's interests in the Assets that existed as of the Petition Date shall remain unaffected by the Sale.

   - Other than HASelect and Tecumseh, the Trustee is unaware of any interest of any other third party in the Assets.  As such, the Trustee agrees to sell the Assets pursuant to Section 363(f) of the Bankruptcy Code excluding these two parties, i.e., the Sale of the Assets shall be made free and clear of the liens, claims, and encumbrances of any third party other than HASelect and Tecumseh.

   - HASelect waives all further due diligence in the Assets.

   - HASelect is in possession of certain books and records of the Debtor relating to the Tecumseh Receivables, including computer records and paper records.  The Trustee only has a list of the Tecumseh Receivables, as found in Court records. Upon Court approval of the Sale, all books and records of the Debtor pertaining to the Tecumseh Receivables, wherever located and in any form, shall be turned over to HASelect, and HASelect shall be empowered to enforce said turnover against any party.

   - Seller makes no representations or warranties to HASelect whatsoever, express or

Doc ID: 4c38b2ce62a53868d9b4859730e6170ce02193fb

implied, regarding the Assets, including but not limited to the condition, value, title, or collectability of the Tecumseh Receivables.

- HASelect expressly understands and agrees that:

    (i)   the Assets being sold include whatever interest the Bankruptcy Estate has in the Tecumseh Receivables (inclusive of the funds from the TIF Checks and TIF+HAS Checks), if any, and that litigation is required to determine what interest the Bankruptcy Estate had in such Assets as of the Petition Date; and

    (ii)   the Bankruptcy Estate may not have any right, title, or interest in the Tecumseh Receivables.

- HASelect, not the Bankruptcy Estate or the Trustee, shall be responsible for and shall bear all fees, costs, and expenses to obtain clear title on the Assets, to service and monetize the Assets, and to prosecute the Claims purchased herein (which shall be prosecuted in HASelect's name, as successor-in-interest to the Claims).

- Upon Court approval of the Sale, the Assets shall no longer be property of the Bankruptcy Estate and neither the Trustee nor the Bankruptcy Estate shall have any obligation whatsoever regarding the Assets. **For avoidance of doubt, litigation of the dispute in the AP Case as to whether the Assets are property of the Bankruptcy Estate is <u>not</u> resolved by the Sale**. HASelect's claims and causes of action relating to the Tecumseh Receivables in the AP Case, along with any related counterclaims of Tecumseh regarding title to the Assets on the Petition Date, shall survive the Sale. After the Sale is consummated, neither the Trustee nor the Bankruptcy Estate shall have any obligation to prosecute or defend any dispute (in the AP Case or otherwise) regarding title to the Assets on the Petition Date.

- HASelect expressly understands and agrees that the Bankruptcy Case has not been designated an operating chapter 7 case, and that the Tecumseh Receivables have not been serviced by the Debtor or the Bankruptcy Estate since the Petition Date, and hereby waives any and all claims against the Estate and the Trustee relating to this non-servicing and any diminishment of the Assets that may have occurred prior to the Sale, if any.

## ARTICLE II. <u>GENERAL PROVISIONS</u>

Section 2.01   **<u>Limitation of Liability</u>**.  Neither Party will be liable to the other for losses or damages (including special or consequential damages such as lost profits or loss of use) arising from any cause of action related to this Agreement, whether in contract, tort, or otherwise.

Section 2.02   **<u>Assignment and Succession</u>**.  This Agreement is binding on and enforceable by each Party's successors and assignees.  If HASelect is the winning bidder at the Auction, then after the Sale is consummated it may freely assign its rights and interests in and to the Assets to a third party, without further court order required.

Section 2.03   **<u>Governing Law</u>**.  Any disputes between the Parties relating to or arising from this Agreement, of any kind or nature, shall be determined in the Bankruptcy Court, District of

Doc ID: 4c38b2ce62a53868d9b4859730e6170ce02193fb

Nevada, and the parties do consent to personal jurisdiction of such court.

Section 2.04    **Severability**.  If any court determines that any provision of this agreement is invalid or unenforceable, any invalidity or unenforceability will affect only that provision and will not make any other provision of this agreement invalid or unenforceable.

Section 2.05    **Full Integration**.  The Parties actively negotiated the terms of this Agreement.  This Agreement sets forth the entire agreement of the Parties as to the Receivables and the Sale.  It replaces and supersedes any and all oral agreements or statements made between the Parties relating to the Assets and the Sale, as well as any prior writings.  There are no side agreements or other agreements or contracts, oral or otherwise, between the Parties relating to the subject matter of this Agreement.  HASelect has relied solely on its own investigation and not on any oral or written information provided by Seller or its attorneys.  Neither Party have relied upon any statements other than those specifically contained in this Agreement.

Section 2.06    **Authority**.  The signatory below for each Party has the authority to bind that Party.  Both Parties have had the full opportunity to have their own legal counsel review the terms and conditions of this Agreement.

Section 2.07    **Modification**.  This Agreement may be modified only by a writing signed by all Parties.  After Bankruptcy Court approval of this Agreement, if cannot be modified without Bankruptcy Court approval of such modification.

Section 2.08    **Counterparts**.  This Agreement may be executed in a number of counterparts, each of which shall be deemed an original and all of which together shall constitute the same document.  Delivery by facsimile or email of an executed counterpart shall have the same force and effect as a delivery in person of that document.

Section 2.09    **Further Assurances**.  Each Party shall use all reasonable best efforts to take, or cause to be taken, all actions, and to do, or cause to be done, and to assist and cooperate with the other Parties in doing, all things necessary, proper or advisable to carry out the intent and purposes of this Agreement.

* * * * *

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective authorized officers as of the day and year first above written.

**THE BANKRUPTCY ESTATE OF INFINITY CAPITAL MANAGEMENT, INC. dba INFINITY HEALTH CONNECTIONS**

Robert E. Atkinson, *in his capacity as chapter 7 Trustee of the Bankruptcy Estate of INFINITY CAPITAL MANAGEMENT, INC. dba INFINITY HEALTH CONNECTIONS, a Nevada corporation, Nevada Bankruptcy Case No. 21-14486-abl*

Doc ID: 4c38b2ce62a53868d9b4859730e6170ce02193fb

**HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP**

By: _____

Printed Name: Michael E Griffin _____

Its: Director _____

Doc ID: 4c38b2ce62a53868d9b4859730e6170ce02193fb

# EXHIBIT 4

## PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT (this "Agreement") dated as of June 2, 2020 ("Effective Date"), by and between **Infinity Capital Management**, a Nevada corporation ("Infinity" or "Purchaser/Buyer") and Preva Advanced Surgicare – The Woodlands, LLC  a Texas limited liability partnership ("Preva" or "Seller").  Any reference herein to the "Parties" shall mean both Seller and Buyer.

        A.       Preva is a business entity operating in the State of Texas; and

        B.       In conducting its business operations, Preva has certain accounts receivable that it desires to sell to Buyer; and

        C.       Buyer desires to purchase said accounts receivable from Seller; and

        D.       Seller desires to sell to Buyer and Buyer desires to purchase from Seller the accounts receivable identified herein on the terms and conditions set forth herein.

NOW THEREFORE, in consideration of mutual covenants, conditions and agreements contained herein, the Parties agree as follows:

        1.       TERM. The term of this Agreement shall be twelve (12) months from the Effective Date ("Initial Term"). The Initial Term shall automatically renew for successive twelve (12) month terms unless earlier terminated by one of the Parties in accordance with this Agreement.  Any term after the Initial Term shall be referred to as a "Successive Term." Any reference herein to the "Term" shall mean the Initial Term and all Successive Terms.

        2.       ACCOUNTS RECEIVABLE  From time to time, Seller shall provide Buyer the right to purchase all rights, title and interest of Seller in and to Seller's  accounts receivables as listed on the attached Exhibit "A" (the "Accounts"), including, but not limited to, the rights to payments which Seller has or may acquire in the future regarding said Accounts. The Accounts that Buyer desires to purchase from Seller as identified by Buyer pursuant to the terms of this Agreement shall be referred to herein as the "Purchased Accounts."

        3.       GROSS CHARGES FOR ACCOUNTS RECEIVABLE.  The Seller undertakes to provide Buyer with a copy of the current Chargemaster being used in creating the claims for Seller's Accounts Receivable. Should the Chargemaster be increased, this Agreement will need to be amended and may require a renegotiation of the Purchase Price paid by Buyer according to Section 4, of this Agreement as well as the Associated Fee as per Section 5 of this Agreement.

        4.       PURCHASE PRICE FOR ACCOUNTS RECEIVABLES. The purchase price for the Accounts Receivables shall be Twenty Two Percent of the Gross Fee Billing for each Account Receivable Claim, although each purchase will be funded as a batch. The Gross Charges for each batch of receivables will be confirmed between the Parties upon verification that all required documentation has been submitted to Buyer pursuant to Section 9 of this Agreement provided that the Gross Fee Billing remains below One Hundred and Fifty Thousand Dollars ($150,000). For any Accounts that exceed One Hundred and Fifty Thousand Dollars, Buyer requires that the Seller  has performed adequate underwriting due diligence to substantiate the collectability of these Accounts with the attorneys associated with those larger Accounts, prior to submitting these Accounts to the Buyer to be purchased. Such due diligence will include additional information as available. Infinity can and will assist Seller with the Due Diligence process. In addition, Buyer may offer a lower percentage as the purchase price than the Twenty Two percent of Gross Charges for that receivable. The Seller has the discretion on accepting or rejecting any offer that is below Twenty Two percent of Gross Fee Billing charges.

        5.       COLLECTION OF AND PAYMENT FOR PURCHASED ACCOUNTS.  All monies collected regarding the Purchased Accounts shall be deposited in a bank account for which Buyer has "read only" access. For each Purchased Existing Account that is associated with a case that settles, and Buyer has funded any portion of said case, provider is to provide a copy of the check received.

As to any Purchased Account, Seller shall pay to Buyer the equivalent of the amount that was received from the attorney of record for said Account; within ten (10) business days of Seller receiving such funds.

The Parties agree that the Buyer shall be paid the following:

        A.       The Purchase price, being the equivalent of Twenty Two Percent of Gross Fee Billing Charges for that month's batch, as confirmed between the Parties to this Agreement at the time of the Purchase; *and*

        B.       A Fee of ten percent (10%) of Gross Fee Billing Charges when accounts settle within the first Twelve (12) Months of the Date of Purchase.

C        A Fee of Fifteen Percent (15%) of Gross Fee Billing Charges when those accounts settle between the first Twelve (12) Months and the first Eighteen (18) Months of the Date of Purchase. When some accounts settle within the first year, the remaining unpaid accounts will be prorated to ensure that only these accounts reflect the higher fee.

D.        For accounts that remain unpaid after eighteen (18) months from the date of purchase the Buyer shall be entitled to collect two (2) times the amount of the remaining principal outstanding.

6.        Buyer will provide a monthly report to Seller which details the amount outstanding that the Buyer is entitled to receive after repayments have been made from settled Purchased Accounts.

7.        Upon receipt of the total purchase price of all Accounts and all applicable fees, purchased in the preceding month, also defined as the Batch; the Buyer will relinquish all rights to the remaining open or unsettled Accounts in that Batch to the Seller.

8.        NO PRE PAYMENT PENALTY: At any time during the term of this Agreement Seller may make payment from funds other than money received from the settlement of the Purchased Existing Accounts provided that the amount paid is equal to the amount that the Seller would pay to Buyer as specified under section 4 of this Agreement.

9.        BUYER'S DUE DILIGENCE.  Prior to any purchase and at any time reasonably advised by Buyer, Buyer is to be provided with Seller's source documents, sufficient to enable Buyer to understand and determine the average collection amount for the accounts that are available for purchase. Seller shall provide to Buyer the following information regarding each of those accounts:

A.        A copy of the HCFA or invoice for each Account;

B.        A medical note/reading of the treatment associated with the Account;

C.        The LOP for the personal injury case involving such Account. This LOP is to be identified as having been "assigned to Seller" as collateral; If no LOP available, the Patient Responsibility Form may be substituted for the LOP, and information on the attorney of record must be included together with the Patient responsibility form.

All documents provided for each account must be accurate with congruent names and dates. Upon Buyer receiving the documentation provided by Seller outlined herein, Buyer will make payment for such accounts as outlined in Section 3 of this Agreement.

For Accounts where the Gross Fee Billing amount exceeds One Hundred and Fifty Thousand Dollars Seller will provide evidence that some Due Diligence was conducted by having the attorney complete a Case Evaluation form.  Buyer will assist Seller with this Due Diligence as needed.

10.  REPRESENATATIONS AND WARRANTIES OF SELLER. Seller represents and warrants to Buyer that:

(a)  Power and Authority.  Seller has full power and authority to enter into this Agreement and to perform this Agreement. Seller has valid right, interest and title to all of the Accounts and no third party has any right, interest or title to such Accounts. This Agreement is a legal, valid and binding obligation of Seller, enforceable against Seller in accordance with its terms.

(b)  No Conflict.  Neither the execution, delivery or performance by Seller of this Agreement, nor compliance with the terms and provisions hereof, conflicts or will conflict with or will result in a breach or violation of any contract or other agreement or instrument to which Seller is a party, or constitutes or will constitute a default thereunder.

(c)  Status Checks.  Seller agrees to perform regular status checks, (in no event, later than every sixty (60) days), with each attorney of record for each case involving a Purchased Existing Account. Seller also agrees to provide a report regarding such status check to Buyer within five (5) days of the occurrence of said status check. Such status checks shall continue until Buyer receives payment of said funds for each batch as detailed in Section 6.

(d)  Survival of Representations and Warranties of Seller.  Seller's representations and warranties set forth herein shall survive the termination of this Agreement.

11.        REPRESENTATIONS AND WARRANTIES OF BUYER

Buyer represents and warrants to Seller that:

Page **2** of **7**

(a) <u>Power and Authority</u>. Buyer is a corporation validly existing under the laws of the State of Nevada with full power and authority to enter into this Agreement and to perform this Agreement. This Agreement is a legal, valid and binding obligation of Buyer, enforceable against Buyer in accordance with its terms, except as such enforceability may be limited by applicable bankruptcy, insolvency, reorganization, arrangement, moratorium or other similar laws from time to time in effect which affect the rights of creditors generally or by limitations upon the availability of equitable remedies.

(b) <u>No Conflict</u>. Neither the execution, delivery or performance by Buyer of this Agreement, nor compliance with the terms and provisions hereof, conflicts or will conflict with or will result in a breach or violation of any contract or other agreement or instrument to which Buyer is a party, or constitutes or will constitute a default thereunder.

(c) <u>Attorney Contact by Buyer</u>. Buyer will not contact an attorney representing a party on a case involving a Purchased Existing Account or Purchased Future Account, regarding Buyer's interest in the LOP, provided that all terms and conditions of this Agreement are met by Seller.

12.    INDEMNIFICATION.  Seller, on behalf of itself, its officers, directors, shareholders, employees, agents, successors and assigns, agrees to indemnify, defend and hold harmless Buyer from and against any and all costs, expenses, losses, damages, fines, penalties, or liabilities (including, without limitation, interest which may be imposed in connection therewith, court costs, litigation expenses, and reasonable attorneys' and accounting fees) (collectively, "Losses") incurred by Buyer, directly or indirectly, with respect to, in connection with, arising from, or alleged to result from, arise out of, or be in connection with Buyer's purchase of the Purchased Accounts, provided such Losses are incurred due to negligence of the Seller including but not limited to, a breach by Seller of any of the representations and warranties set forth herein.

13.    DEFAULT AND REMEDIES-TERMINATION.

A.  <u>Buyer's Events of Default.</u>  The occurrence of any of the following shall be a "Buyer Default" hereunder:

    i)    The failure by Buyer to timely deliver, in the manner required herein, any payment to Seller due hereunder.

    ii)    The filing of a petition or the institution of proceedings of, by, or against Buyer pursuant to the Bankruptcy Reform Act of 1978, as amended, or any successor statute or pursuant to any state bankruptcy, insolvency, moratoria, reorganization, or similar laws, and, in the case of any involuntary proceeding, such petition or proceeding is not dismissed within 90 days; or Buyer's making a general assignment for the benefit of its creditors or the entering by Buyer into any compromise or arrangement with its creditors generally; or Buyer's becoming insolvent in the sense that Buyer is unable to pay its debts as they mature or in the sense that Buyer's debts exceed the fair market value of Buyer's assets;

    iii)    The failure of Buyer (i) to perform any material act to be performed by it, including the execution and delivery of any document; (ii) to refrain from performing any material prohibited act; or (iii) to fulfill any material condition to be fulfilled by it under this Agreement or under any agreement referred to herein or attached hereto as an exhibit, which failure is not cured by Buyer within the relevant cure period set forth below.  Buyer shall cure any default which can be cured by the payment of money (a "Monetary Default") within ten (10) business days after receipt of written notice from Seller.  Buyer shall cure any other curable default (a "Nonmonetary Default") within 30 days after receipt of written notice from Seller; provided, however, that in the event that such Nonmonetary default is of a nature that it cannot be cured within such 30 day period, then Buyer shall commence to cure such failure within such thirty (30) day period, and shall diligently prosecute such cure to its completion.

    iv)    Any of Buyer's representations and warranties set forth in this Agreement shall be untrue in any material way.

B.  <u>Seller Defaults.</u>  The occurrence of any of the following, prior or subsequent to a Closing, shall be a "Seller Default" hereunder:

    i)    The failure of Seller (i) to perform any material act to be performed by it, including but not limited to timely providing all documentation in Seller's possession set forth in Section 3; (ii) to refrain from performing any material prohibited act; or (iii) to fulfill any material conditions to be fulfilled by it under this Agreement

which failure is not cured by Seller within the relevant cure period. Seller shall cure any Monetary Default within ten (10) business days after receipt of written notice from Buyer. Seller shall cure any Nonmonetary Default within 30 days after receipt of written notice from Buyer; provided however, that in the event that such default is of a nature that it cannot be cured within such 30 day period, then Seller shall commence to cure such failure within such 30 day period and shall diligently prosecute such cure to its completion; or

    ii)    Any of Seller's representations and warranties set forth in this Agreement shall be untrue in any material way.

    C.    Remedies. In the case of a Default (either Buyer Default or Seller Default) hereunder, the non-defaulting party shall be entitled to any and all remedies available to it at law or in equity. Buyer's remedies may include, but are not limited to specific performance of this Agreement.

    D.    Termination. Either party may terminate the Agreement in the event of an uncured payment breach upon ten (10) days written notice to the other Party. Either Party may terminate the Agreement in the event of an uncured non-monetary breach upon sixty (60) days written notice to the other Party. Furthermore, if a Party that has committed a non-monetary breach is attempting to cure such breach in good faith, then the Agreement may not be terminated unless such non-monetary breach remains uncured due to fault on the part of the breaching Party or remains uncured for a period of at least ninety (90) days. Either party may terminate this agreement for any reason upon giving notice to the other party of at least 90 days.

    14.    MEDIATION. The parties will attempt in good faith to resolve through negotiation any dispute, claim or controversy arising out of or relating to this Agreement (a "Dispute"). Either party may initiate negotiations by providing written notice in letter form to the other party, setting forth the subject of the Dispute and the relief requested. The recipient of such notice will respond in writing within seven (7) business days with a statement of its position on and recommended solution to the Dispute. If the Dispute is not resolved by this exchange of correspondence, then representatives of each party with full settlement authority will meet at a mutually agreeable time and place within fifteen (15) business days of the date of the initial notice in order to exchange relevant information and perspectives, and to attempt to resolve the Dispute. If the Dispute is not resolved by these negotiations, the matter will be submitted to J.A.M.S ("JAMS"), or its successor, for mediation. The mediation shall take place at a location chosen by the mediator in the County of Clark, State of Nevada. Any information provided to the mediator shall be concurrently supplied to the parties involved in the mediation and the parties shall be given an opportunity to comment to the mediator on the information. Each party shall present the mediator and each other party with a written statement of the party's position and all copies of supporting documentation, at least two (2) business days prior to the mediation. Each party shall have an opportunity to orally present its position to the mediator and the other party. Each party agrees to designate one or more representatives, having authority to bind that party, who will participate in the mediation process including attending all mediation hearings. If the mediation results in a mutually acceptable resolution of all or some of the matters in Dispute, then the parties shall memorialize such resolution in a settlement agreement. Each party shall bear its own costs incurred in connection with the mediation. The costs of the mediator shall be shared equally between the parties regardless of the outcome.

    15.    ENTIRE AGREEMENT. This Agreement is the entire Agreement between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements between the parties with respect to the matters contained in this Agreement. Any waiver, modification, consent or acquiescence with respect to any provision of this Agreement shall be set forth in writing and duly executed by or on behalf of the party to be bound thereby.

    16.    COUNTERPARTS. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which when taken together shall constitute one and the same instrument.

    17.    NOTICES. Any communication, notice or demand of any kind whatsoever which either party may be required or may desire to give to or serve upon the other shall be in writing and delivered by personal service (including express or courier service such as Federal Express, Airborne, or other overnight delivery service), or by registered or certified mail, postage prepaid, return receipt requested, or by facsimile (with confirmation of receipt thereof), addressed as follows:

Seller:        Preva Advanced Surgicare- The Woodlands
                26620 I-45 North Freeway
                Spring, Tx 77386

Buyer:     Infinity Capital Management, Inc.
         c/o Anne Pantelas
         1700 Horizon Ridge Pkwy #206
         Henderson, NV 89012

With a copy to:   Borg Law Group, LLC
         Attn: Brooke M. Borg, Esq.
         8988 W. Cheyenne Ave. #150
         Las Vegas, Nevada 89129
         Telephone: (702) 318-8808
         Email: brooke@borglawgroup.com

Either party may change its address for notices by notice given to the other in the manner provided in this Agreement. Any such communication, notice or demand shall be deemed to have been duly given or served on the date personally served, if by personal service, or on the date shown on the return receipt or other evidence of delivery, if mailed.

18.  RECORDING. Neither this Agreement nor any memorandum thereof shall be recorded or filed in the public land or other public records of any jurisdiction by Buyer and any attempt to do so may be treated by Seller as a material breach of this Agreement.

19.  GOVERNING LAW. This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.

20.  BINDING EFFECT. This Agreement shall be binding upon and inure to the benefit of each of the parties hereto and to their respective transferees, successors, and assigns. Neither party shall be permitted to assign its interests in this Agreement without the prior written consent of the other party, other than to wholly owned subsidiaries, affiliates or parent entities.

21.  INVALID PROVISIONS. If any one or more of the provisions of this Agreement, or the applicability of any such provisions to a specific situation, shall be held invalid or unenforceable, such provision shall be modified to the minimum extent necessary to make it or its application valid and enforceable, and the validity and enforceability of all other provisions of this Agreement and all other applications of any such provision shall not be affected thereby.

22.  ASSIGNMENT AND AMENDMENT. Neither Party may assign this Agreement or any of its rights hereunder without the prior written consent of the other Party. This Agreement may not be amended without the written consent of both Parties.

23.  MISCELLANEOUS

23.1  It is agreed that time is of the essence in the performance of and compliance with each provision of this Agreement.

23.2  If the final date of any period that is set forth in any provision of this Agreement falls on a Saturday, Sunday or legal holiday under the laws of the United States of the State of Nevada, then and in such event, the duration of such period shall be extended so that it shall end on the next succeeding day which is not a Saturday, Sunday or legal holiday.

23.3  If any legal action, arbitration or other proceeding is commenced to enforce or interpret any provision of this Agreement, the prevailing party shall be entitled to an award of its actual expenses, including without limitation, expert witness fees and reasonable attorneys' fees and disbursements. The phrase "prevailing party" shall include a party that receives substantially the relief desired, whether by settlement, dismissal, summary judgment, judgment or otherwise.

23.4  Any addendum attached hereto and either signed or initialed by the parties shall be deemed a part hereof. This Agreement, including addenda, if any, expresses the entire agreement of the parties and supersedes any and all previous agreements between the parties with regard to the Property. There are no other understandings, oral or written, which in any way alter or enlarge its terms, and there are no warranties or representations of any nature whatsoever, either express or implied, except as set forth herein. Any future modification of this Agreement will be effective only if it is in writing and signed by the party to be charged.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the date first above written.

**SELLER:**

Preva Advanced Surgicare- The Woodlands, LLC
a Texas Limited Liability Company

By: Hugh P Shannonhouse
_____, its CEO/Mgo
06/09/2020

**BUYER:**

Infinity Capital Management, Inc.
a Nevada Corporation

By: _____
         Anne Pantelas, President

EXHIBIT A

**ACCOUNTS**

# EXHIBIT 5

| PatientID | ClaimId | AttorneyID | AttorneyFirstName | AttorneyLastName | Provider | BillId | PaidDate | BillCost | BillGFB |
|---|---|---|---|---|---|---|---|---|---|
| 4596 | 9010 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17508 | 2019-12-06 | $326.57 | $1,246.60 |
| 4596 | 9010 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 23034 | 2019-12-06 | $292.36 | $1,116.00 |
| 4596 | 9010 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 23035 | 2019-12-06 | $3,057.98 | $11,673.00 |
| 4598 | 8916 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17505 | 2019-12-06 | $326.57 | $1,246.60 |
| 4598 | 8916 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17506 | 2019-12-06 | $584.72 | $2,232.00 |
| 4598 | 8916 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17507 | 2019-12-06 | $6,115.95 | $23,346.00 |
| 4618 | 8958 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17510 | 2019-12-06 | $326.57 | $1,246.60 |
| 4618 | 8958 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17511 | 2019-12-06 | $343.64 | $1,311.75 |
| 4618 | 8958 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17512 | 2019-12-06 | $2,153.77 | $8,221.45 |
| 4619 | 8960 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17513 | 2019-12-06 | $326.57 | $1,246.60 |
| 4619 | 8960 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17514 | 2019-12-06 | $656.16 | $2,504.70 |
| 4619 | 8960 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17515 | 2019-12-06 | $2,627.04 | $10,028.00 |
| 4640 | 9002 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17636 | 2019-12-06 | $234.67 | $895.80 |
| 4640 | 9002 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17637 | 2019-12-06 | $2,121.70 | $8,099.00 |
| 4640 | 9002 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17638 | 2019-12-06 | $326.57 | $1,246.60 |
| 4644 | 9012 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17516 | 2019-12-06 | $88.37 | $337.32 |
| 4644 | 9012 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17517 | 2019-12-06 | $1,302.37 | $4,971.45 |
| 4644 | 9012 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17518 | 2019-12-06 | $326.57 | $1,246.60 |
| 4645 | 9014 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17519 | 2019-12-06 | $3,909.38 | $14,923.00 |
| 4645 | 9014 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17520 | 2019-12-06 | $307.83 | $1,175.05 |
| 4645 | 9014 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17521 | 2019-12-06 | $326.57 | $1,246.60 |
| 4646 | 9016 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17522 | 2019-12-06 | $183.38 | $700.00 |
| 4646 | 9016 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17523 | 2019-12-06 | $1,302.37 | $4,971.45 |
| 4646 | 9016 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17524 | 2019-12-06 | $343.64 | $1,311.75 |
| 4647 | 9018 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17525 | 2019-12-06 | $343.64 | $1,311.75 |
| 4647 | 9018 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17526 | 2019-12-06 | $326.57 | $1,246.60 |
| 4647 | 9018 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17527 | 2019-12-06 | $2,139.63 | $8,167.45 |
| 4648 | 9020 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17528 | 2019-12-06 | $326.57 | $1,246.60 |
| 4649 | 9022 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17529 | 2019-12-06 | $88.37 | $337.32 |
| 4649 | 9022 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17530 | 2019-12-06 | $326.57 | $1,246.60 |
| 4649 | 9022 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17531 | 2019-12-06 | $1,302.37 | $4,971.45 |
| 4650 | 9024 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17532 | 2019-12-06 | $2,153.77 | $8,221.45 |
| 4650 | 9024 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17533 | 2019-12-06 | $264.28 | $1,008.81 |
| 4650 | 9024 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17534 | 2019-12-06 | $183.38 | $700.00 |
| 4650 | 9024 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17535 | 2019-12-06 | $4,719.65 | $18,016.00 |
| 4650 | 9024 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17536 | 2019-12-06 | $441.20 | $1,684.15 |
| 4650 | 9024 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17537 | 2019-12-06 | $326.57 | $1,246.60 |
| 4651 | 9026 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17538 | 2019-12-06 | $2,834.91 | $10,821.52 |
| 4651 | 9026 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17539 | 2019-12-06 | $409.72 | $1,564.00 |
| 4651 | 9026 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17540 | 2019-12-06 | $183.38 | $700.00 |
| 4651 | 9122 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17704 | 2020-03-17 | $13,358.47 | $38,167.05 |
| 4651 | 9122 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17705 | 2020-03-17 | $52,498.95 | $149,997.00 |
| 4651 | 9122 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17706 | 2020-03-17 | $245.00 | $700.00 |
| 4652 | 9028 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17541 | 2019-12-06 | $4,719.65 | $18,016.00 |
| 4652 | 9028 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17542 | 2019-12-06 | $514.69 | $1,964.70 |
| 4652 | 9028 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17543 | 2019-12-06 | $183.38 | $700.00 |
| 4653 | 9030 | 982 | Angelas | Wike | Preva Advanced Surgicare - The Woodlands LLC | 17544 | 2019-12-06 | $2,164.92 | $8,264.00 |
| 4653 | 9030 | 982 | Angelas | Wike | Preva Advanced Surgicare - The Woodlands LLC | 17545 | 2019-12-06 | $332.16 | $1,267.95 |
| 4653 | 9030 | 982 | Angelas | Wike | Preva Advanced Surgicare - The Woodlands LLC | 17546 | 2019-12-06 | $326.43 | $1,246.06 |
| 4654 | 9032 | 983 | Kevin | Adley | Preva Advanced Surgicare - The Woodlands LLC | 17547 | 2019-12-06 | $6,967.35 | $26,596.00 |
| 4654 | 9032 | 983 | Kevin | Adley | Preva Advanced Surgicare - The Woodlands LLC | 17548 | 2019-12-06 | $3,909.38 | $14,923.00 |
| 4655 | 9034 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17549 | 2019-12-06 | $264.28 | $1,008.81 |
| 4655 | 9036 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17550 | 2019-12-06 | $2,153.77 | $8,221.45 |
| 4655 | 9036 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17551 | 2019-12-06 | $183.38 | $700.00 |
| 4656 | 9038 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17552 | 2019-12-06 | $2,153.77 | $8,221.45 |
| 4656 | 9038 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17553 | 2019-12-06 | $343.64 | $1,311.75 |
| 4656 | 9038 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17554 | 2019-12-06 | $326.57 | $1,246.60 |
| 4657 | 9040 | 993 | Ronald | Braswell | Preva Advanced Surgicare - The Woodlands LLC | 17555 | 2019-12-06 | $4,719.65 | $18,016.00 |
| 4657 | 9040 | 993 | Ronald | Braswell | Preva Advanced Surgicare - The Woodlands LLC | 17556 | 2019-12-06 | $514.69 | $1,964.70 |
| 4657 | 9040 | 993 | Ronald | Braswell | Preva Advanced Surgicare - The Woodlands LLC | 17557 | 2019-12-06 | $183.38 | $700.00 |
| 4657 | 9040 | 993 | Ronald | Braswell | Preva Advanced Surgicare - The Woodlands LLC | 17733 | 2020-03-17 | $5,168.10 | $14,766.00 |
| 4657 | 9040 | 993 | Ronald | Braswell | Preva Advanced Surgicare - The Woodlands LLC | 17734 | 2020-03-17 | $245.00 | $700.00 |
| 4657 | 9040 | 993 | Ronald | Braswell | Preva Advanced Surgicare - The Woodlands LLC | 17735 | 2020-03-17 | $1,825.15 | $5,214.70 |
| 4658 | 9042 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17558 | 2019-12-06 | $326.57 | $1,246.60 |
| 4658 | 9042 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17559 | 2019-12-06 | $5,430.11 | $20,728.00 |
| 4658 | 9042 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17560 | 2019-12-06 | $1,301.91 | $4,969.70 |
| 4659 | 9044 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17561 | 2019-12-06 | $343.64 | $1,311.75 |
| 4659 | 9044 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17562 | 2019-12-06 | $1,302.37 | $4,971.45 |
| 4659 | 9044 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17563 | 2019-12-06 | $326.57 | $1,246.60 |
| 4660 | 9046 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17564 | 2019-12-06 | $326.57 | $1,246.60 |
| 4660 | 9046 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17565 | 2019-12-06 | $292.36 | $1,116.00 |
| 4660 | 9046 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17566 | 2019-12-06 | $3,057.98 | $11,673.00 |
| 4661 | 9048 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17567 | 2019-12-06 | $6,967.35 | $26,596.00 |
| 4661 | 9048 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17568 | 2019-12-06 | $326.57 | $1,246.60 |
| 4661 | 9048 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17569 | 2019-12-06 | $549.57 | $2,096.64 |
| 4662 | 9050 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17570 | 2019-12-06 | $326.57 | $1,246.60 |
| 4663 | 9052 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17571 | 2019-12-06 | $326.57 | $1,246.60 |
| 4663 | 9052 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17572 | 2019-12-06 | $343.64 | $1,311.75 |

| PatientID | ClaimId | AttorneyID | AttorneyFirstName | AttorneyLastName | Provider | BillId | PaidDate | BillCost | BillGFB |
|---|---|---|---|---|---|---|---|---|---|
| 4663 | 9052 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17573 | 2019-12-06 | $2,153.77 | $8,221.45 |
| 4664 | 9054 | 984 | Jon | Alworth | Preva Advanced Surgicare - The Woodlands LLC | 17574 | 2019-12-06 | $326.57 | $1,246.60 |
| 4664 | 9054 | 984 | Jon | Alworth | Preva Advanced Surgicare - The Woodlands LLC | 17575 | 2019-12-06 | $343.64 | $1,311.75 |
| 4664 | 9054 | 984 | Jon | Alworth | Preva Advanced Surgicare - The Woodlands LLC | 17576 | 2019-12-06 | $2,153.77 | $8,221.45 |
| 4665 | 9056 | 986 | Juan C. | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17577 | 2019-12-06 | $3,909.38 | $14,923.00 |
| 4666 | 9058 | 987 | Natalie | Fleming | Preva Advanced Surgicare - The Woodlands LLC | 17578 | 2019-12-06 | $3,909.38 | $14,923.00 |
| 4666 | 9058 | 987 | Natalie | Fleming | Preva Advanced Surgicare - The Woodlands LLC | 17579 | 2019-12-06 | $274.63 | $1,048.32 |
| 4666 | 9058 | 987 | Natalie | Fleming | Preva Advanced Surgicare - The Woodlands LLC | 17580 | 2019-12-06 | $183.38 | $700.00 |
| 4666 | 9058 | 987 | Natalie | Fleming | Preva Advanced Surgicare - The Woodlands LLC | 17764 | 2020-03-17 | $5,223.05 | $14,923.00 |
| 4666 | 9058 | 987 | Natalie | Fleming | Preva Advanced Surgicare - The Woodlands LLC | 17765 | 2020-03-17 | $245.00 | $700.00 |
| 4666 | 9058 | 987 | Natalie | Fleming | Preva Advanced Surgicare - The Woodlands LLC | 17766 | 2020-03-17 | $366.91 | $1,048.32 |
| 4667 | 9060 | 985 | E. Nadia | Sifuentes | Preva Advanced Surgicare - The Woodlands LLC | 17582 | 2019-12-06 | $3,909.38 | $14,923.00 |
| 4667 | 9060 | 985 | E. Nadia | Sifuentes | Preva Advanced Surgicare - The Woodlands LLC | 17583 | 2019-12-06 | $274.63 | $1,048.32 |
| 4667 | 9060 | 985 | E. Nadia | Sifuentes | Preva Advanced Surgicare - The Woodlands LLC | 17584 | 2019-12-06 | $183.38 | $700.00 |
| 4668 | 9062 | 856 | Gregory P. | Lee | Preva Advanced Surgicare - The Woodlands LLC | 17585 | 2019-12-06 | $2,853.43 | $10,892.20 |
| 4668 | 9062 | 856 | Gregory P. | Lee | Preva Advanced Surgicare - The Woodlands LLC | 17586 | 2019-12-06 | $183.38 | $700.00 |
| 4668 | 9062 | 856 | Gregory P. | Lee | Preva Advanced Surgicare - The Woodlands LLC | 17587 | 2019-12-06 | $487.00 | $1,859.00 |
| 4669 | 9064 | 988 | Kevin | Forsberg | Preva Advanced Surgicare - The Woodlands LLC | 17588 | 2019-12-06 | $2,787.94 | $10,642.20 |
| 4669 | 9064 | 988 | Kevin | Forsberg | Preva Advanced Surgicare - The Woodlands LLC | 17589 | 2019-12-06 | $3,909.38 | $14,923.00 |
| 4670 | 9066 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 17590 | 2019-12-06 | $6,340.83 | $24,204.40 |
| 4670 | 9066 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 17591 | 2019-12-06 | $725.77 | $2,770.44 |
| 4670 | 9066 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 17592 | 2019-12-06 | $183.38 | $700.00 |
| 4671 | 9068 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17593 | 2019-12-06 | $434.13 | $1,657.19 |
| 4671 | 9068 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17594 | 2019-12-06 | $4,617.10 | $17,624.55 |
| 4671 | 9068 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17595 | 2019-12-06 | $183.38 | $700.00 |
| 4676 | 9078 | 603 | Sharon | Simmons-Cantrell | Preva Advanced Surgicare - The Woodlands LLC | 17623 | 2019-12-06 | $2,164.92 | $8,264.00 |
| 4677 | 9080 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17624 | 2019-12-06 | $618.41 | $2,360.62 |
| 4677 | 9080 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17625 | 2019-12-06 | $2,715.06 | $10,364.00 |
| 4677 | 9080 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17626 | 2019-12-06 | $326.57 | $1,246.60 |
| 4678 | 9082 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17627 | 2019-12-06 | $326.57 | $1,246.60 |
| 4678 | 9082 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17628 | 2019-12-06 | $2,715.06 | $10,364.00 |
| 4678 | 9082 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17629 | 2019-12-06 | $618.67 | $2,361.60 |
| 4679 | 9084 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17630 | 2019-12-06 | $264.28 | $1,008.81 |
| 4679 | 9084 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17631 | 2019-12-06 | $2,153.77 | $8,221.45 |
| 4679 | 9084 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17632 | 2019-12-06 | $326.57 | $1,246.60 |
| 4680 | 9086 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17633 | 2019-12-06 | $264.28 | $1,008.81 |
| 4680 | 9086 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17634 | 2019-12-06 | $2,153.77 | $8,221.45 |
| 4680 | 9086 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17635 | 2019-12-06 | $326.57 | $1,246.60 |
| 4681 | 9088 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17642 | 2019-12-06 | $323.34 | $1,235.25 |
| 4681 | 9088 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17670 | 2019-12-06 | $2,230.41 | $8,514.00 |
| 4681 | 9088 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17671 | 2019-12-06 | $183.38 | $700.00 |
| 4682 | 9090 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 17643 | 2019-12-06 | $183.38 | $700.00 |
| 4682 | 9090 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 17644 | 2019-12-06 | $274.63 | $1,048.32 |
| 4682 | 9090 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 17645 | 2019-12-06 | $3,909.38 | $14,923.00 |
| 4684 | 9094 | 997 | Patrick | Scott | Preva Advanced Surgicare - The Woodlands LLC | 17651 | 2019-12-06 | $1,843.16 | $7,035.76 |
| 4685 | 9096 | 998 | John | Vong | Preva Advanced Surgicare - The Woodlands LLC | 17652 | 2019-12-06 | $2,164.92 | $8,264.00 |
| 4686 | 9098 | 999 | James | Tittle | Preva Advanced Surgicare - The Woodlands LLC | 17653 | 2019-12-06 | $2,164.92 | $8,264.00 |
| 4687 | 9100 | 1255 | Simmons & Fletcher | | Preva Advanced Surgicare - The Woodlands LLC | 17654 | 2019-12-06 | $3,932.96 | $15,013.00 |
| 4687 | 9100 | 1255 | Simmons & Fletcher | | Preva Advanced Surgicare - The Woodlands LLC | 17655 | 2019-12-06 | $274.63 | $1,048.32 |
| 4687 | 9100 | 1255 | Simmons & Fletcher | | Preva Advanced Surgicare - The Woodlands LLC | 17656 | 2019-12-06 | $183.38 | $700.00 |
| 4688 | 9102 | 1226 | Adame & Associates | | Preva Advanced Surgicare - The Woodlands LLC | 17657 | 2019-12-06 | $183.38 | $700.00 |
| 4688 | 9102 | 1226 | Adame & Associates | | Preva Advanced Surgicare - The Woodlands LLC | 17658 | 2019-12-06 | $274.63 | $1,048.32 |
| 4688 | 9102 | 1226 | Adame & Associates | | Preva Advanced Surgicare - The Woodlands LLC | 17659 | 2019-12-06 | $3,909.38 | $14,923.00 |
| 4688 | 9102 | 1226 | Adame & Associates | | Preva Advanced Surgicare - The Woodlands LLC | 17660 | 2019-12-06 | $3,057.98 | $11,673.00 |
| 4688 | 9102 | 1226 | Adame & Associates | | Preva Advanced Surgicare - The Woodlands LLC | 17661 | 2019-12-06 | $183.38 | $700.00 |
| 4688 | 9102 | 1226 | Adame & Associates | | Preva Advanced Surgicare - The Woodlands LLC | 17662 | 2019-12-06 | $274.63 | $1,048.32 |
| 4689 | 9104 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17663 | 2019-12-06 | $2,230.41 | $8,514.00 |
| 4689 | 9104 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17664 | 2019-12-06 | $183.38 | $700.00 |
| 4689 | 9104 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17665 | 2019-12-06 | $323.60 | $1,235.25 |
| 4690 | 9106 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17666 | 2019-12-06 | $8,436.80 | $32,205.20 |
| 4691 | 9108 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 17667 | 2019-12-06 | $514.69 | $1,964.70 |
| 4691 | 9108 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 17668 | 2019-12-06 | $183.38 | $700.00 |
| 4691 | 9108 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 17669 | 2019-12-06 | $4,719.65 | $18,016.00 |
| 4692 | 9110 | 1162 | Jennifer B. | Lemaster | Preva Advanced Surgicare - The Woodlands LLC | 17672 | 2020-03-17 | $245.00 | $700.00 |
| 4692 | 9110 | 1162 | Jennifer B. | Lemaster | Preva Advanced Surgicare - The Woodlands LLC | 17673 | 2020-03-17 | $479.17 | $1,369.05 |
| 4692 | 9110 | 1162 | Jennifer B. | Lemaster | Preva Advanced Surgicare - The Woodlands LLC | 17674 | 2020-03-17 | $3,446.08 | $9,845.95 |
| 4693 | 9112 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17675 | 2020-03-17 | $6,305.60 | $18,016.00 |
| 4693 | 9112 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17676 | 2020-03-17 | $245.00 | $700.00 |
| 4693 | 9112 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 17677 | 2020-03-17 | $687.65 | $1,964.70 |
| 4694 | 9114 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17678 | 2020-03-17 | $366.91 | $1,048.32 |
| 4694 | 9114 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17679 | 2020-03-17 | $2,254.14 | $6,440.41 |
| 4694 | 9114 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17680 | 2020-03-17 | $245.00 | $700.00 |
| 4694 | 9114 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17681 | 2020-03-17 | $366.91 | $1,048.32 |
| 4694 | 9114 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17682 | 2020-03-17 | $2,254.14 | $6,440.41 |
| 4694 | 9114 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17683 | 2020-03-17 | $245.00 | $700.00 |
| 4695 | 9116 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17689 | 2020-03-17 | $4,462.52 | $12,750.05 |
| 4695 | 9116 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17690 | 2020-03-17 | $245.00 | $700.00 |
| 4695 | 9116 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17691 | 2020-03-17 | $453.93 | $1,296.95 |

| PatientID | ClaimId | AttorneyID | AttorneyFirstName | AttorneyLastName | Provider | BillId | PaidDate | BillCost | BillGFB |
|---|---|---|---|---|---|---|---|---|---|
| 4696 | 9118 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17692 | 2020-03-17 | $484.72 | $1,384.92 |
| 4696 | 9118 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17693 | 2020-03-17 | $4,804.52 | $13,727.20 |
| 4696 | 9118 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17694 | 2020-03-17 | $245.00 | $700.00 |
| 4696 | 9118 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17695 | 2020-03-17 | $687.65 | $1,964.70 |
| 4696 | 9118 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17696 | 2020-03-17 | $3,336.69 | $9,533.41 |
| 4696 | 9118 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17697 | 2020-03-17 | $245.00 | $700.00 |
| 4696 | 9118 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17698 | 2020-03-17 | $687.65 | $1,964.70 |
| 4696 | 9118 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17699 | 2020-03-17 | $4,474.19 | $12,783.41 |
| 4696 | 9118 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17700 | 2020-03-17 | $245.00 | $700.00 |
| 4697 | 9120 | 1163 | Matthew | Moore | Preva Advanced Surgicare - The Woodlands LLC | 17701 | 2020-03-17 | $245.00 | $700.00 |
| 4697 | 9120 | 1163 | Matthew | Moore | Preva Advanced Surgicare - The Woodlands LLC | 17702 | 2020-03-17 | $650.65 | $1,859.00 |
| 4697 | 9120 | 1163 | Matthew | Moore | Preva Advanced Surgicare - The Woodlands LLC | 17703 | 2020-03-17 | $2,674.77 | $7,642.20 |
| 4698 | 9124 | 1164 | Jason | Holladay | Preva Advanced Surgicare - The Woodlands LLC | 17707 | 2020-03-17 | $245.00 | $700.00 |
| 4698 | 9124 | 1164 | Jason | Holladay | Preva Advanced Surgicare - The Woodlands LLC | 17708 | 2020-03-17 | $453.93 | $1,296.95 |
| 4698 | 9124 | 1164 | Jason | Holladay | Preva Advanced Surgicare - The Woodlands LLC | 17709 | 2020-03-17 | $4,462.52 | $12,750.05 |
| 4699 | 9126 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17710 | 2020-03-17 | $245.00 | $700.00 |
| 4699 | 9126 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17711 | 2020-03-17 | $353.08 | $1,008.81 |
| 4699 | 9126 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17712 | 2020-03-17 | $2,877.51 | $8,221.45 |
| 4700 | 9128 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 17713 | 2020-03-17 | $245.00 | $700.00 |
| 4700 | 9128 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 17714 | 2020-03-17 | $687.65 | $1,964.70 |
| 4700 | 9128 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 17715 | 2020-03-17 | $4,474.19 | $12,783.41 |
| 4701 | 9130 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17716 | 2020-03-17 | $245.00 | $700.00 |
| 4701 | 9130 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17717 | 2020-03-17 | $658.42 | $1,881.21 |
| 4701 | 9130 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17718 | 2020-03-17 | $5,636.89 | $16,105.40 |
| 4702 | 9132 | 826 | Miguel A. | Adame | Preva Advanced Surgicare - The Woodlands LLC | 17719 | 2020-03-17 | $1,375.29 | $3,929.40 |
| 4702 | 9132 | 826 | Miguel A. | Adame | Preva Advanced Surgicare - The Woodlands LLC | 17720 | 2020-03-17 | $7,810.89 | $22,316.82 |
| 4702 | 9132 | 826 | Miguel A. | Adame | Preva Advanced Surgicare - The Woodlands LLC | 17721 | 2020-03-17 | $245.00 | $700.00 |
| 4702 | 9132 | 826 | Miguel A. | Adame | Preva Advanced Surgicare - The Woodlands LLC | 22319 | 2020-04-20 | $6,873.58 | $22,316.82 |
| 4702 | 9132 | 826 | Miguel A. | Adame | Preva Advanced Surgicare - The Woodlands LLC | 22320 | 2020-04-20 | $5,989.98 | $19,448.00 |
| 4703 | 9134 | 1165 | Craig S. | Leydecker | Preva Advanced Surgicare - The Woodlands LLC | 17722 | 2020-03-17 | $245.00 | $700.00 |
| 4703 | 9134 | 1165 | Craig S. | Leydecker | Preva Advanced Surgicare - The Woodlands LLC | 17723 | 2020-03-17 | $687.65 | $1,964.70 |
| 4703 | 9134 | 1165 | Craig S. | Leydecker | Preva Advanced Surgicare - The Woodlands LLC | 17724 | 2020-03-17 | $3,336.69 | $9,533.41 |
| 4703 | 9134 | 1165 | Craig S. | Leydecker | Preva Advanced Surgicare - The Woodlands LLC | 17725 | 2020-03-17 | $687.65 | $1,964.70 |
| 4703 | 9134 | 1165 | Craig S. | Leydecker | Preva Advanced Surgicare - The Woodlands LLC | 17726 | 2020-03-17 | $4,474.19 | $12,783.41 |
| 4703 | 9134 | 1165 | Craig S. | Leydecker | Preva Advanced Surgicare - The Woodlands LLC | 17727 | 2020-03-17 | $3,684.80 | $10,528.00 |
| 4703 | 9134 | 1165 | Craig S. | Leydecker | Preva Advanced Surgicare - The Woodlands LLC | 17728 | 2020-03-17 | $245.00 | $700.00 |
| 4703 | 9134 | 1165 | Craig S. | Leydecker | Preva Advanced Surgicare - The Woodlands LLC | 17729 | 2020-03-17 | $864.68 | $2,470.50 |
| 4704 | 9136 | 1167 | Brad G. | Leigh | Preva Advanced Surgicare - The Woodlands LLC | 17730 | 2020-03-17 | $245.00 | $700.00 |
| 4704 | 9136 | 1167 | Brad G. | Leigh | Preva Advanced Surgicare - The Woodlands LLC | 17731 | 2020-03-17 | $353.08 | $1,008.81 |
| 4704 | 9136 | 1167 | Brad G. | Leigh | Preva Advanced Surgicare - The Woodlands LLC | 17732 | 2020-03-17 | $2,877.51 | $8,221.45 |
| 4705 | 9138 | 1168 | Farrah | Martinez | Preva Advanced Surgicare - The Woodlands LLC | 17736 | 2020-03-17 | $245.00 | $700.00 |
| 4705 | 9138 | 1168 | Farrah | Martinez | Preva Advanced Surgicare - The Woodlands LLC | 17737 | 2020-03-17 | $650.65 | $1,859.00 |
| 4705 | 9138 | 1168 | Farrah | Martinez | Preva Advanced Surgicare - The Woodlands LLC | 17738 | 2020-03-17 | $3,812.27 | $10,892.20 |
| 4706 | 9140 | 876 | David Aziel | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17739 | 2020-03-17 | $245.00 | $700.00 |
| 4706 | 9140 | 876 | David Aziel | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17740 | 2020-03-17 | $650.65 | $1,859.00 |
| 4706 | 9140 | 876 | David Aziel | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17741 | 2020-03-17 | $3,812.27 | $10,892.20 |
| 4708 | 9144 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17767 | 2020-03-17 | $5,600.02 | $16,000.05 |
| 4708 | 9144 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17768 | 2020-03-17 | $245.00 | $700.00 |
| 4708 | 9144 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17769 | 2020-03-17 | $453.94 | $1,296.96 |
| 4709 | 9146 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 17770 | 2020-03-17 | $245.00 | $700.00 |
| 4709 | 9146 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 17771 | 2020-03-17 | $687.65 | $1,964.70 |
| 4709 | 9146 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 17772 | 2020-03-17 | $4,474.19 | $12,783.41 |
| 4710 | 9148 | 984 | Jon | Alworth | Preva Advanced Surgicare - The Woodlands LLC | 17774 | 2020-03-17 | $580.02 | $1,657.19 |
| 4710 | 9148 | 984 | Jon | Alworth | Preva Advanced Surgicare - The Woodlands LLC | 17775 | 2020-03-17 | $6,168.59 | $17,624.55 |
| 4710 | 9148 | 984 | Jon | Alworth | Preva Advanced Surgicare - The Woodlands LLC | 17776 | 2020-03-17 | $245.00 | $700.00 |
| 4712 | 9152 | 876 | David Aziel | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17780 | 2020-03-17 | $245.00 | $700.00 |
| 4712 | 9152 | 876 | David Aziel | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17781 | 2020-03-17 | $650.65 | $1,859.00 |
| 4712 | 9152 | 876 | David Aziel | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17782 | 2020-03-17 | $2,875.54 | $10,892.20 |
| 4713 | 9154 | 1172 | Jeff G. W. | Kemp | Preva Advanced Surgicare - The Woodlands LLC | 17783 | 2020-03-17 | $245.00 | $700.00 |
| 4713 | 9154 | 1172 | Jeff G. W. | Kemp | Preva Advanced Surgicare - The Woodlands LLC | 17784 | 2020-03-17 | $687.65 | $1,964.70 |
| 4713 | 9154 | 1172 | Jeff G. W. | Kemp | Preva Advanced Surgicare - The Woodlands LLC | 17785 | 2020-03-17 | $4,474.19 | $12,783.41 |
| 4714 | 9156 | 1171 | Ledger Ketchum & Cohoon | | Preva Advanced Surgicare - The Woodlands LLC | 17786 | 2020-03-17 | $231.00 | $700.00 |
| 4714 | 9156 | 1171 | Ledger Ketchum & Cohoon | | Preva Advanced Surgicare - The Woodlands LLC | 17787 | 2020-03-17 | $418.29 | $1,195.12 |
| 4714 | 9156 | 1171 | Ledger Ketchum & Cohoon | | Preva Advanced Surgicare - The Woodlands LLC | 17788 | 2020-03-17 | $5,172.02 | $14,777.20 |
| 4714 | 9156 | 1171 | Ledger Ketchum & Cohoon | | Preva Advanced Surgicare - The Woodlands LLC | 17789 | 2020-03-17 | $4,735.92 | $13,531.20 |
| 4714 | 9156 | 1171 | Ledger Ketchum & Cohoon | | Preva Advanced Surgicare - The Woodlands LLC | 17790 | 2020-03-17 | $658.42 | $1,881.21 |
| 4714 | 9156 | 1171 | Ledger Ketchum & Cohoon | | Preva Advanced Surgicare - The Woodlands LLC | 17791 | 2020-03-17 | $4,499.39 | $12,855.40 |
| 4714 | 9156 | 1171 | Ledger Ketchum & Cohoon | | Preva Advanced Surgicare - The Woodlands LLC | 17792 | 2020-03-17 | $231.00 | $700.00 |
| 4715 | 9158 | 710 | Jim | Adler | Preva Advanced Surgicare - The Woodlands LLC | 17793 | 2020-03-17 | $650.65 | $1,859.00 |
| 4715 | 9158 | 710 | Jim | Adler | Preva Advanced Surgicare - The Woodlands LLC | 17794 | 2020-03-17 | $2,674.77 | $7,642.20 |
| 4715 | 9158 | 710 | Jim | Adler | Preva Advanced Surgicare - The Woodlands LLC | 17795 | 2020-03-17 | $245.00 | $700.00 |
| 4716 | 9160 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17796 | 2020-03-17 | $432.34 | $1,235.25 |
| 4716 | 9160 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17797 | 2020-03-17 | $1,842.40 | $5,264.00 |
| 4716 | 9160 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 17798 | 2020-03-17 | $245.00 | $700.00 |
| 4717 | 9162 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17799 | 2020-03-17 | $245.00 | $700.00 |
| 4717 | 9162 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17800 | 2020-03-17 | $453.93 | $1,296.95 |
| 4717 | 9162 | 981 | David | Pettus | Preva Advanced Surgicare - The Woodlands LLC | 17801 | 2020-03-17 | $5,600.02 | $16,000.05 |
| 4718 | 9164 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17802 | 2020-03-17 | $5,168.10 | $14,766.00 |

| PatientID | ClaimId | AttorneyID | AttorneyFirstName | AttorneyLastName | Provider | BillId | PaidDate | BillCost | BillGFB |
|---|---|---|---|---|---|---|---|---|---|
| 4718 | 9164 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17803 | 2020-03-17 | $245.00 | $700.00 |
| 4718 | 9164 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 17804 | 2020-03-17 | $687.65 | $1,964.70 |
| 4719 | 9166 | 1089 | Karl R. | Schneider | Preva Advanced Surgicare - The Woodlands LLC | 17805 | 2020-03-17 | $245.00 | $700.00 |
| 4719 | 9166 | 1089 | Karl R. | Schneider | Preva Advanced Surgicare - The Woodlands LLC | 17806 | 2020-03-17 | $353.08 | $1,008.81 |
| 4719 | 9166 | 1089 | Karl R. | Schneider | Preva Advanced Surgicare - The Woodlands LLC | 17807 | 2020-03-17 | $1,740.01 | $4,971.45 |
| 4720 | 9168 | 895 | Adam P. | Criaco | Preva Advanced Surgicare - The Woodlands LLC | 17808 | 2020-03-17 | $453.93 | $1,296.95 |
| 4720 | 9168 | 895 | Adam P. | Criaco | Preva Advanced Surgicare - The Woodlands LLC | 17809 | 2020-03-17 | $5,600.02 | $16,000.05 |
| 4720 | 9168 | 895 | Adam P. | Criaco | Preva Advanced Surgicare - The Woodlands LLC | 17810 | 2020-03-17 | $7,112.55 | $20,321.57 |
| 4720 | 9168 | 895 | Adam P. | Criaco | Preva Advanced Surgicare - The Woodlands LLC | 17811 | 2020-03-17 | $245.00 | $700.00 |
| 4720 | 9168 | 895 | Adam P. | Criaco | Preva Advanced Surgicare - The Woodlands LLC | 17812 | 2020-03-17 | $1,001.33 | $2,860.95 |
| 4720 | 9168 | 895 | Adam P. | Criaco | Preva Advanced Surgicare - The Woodlands LLC | 17813 | 2020-03-17 | $245.00 | $700.00 |
| 8000 | 15849 | 1164 | Jason | Holladay | Preva Advanced Surgicare - The Woodlands LLC | 22257 | 2020-04-20 | $2,532.21 | $8,221.45 |
| 8042 | 15935 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22307 | 2020-04-20 | $6,719.09 | $21,815.24 |
| 8042 | 15935 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22308 | 2020-04-20 | $8,919.93 | $28,960.80 |
| 8050 | 15953 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 22318 | 2020-04-20 | $1,998.70 | $6,489.28 |
| 8051 | 15955 | 1852 | Bradley L. | Leger | Preva Advanced Surgicare - The Woodlands LLC | 22321 | 2020-04-20 | $3,354.80 | $10,892.20 |
| 8052 | 15957 | 1853 | Patrick M. | Primavera | Preva Advanced Surgicare - The Woodlands LLC | 22322 | 2020-04-20 | $3,354.80 | $10,892.20 |
| 8059 | 15971 | 1167 | Brad G. | Leigh | Preva Advanced Surgicare - The Woodlands LLC | 22329 | 2020-04-20 | $2,532.21 | $8,221.45 |
| 8059 | 15971 | 1167 | Brad G. | Leigh | Preva Advanced Surgicare - The Woodlands LLC | 22330 | 2020-04-20 | $2,532.21 | $8,221.45 |
| 8085 | 16029 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 22360 | 2020-04-20 | $5,708.60 | $18,534.40 |
| 8087 | 16035 | 1857 | Bennie D. | Rush | Preva Advanced Surgicare - The Woodlands LLC | 22363 | 2020-04-20 | $3,354.80 | $10,892.20 |
| 8092 | 16045 | 1004 | Shane R. | Kadlec | Preva Advanced Surgicare - The Woodlands LLC | 22368 | 2020-04-20 | $2,353.80 | $7,642.20 |
| 8096 | 16053 | 1858 | Mance M. | Park | Preva Advanced Surgicare - The Woodlands LLC | 22372 | 2020-04-20 | $11,362.22 | $36,890.32 |
| 8100 | 16061 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 22376 | 2020-04-20 | $79,165.06 | $262,483.95 |
| 8100 | 16061 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 22377 | 2020-04-20 | $40,895.44 | $132,777.40 |
| 8101 | 16063 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 22378 | 2020-04-20 | $2,532.21 | $8,221.45 |
| 8101 | 16063 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 22379 | 2020-04-20 | $2,532.21 | $8,221.45 |

# EXHIBIT 6

| PatientID | ClaimId | AttorneyID | AttorneyFirstName | AttorneyLastName | Provider | BillId | PaidDate | BillCost | BillGFB |
|---|---|---|---|---|---|---|---|---|---|
| 4711 | 9150 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 24851 | 2020-08-14 | $1,700.27 | $6,440.41 |
| 4711 | 9150 | 1173 | Smith & Hassler | | Preva Advanced Surgicare - The Woodlands LLC | 30553 | 2021-04-15 | $780.00 | $0.00 |
| 7977 | 15801 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24849 | 2020-08-14 | $184.80 | $700.00 |
| 7977 | 15801 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24850 | 2020-08-14 | $266.33 | $1,008.81 |
| 8053 | 15959 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 22509 | 2020-06-09 | $2,875.54 | $10,892.20 |
| 8102 | 16065 | 1182 | Corey S. | Gomel | Preva Advanced Surgicare - The Woodlands LLC | 22511 | 2020-06-09 | $4,258.54 | $16,130.82 |
| 8102 | 16065 | 1182 | Corey S. | Gomel | Preva Advanced Surgicare - The Woodlands LLC | 28374 | 2020-12-23 | $4,205.52 | $15,930.00 |
| 8172 | 16219 | 1863 | Matthew R. | Birdwell | Preva Advanced Surgicare - The Woodlands LLC | 22469 | 2020-06-09 | $2,170.46 | $8,221.45 |
| 8172 | 16219 | 1863 | Matthew R. | Birdwell | Preva Advanced Surgicare - The Woodlands LLC | 24765 | 2020-08-14 | $4,660.45 | $17,653.24 |
| 8172 | 16219 | 1863 | Matthew R. | Birdwell | Preva Advanced Surgicare - The Woodlands LLC | 24766 | 2020-08-14 | $734.57 | $2,782.44 |
| 8172 | 16219 | 1863 | Matthew R. | Birdwell | Preva Advanced Surgicare - The Woodlands LLC | 24839 | 2020-08-14 | $342.40 | $1,296.95 |
| 8172 | 16219 | 1863 | Matthew R. | Birdwell | Preva Advanced Surgicare - The Woodlands LLC | 24840 | 2020-08-14 | $1,713.17 | $6,489.28 |
| 8173 | 16221 | 1638 | N/A | | Preva Advanced Surgicare - The Woodlands LLC | 22470 | 2020-06-09 | $3,374.82 | $12,783.41 |
| 8177 | 16229 | 726 | David R. | Feldman | Preva Advanced Surgicare - The Woodlands LLC | 22474 | 2020-06-09 | $2,875.54 | $10,892.20 |
| 8219 | 16313 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22522 | 2020-06-09 | $1,858.55 | $7,039.96 |
| 8219 | 16313 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22523 | 2020-06-09 | $266.33 | $1,008.81 |
| 8219 | 16313 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22524 | 2020-06-09 | $3,482.93 | $13,192.90 |
| 8219 | 16313 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22525 | 2020-06-09 | $184.80 | $700.00 |
| 8222 | 16319 | 1859 | W. Brett | Cain | Preva Advanced Surgicare - The Woodlands LLC | 22528 | 2020-06-09 | $3,374.82 | $12,783.41 |
| 8224 | 16323 | 1863 | Matthew R. | Birdwell | Preva Advanced Surgicare - The Woodlands LLC | 22530 | 2020-06-09 | $3,374.82 | $12,783.41 |
| 8224 | 16323 | 1863 | Matthew R. | Birdwell | Preva Advanced Surgicare - The Woodlands LLC | 24774 | 2020-08-14 | $3,374.82 | $12,783.41 |
| 8224 | 16323 | 1863 | Matthew R. | Birdwell | Preva Advanced Surgicare - The Woodlands LLC | 24775 | 2020-08-14 | $1,858.55 | $7,039.96 |
| 8226 | 16327 | 1865 | Bergquist | Law Firm | Preva Advanced Surgicare - The Woodlands LLC | 22532 | 2020-06-09 | $1,858.55 | $7,039.96 |
| 8226 | 16327 | 1865 | Bergquist | Law Firm | Preva Advanced Surgicare - The Woodlands LLC | 27073 | 2020-10-26 | $2,531.76 | $9,590.00 |
| 8229 | 16333 | 1638 | N/A | | Preva Advanced Surgicare - The Woodlands LLC | 22535 | 2020-06-09 | $3,374.82 | $12,783.41 |
| 8229 | 16333 | 1638 | N/A | | Preva Advanced Surgicare - The Woodlands LLC | 24781 | 2020-08-14 | $6,389.56 | $24,204.40 |
| 8230 | 16335 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 22536 | 2020-06-09 | $2,875.54 | $10,892.20 |
| 8230 | 16335 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 24783 | 2020-08-14 | $2,558.27 | $9,690.41 |
| 8230 | 16335 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 30550 | 2021-04-15 | $780.00 | $0.00 |
| 8240 | 16355 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22546 | 2020-06-09 | $2,856.88 | $10,821.52 |
| 8240 | 16355 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22547 | 2020-06-09 | $206.45 | $782.00 |
| 8240 | 16355 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22548 | 2020-06-09 | $184.80 | $700.00 |
| 8240 | 16355 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 22549 | 2020-06-09 | $1,857.44 | $7,035.76 |
| 8240 | 16355 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 24793 | 2020-08-14 | $184.80 | $700.00 |
| 8240 | 16355 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 24794 | 2020-08-14 | $992.98 | $3,761.28 |
| 8240 | 16355 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 24795 | 2020-08-14 | $7,645.66 | $28,960.80 |
| 8241 | 16357 | 635 | Thomas F. | Bickham, Jr. | Preva Advanced Surgicare - The Woodlands LLC | 22550 | 2020-06-09 | $3,374.82 | $12,783.41 |
| 8241 | 16357 | 635 | Thomas F. | Bickham, Jr. | Preva Advanced Surgicare - The Woodlands LLC | 24799 | 2020-08-14 | $3,374.82 | $12,783.41 |
| 8241 | 16357 | 635 | Thomas F. | Bickham, Jr. | Preva Advanced Surgicare - The Woodlands LLC | 30552 | 2021-04-15 | $660.00 | $0.00 |
| 8242 | 16359 | 1638 | N/A | | Preva Advanced Surgicare - The Woodlands LLC | 22551 | 2020-06-09 | $4,258.54 | $16,130.82 |
| 8243 | 16361 | 1638 | N/A | | Preva Advanced Surgicare - The Woodlands LLC | 22552 | 2020-06-09 | $3,637.39 | $13,778.00 |
| 8244 | 16363 | 1865 | Bergquist | Law Firm | Preva Advanced Surgicare - The Woodlands LLC | 22553 | 2020-06-09 | $3,637.39 | $13,778.00 |
| 8244 | 16363 | 1865 | Bergquist | Law Firm | Preva Advanced Surgicare - The Woodlands LLC | 22554 | 2020-06-09 | $4,893.08 | $18,534.40 |
| 8244 | 16363 | 1865 | Bergquist | Law Firm | Preva Advanced Surgicare - The Woodlands LLC | 24782 | 2020-08-14 | $3,374.82 | $12,783.41 |
| 8245 | 16365 | 1865 | Bergquist | Law Firm | Preva Advanced Surgicare - The Woodlands LLC | 30549 | 2021-04-15 | $480.00 | $0.00 |
| 8245 | 16365 | 1865 | Bergquist | Law Firm | Preva Advanced Surgicare - The Woodlands LLC | 22555 | 2020-06-09 | $3,374.82 | $12,783.41 |
| 9656 | 19439 | 916 | Stephanie | Hay | Preva Advanced Surgicare - The Woodlands LLC | 24743 | 2020-08-14 | $1,681.67 | $6,369.95 |
| 9656 | 19439 | 916 | Stephanie | Hay | Preva Advanced Surgicare - The Woodlands LLC | 30155 | 2021-04-15 | $465.47 | $0.00 |
| 9657 | 19441 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 24744 | 2020-08-14 | $3,374.82 | $12,783.41 |
| 9657 | 19441 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 24745 | 2020-08-14 | $518.68 | $1,964.70 |
| 9657 | 19441 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 24746 | 2020-08-14 | $184.80 | $700.00 |
| 9657 | 19441 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 27071 | 2020-10-26 | $3,374.82 | $12,783.41 |
| 9658 | 19443 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 24754 | 2020-08-14 | $3,374.82 | $12,783.41 |
| 9658 | 19443 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 30224 | 2021-04-15 | $600.00 | $0.00 |
| 9660 | 19447 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24760 | 2020-08-14 | $184.80 | $700.00 |
| 9660 | 19447 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24761 | 2020-08-14 | $1,858.55 | $7,039.96 |
| 9660 | 19447 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24762 | 2020-08-14 | $266.33 | $1,008.81 |
| 9661 | 19449 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 24763 | 2020-08-14 | $2,558.27 | $9,690.41 |
| 9661 | 19449 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 25334 | 2020-09-18 | $3,623.98 | $13,727.20 |
| 9661 | 19449 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 30543 | 2021-04-15 | $420.00 | $0.00 |
| 9662 | 19451 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 24764 | 2020-08-14 | $3,374.82 | $12,783.41 |
| 9662 | 19451 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 25336 | 2020-09-18 | $3,374.82 | $12,783.41 |
| 9662 | 21920 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 30139 | 2021-04-15 | $7,553.04 | $28,610.00 |
| 9663 | 19453 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 24767 | 2020-08-14 | $2,875.54 | $10,892.20 |
| 9663 | 19453 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 30544 | 2021-04-15 | $600.00 | $0.00 |
| 9664 | 19455 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24768 | 2020-08-14 | $2,875.54 | $10,892.20 |
| 9664 | 19455 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24769 | 2020-08-14 | $4,660.45 | $17,653.24 |
| 9664 | 21325 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 29072 | 2021-02-11 | $3,880.80 | $14,700.00 |
| 9665 | 19457 | 985 | E. Nadia | Sifuentes | Preva Advanced Surgicare - The Woodlands LLC | 24770 | 2020-08-14 | $3,374.82 | $12,783.41 |
| 9665 | 19457 | 985 | E. Nadia | Sifuentes | Preva Advanced Surgicare - The Woodlands LLC | 24771 | 2020-08-14 | $4,893.08 | $18,534.40 |
| 9665 | 19457 | 985 | E. Nadia | Sifuentes | Preva Advanced Surgicare - The Woodlands LLC | 24843 | 2020-08-14 | $2,516.82 | $9,533.41 |
| 9666 | 19459 | 1991 | Ryan M. | Snider | Preva Advanced Surgicare - The Woodlands LLC | 24772 | 2020-08-14 | $2,875.54 | $10,892.20 |
| 9666 | 19459 | 1991 | Ryan M. | Snider | Preva Advanced Surgicare - The Woodlands LLC | 30545 | 2021-04-15 | $780.00 | $0.00 |
| 9667 | 19461 | 1121 | Michael J. | Lowenberg | Preva Advanced Surgicare - The Woodlands LLC | 24773 | 2020-08-14 | $4,258.54 | $16,130.82 |
| 9667 | 19461 | 1121 | Michael J. | Lowenberg | Preva Advanced Surgicare - The Woodlands LLC | 30547 | 2021-04-15 | $720.00 | $0.00 |
| 9668 | 19463 | 916 | Stephanie | Hay | Preva Advanced Surgicare - The Woodlands LLC | 24776 | 2020-08-14 | $4,893.08 | $18,534.40 |
| 9669 | 19465 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24777 | 2020-08-14 | $184.80 | $700.00 |
| 9669 | 19465 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24778 | 2020-08-14 | $1,858.55 | $7,039.96 |
| 9669 | 19465 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24779 | 2020-08-14 | $266.33 | $1,008.81 |
| 9670 | 19467 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 24780 | 2020-08-14 | $5,891.64 | $22,316.82 |

| PatientID | ClaimId | AttorneyID | AttorneyFirstName | AttorneyLastName | Provider | BillId | PaidDate | BillCost | BillGFB |
|---|---|---|---|---|---|---|---|---|---|
| 9670 | 19467 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 30548 | 2021-04-15 | $600.00 | $0.00 |
| 9671 | 19469 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24784 | 2020-08-14 | $1,857.44 | $7,035.76 |
| 9671 | 19469 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24785 | 2020-08-14 | $206.45 | $782.00 |
| 9671 | 19469 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24786 | 2020-08-14 | $184.80 | $700.00 |
| 9671 | 19469 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24787 | 2020-08-14 | $1,857.44 | $7,035.76 |
| 9671 | 19469 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24788 | 2020-08-14 | $206.45 | $782.00 |
| 9671 | 19469 | 609 | Nicholas M. | Wills | Preva Advanced Surgicare - The Woodlands LLC | 24789 | 2020-08-14 | $184.80 | $700.00 |
| 9675 | 19477 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 24797 | 2020-08-14 | $2,875.54 | $10,892.20 |
| 9675 | 19477 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 30551 | 2021-04-15 | $780.00 | $0.00 |
| 9676 | 19479 | 1992 | Abraham, Watkins, Nic | | Preva Advanced Surgicare - The Woodlands LLC | 24798 | 2020-08-14 | $7,645.66 | $28,960.80 |
| 9676 | 19479 | 1992 | Abraham, Watkins, Nic | | Preva Advanced Surgicare - The Woodlands LLC | 25360 | 2020-09-18 | $8,002.48 | $30,312.40 |
| 9677 | 19481 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 24800 | 2020-08-14 | $184.80 | $700.00 |
| 9677 | 19481 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 24801 | 2020-08-14 | $266.33 | $1,008.81 |
| 9677 | 19481 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 24802 | 2020-08-14 | $1,858.55 | $7,039.96 |
| 9679 | 19485 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 24833 | 2020-08-14 | $184.80 | $700.00 |
| 9679 | 19485 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 24837 | 2020-08-14 | $266.33 | $1,008.81 |
| 9679 | 19485 | 1240 | The NMW Law Firm | | Preva Advanced Surgicare - The Woodlands LLC | 24838 | 2020-08-14 | $1,858.55 | $7,039.96 |
| 9680 | 19487 | 1164 | Jason | Holladay | Preva Advanced Surgicare - The Woodlands LLC | 24845 | 2020-08-14 | $184.80 | $700.00 |
| 9680 | 19487 | 1164 | Jason | Holladay | Preva Advanced Surgicare - The Woodlands LLC | 24846 | 2020-08-14 | $518.68 | $1,964.70 |
| 9680 | 19487 | 1164 | Jason | Holladay | Preva Advanced Surgicare - The Woodlands LLC | 24847 | 2020-08-14 | $3,374.82 | $12,783.41 |
| 9801 | 19730 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 25335 | 2020-09-18 | $6,944.36 | $26,304.40 |
| 9802 | 19732 | 596 | R. James | Amaro | Preva Advanced Surgicare - The Woodlands LLC | 25337 | 2020-09-18 | $7,645.66 | $28,960.80 |
| 9806 | 19734 | 726 | David R. | Feldman | Preva Advanced Surgicare - The Woodlands LLC | 25338 | 2020-09-18 | $2,875.54 | $10,892.20 |
| 9807 | 19736 | 993 | Ronald | Braswell | Preva Advanced Surgicare - The Woodlands LLC | 25355 | 2020-09-18 | $4,623.42 | $17,512.96 |
| 9808 | 19738 | 2015 | Kyle M. | Wilkins | Preva Advanced Surgicare - The Woodlands LLC | 25356 | 2020-09-18 | $4,893.08 | $18,534.40 |
| 9808 | 19738 | 2015 | Kyle M. | Wilkins | Preva Advanced Surgicare - The Woodlands LLC | 27075 | 2020-10-26 | $3,374.82 | $12,783.41 |
| 9809 | 19740 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 25357 | 2020-09-18 | $2,875.54 | $10,892.20 |
| 9809 | 19740 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 25358 | 2020-09-18 | $2,875.54 | $10,892.20 |
| 9810 | 19742 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 25359 | 2020-09-18 | $2,875.54 | $10,892.20 |
| 10121 | 20360 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 27069 | 2020-10-26 | $3,880.80 | $14,700.00 |
| 10122 | 20362 | 2073 | David A. | Spradlin | Preva Advanced Surgicare - The Woodlands LLC | 27070 | 2020-10-26 | $7,645.66 | $28,960.80 |
| 10123 | 20364 | 2008 | Andrew | Kumar | Preva Advanced Surgicare - The Woodlands LLC | 27072 | 2020-10-26 | $3,374.82 | $12,783.41 |
| 10123 | 20364 | 2008 | Andrew | Kumar | Preva Advanced Surgicare - The Woodlands LLC | 28242 | 2020-12-09 | $4,205.52 | $15,930.00 |
| 10123 | 20364 | 2008 | Andrew | Kumar | Preva Advanced Surgicare - The Woodlands LLC | 28385 | 2020-12-23 | $4,205.52 | $15,930.00 |
| 10124 | 20366 | 829 | Abraham | Garcia | Preva Advanced Surgicare - The Woodlands LLC | 27076 | 2020-10-26 | $3,880.80 | $14,700.00 |
| 10125 | 20368 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 27077 | 2020-10-26 | $5,879.28 | $22,270.00 |
| 10287 | 20696 | 2087 | John | Munoz | Preva Advanced Surgicare - The Woodlands LLC | 28370 | 2020-12-23 | $2,531.76 | $9,590.00 |
| 10287 | 20696 | 2087 | John | Munoz | Preva Advanced Surgicare - The Woodlands LLC | 29069 | 2021-02-11 | $6,903.60 | $26,150.00 |
| 10367 | 20858 | 2084 | Clay | Dugas | Preva Advanced Surgicare - The Woodlands LLC | 28241 | 2020-12-09 | $2,531.76 | $9,590.00 |
| 10368 | 20860 | 1130 | J. Robert | Brown Jr. | Preva Advanced Surgicare - The Woodlands LLC | 28243 | 2020-12-09 | $3,880.80 | $14,700.00 |
| 10369 | 20862 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 28244 | 2020-12-09 | $3,880.80 | $14,700.00 |
| 10370 | 20864 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 28245 | 2020-12-09 | $4,205.52 | $15,930.00 |
| 10371 | 20866 | 589 | Tom N. | Tran | Preva Advanced Surgicare - The Woodlands LLC | 28246 | 2020-12-09 | $3,880.80 | $14,700.00 |
| 10385 | 20894 | 2093 | Jeffrey M. | Staples | Preva Advanced Surgicare - The Woodlands LLC | 28372 | 2020-12-23 | $1,681.67 | $6,369.95 |
| 10386 | 20896 | 1566 | Jennifer R. | Jacobson | Preva Advanced Surgicare - The Woodlands LLC | 28373 | 2020-12-23 | $4,205.52 | $15,930.00 |
| 10386 | 20896 | 1566 | Jennifer R. | Jacobson | Preva Advanced Surgicare - The Woodlands LLC | 28373 | 2020-12-23 | $3,880.80 | $14,700.00 |
| 10386 | 20896 | 1566 | Jennifer R. | Jacobson | Preva Advanced Surgicare - The Woodlands LLC | 28622 | 2021-01-28 | $2,531.76 | $9,590.00 |
| 10387 | 20898 | 623 | James | Grantham | Preva Advanced Surgicare - The Woodlands LLC | 28375 | 2020-12-23 | $3,880.80 | $14,700.00 |
| 10388 | 20900 | 623 | James | Grantham | Preva Advanced Surgicare - The Woodlands LLC | 28376 | 2020-12-23 | $3,880.80 | $14,700.00 |
| 10389 | 20902 | 964 | Dawn | Saifi | Preva Advanced Surgicare - The Woodlands LLC | 28377 | 2020-12-23 | $2,531.76 | $9,590.00 |
| 10389 | 20902 | 964 | Dawn | Saifi | Preva Advanced Surgicare - The Woodlands LLC | 29070 | 2021-02-11 | $2,531.76 | $9,590.00 |
| 10390 | 20904 | 731 | David W. | Bergquist | Preva Advanced Surgicare - The Woodlands LLC | 28378 | 2020-12-23 | $6,903.60 | $26,150.00 |
| 10391 | 20906 | 1511 | Bobbie | Elkins | Preva Advanced Surgicare - The Woodlands LLC | 28379 | 2020-12-23 | $4,920.96 | $18,640.00 |
| 10391 | 20906 | 1511 | Bobbie | Elkins | Preva Advanced Surgicare - The Woodlands LLC | 29073 | 2021-02-11 | $4,920.96 | $18,640.00 |
| 10392 | 20908 | 2094 | Steve | Shellist | Preva Advanced Surgicare - The Woodlands LLC | 28380 | 2020-12-23 | $7,553.04 | $18,630.00 |
| 10392 | 20908 | 2094 | Steve | Shellist | Preva Advanced Surgicare - The Woodlands LLC | 28628 | 2021-01-28 | $4,205.52 | $15,930.00 |
| 10393 | 20910 | 658 | Jason C. | McLaurin | Preva Advanced Surgicare - The Woodlands LLC | 28381 | 2020-12-23 | $6,903.60 | $26,150.00 |
| 10393 | 20910 | 658 | Jason C. | McLaurin | Preva Advanced Surgicare - The Woodlands LLC | 30134 | 2021-04-15 | $1,681.67 | $6,369.95 |
| 10394 | 20912 | 1305 | Tony | Denena | Preva Advanced Surgicare - The Woodlands LLC | 28382 | 2020-12-23 | $3,880.80 | $14,700.00 |
| 10394 | 20912 | 1305 | Tony | Denena | Preva Advanced Surgicare - The Woodlands LLC | 30138 | 2021-04-15 | $1,857.49 | $7,035.95 |
| 10395 | 20914 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 28383 | 2020-12-23 | $6,903.60 | $26,150.00 |
| 10396 | 20916 | 2095 | Nicholas | Fleming | Preva Advanced Surgicare - The Woodlands LLC | 28384 | 2020-12-23 | $3,880.80 | $14,700.00 |
| 10414 | 20952 | 1098 | Matias | Adrogue | Preva Advanced Surgicare - The Woodlands LLC | 28621 | 2021-01-28 | $1,681.67 | $6,369.95 |
| 10415 | 20954 | 826 | Miguel A. | Adame | Preva Advanced Surgicare - The Woodlands LLC | 28623 | 2021-01-28 | $5,229.84 | $19,810.00 |
| 10416 | 20956 | 1970 | Ryan A. | Dehoyos | Preva Advanced Surgicare - The Woodlands LLC | 28624 | 2021-01-28 | $3,880.80 | $14,700.00 |
| 10417 | 20958 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 28625 | 2021-01-28 | $2,531.76 | $9,590.00 |
| 10418 | 20960 | 2104 | John | Urquhart | Preva Advanced Surgicare - The Woodlands LLC | 28626 | 2021-01-28 | $3,880.80 | $14,700.00 |
| 10419 | 20962 | 709 | Adam | Ramji | Preva Advanced Surgicare - The Woodlands LLC | 28627 | 2021-01-28 | $3,880.80 | $14,700.00 |
| 10419 | 20962 | 709 | Adam | Ramji | Preva Advanced Surgicare - The Woodlands LLC | 29368 | 2021-04-15 | $3,880.80 | $14,700.00 |
| 10420 | 20964 | 988 | Kevin | Forsberg | Preva Advanced Surgicare - The Woodlands LLC | 28629 | 2021-01-28 | $4,205.52 | $15,930.00 |
| 10421 | 20966 | 2095 | Nicholas | Fleming | Preva Advanced Surgicare - The Woodlands LLC | 28630 | 2021-01-28 | $3,880.80 | $14,700.00 |
| 10422 | 20968 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 28631 | 2021-01-28 | $4,205.52 | $15,930.00 |
| 10422 | 20968 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 28632 | 2021-01-28 | $4,205.52 | $15,930.00 |
| 10422 | 20968 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 29076 | 2021-02-11 | $7,553.04 | $28,610.00 |
| 10594 | 21323 | 2129 | Aimee M. | Robert | Preva Advanced Surgicare - The Woodlands LLC | 29071 | 2021-02-11 | $2,531.76 | $9,590.00 |
| 10595 | 21327 | 856 | Gregory P. | Lee | Preva Advanced Surgicare - The Woodlands LLC | 29074 | 2021-02-11 | $4,205.52 | $15,930.00 |
| 10596 | 21329 | 658 | Jason C. | McLaurin | Preva Advanced Surgicare - The Woodlands LLC | 29075 | 2021-02-11 | $5,879.28 | $22,270.00 |
| 10597 | 21331 | 2130 | Jon R. | Alworth | Preva Advanced Surgicare - The Woodlands LLC | 29077 | 2021-02-11 | $2,531.76 | $9,590.00 |
| 10597 | 21331 | 2130 | Jon R. | Alworth | Preva Advanced Surgicare - The Woodlands LLC | 29078 | 2021-02-11 | $3,880.80 | $14,700.00 |
| 10597 | 21331 | 2130 | Jon R. | Alworth | Preva Advanced Surgicare - The Woodlands LLC | 29366 | 2021-04-15 | $3,880.80 | $14,700.00 |

| PatientID | ClaimId | AttorneyID | AttorneyFirstName | AttorneyLastName | Provider | BillId | PaidDate | BillCost | BillGFB |
|---|---|---|---|---|---|---|---|---|---|
| 10642 | 21421 | 2143 | Lester B. | Nichols | Preva Advanced Surgicare - The Woodlands LLC | 29365 | 2021-04-15 | $4,205.52 | $15,930.00 |
| 10642 | 21421 | 2143 | Lester B. | Nichols | Preva Advanced Surgicare - The Woodlands LLC | 30131 | 2021-04-15 | $4,205.52 | $15,930.00 |
| 10643 | 21423 | 2146 | Derek M. | Causey | Preva Advanced Surgicare - The Woodlands LLC | 29367 | 2021-04-15 | $4,205.52 | $15,930.00 |
| 10644 | 21425 | 895 | Adam P. | Criaco | Preva Advanced Surgicare - The Woodlands LLC | 29369 | 2021-04-15 | $1,316.30 | $4,986.00 |
| 10645 | 21427 | 1511 | Bobbie | Elkins | Preva Advanced Surgicare - The Woodlands LLC | 29370 | 2021-04-15 | $3,880.80 | $14,700.00 |
| 10645 | 21918 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 30136 | 2021-04-15 | $3,022.80 | $11,450.00 |
| 10645 | 21918 | 994 | Richard | Presutti | Preva Advanced Surgicare - The Woodlands LLC | 30137 | 2021-04-15 | $4,205.52 | $15,930.00 |
| 10646 | 21429 | 1305 | Tony | Denena | Preva Advanced Surgicare - The Woodlands LLC | 29371 | 2021-04-15 | $1,681.67 | $6,369.95 |
| 10886 | 21916 | 625 | Stewart J. | Guss | Preva Advanced Surgicare - The Woodlands LLC | 30132 | 2021-04-15 | $2,531.76 | $9,590.00 |
| 10887 | 21922 | 856 | Gregory P. | Lee | Preva Advanced Surgicare - The Woodlands LLC | 30141 | 2021-04-15 | $4,205.52 | $15,930.00 |

# EXHIBIT 7



Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
        kwyant@shea.law

*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

In re:

INFINITY CAPITAL MANAGEMENT, INC.
dba INFINITY HEALTH CONNECTIONS,

        Debtor.

Case No.: 21-14486-abl
Chapter 7

**[PROPOSED] ORDER GRANTING JOINT MOTION TO ENFORCE**
**COURT ORDERS AND REQUIRE PREVA ADVANCED SURGICARE –**
**THE WOODLANDS, LLC TO REMIT PAYMENTS RELATING TO**
**ACCOUNTS RECEIVABLE**

The Court, having considered the *Joint Motion to Enforce Court Orders and Require Preva*

*Advanced Surgicare – The Woodlands LLC to Remit Payments Relating to Accounts Receivable*

[ECF No. ___ ] (the "Joint Motion") filed jointly by HASelect-Medical Receivables Litigation

Finance Fund International SP ("HASelect") and Tecumseh–Infinity Medical Receivable Fund,

LP, ("Tecumseh") and good cause appearing, IT IS HEREBY ORDERED:

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1.      The Joint Motion is GRANTED;

2.      Any person or entity, including, but not limited to, Preva Advanced Surgicare – The Woodlands, LLC ("Preva"), is hereby ordered and required to immediately turn over all proceeds collected on and all payments due in connection with all accounts receivable and other rights to payment included in the Portfolio, as defined in the Joint Motion (and as further described with respect to Preva in Exhibit 6 attached thereto), to TPL Claims Management, LLC ("TPL") at such location as TPL may instruct;

3.      Any person or entity, including, but not limited to, Preva Advanced Surgicare – The Woodlands, LLC, is hereby ordered and required to immediately turn over all proceeds collected on and all payments due in connection with all accounts receivable and other rights to payment included in the Collateral, as defined in the Joint Motion (and as further described with respect to Preva in Exhibit 5 attached thereto), to HASelect at such location as HASelect may instruct;

4.      Within 14 days following the entry of this Order and continuing each month thereafter for so long as any portion of the Preva Accounts(as defined in the Joint Motion) remain uncollected, Preva Advanced Surgicare – The Woodlands, LLC shall provide to Tecumseh and HASelect (or their respective designees) an accounting of the current status of all Preva Accounts consistent with Preva's monthly reporting obligations to Infinity under section 6 of the Purchase and Sale Agreement attached to the Joint Motion as Exhibit 4.

5.      TPL is hereby authorized and empowered to take commercially reasonable actions, subject to and as allowed under its agreements with HASelect and Tecumseh, to effectuate the servicing and collection of the Portfolio and to hold the proceeds of the Portfolio in escrow pending the final resolution of all claims and counterclaims asserted in this Adversary Proceeding as contemplated under such agreements;

6.      TPL shall be authorized to endorse and negotiate any check remitted in payment of any of the accounts receivable included in the Portfolio, including any check made payable to the Debtor, Infinity Health Connection, Infinity Health Solutions, LLC, or Buena Vista Rx.; and

7. This Court shall retain jurisdiction to interpret and enforce the provisions of this Order.

**IT IS SO ORDERED.**

Respectfully submitted by:

**SHEA LARSEN**


By: */s/ Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*