GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
JARED SECHRIST
Nevada Bar No. 10439
E-mail: jsechrist@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112
*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC., dba INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No.  BK-S-21-14486- abl<br><br>Chapter 7<br><br>Hearing Date:  March 30, 2023<br>Hearing Time: 9:30 a.m. |

**DECLARATION OF GERALD M. GORDON IN SUPPORT OF MOTION TO SET ASIDE ORDERS APPROVING SALES PROCEDURES AND APPROVING SALE**

I, Gerald M. Gordon, Esq., hereby declare under penalty of perjury under the laws of the United States of America and the State of Nevada as follows:

1. I am over eighteen years of age and am mentally competent. I am an attorney with the law firm of Garman Turner Gordon LLP (the "Firm"), which Firm is Nevada counsel to the Tecumseh – Infinity Medical Receivable Fund, LP ("Tecumseh") in the above-captioned adversary proceeding and related proceedings. As such, I have personal knowledge of the matters set forth herein and if called as a witness, could and would testify in accordance herewith.

2. I make this declaration in support of the *Motion to Set Aside Orders Approving*

*Sales Procedures and Approving Sale* (the "<u>Motion</u>").[1]

3. The Firm was retained by Tecumseh as Nevada counsel on December 8, 2021, and filled it *Notice of Appearance and Request for Special Notice* on December 8, 2021 [ECF No. 153].

4. On or about the middle of December 2022, I was requested by Tecumseh to review the various motions and other proceedings which occurred prior to our appearance in the Chapter 7 case as well as the pending adversary between HASelect and Tecumseh.

5. My review began with a review of the pleadings in the adversary matter, including a review of the pertinent transactional documents between the Debtor and HASelect and the Debtor and Tecumseh.

6. To have a better understanding of the Debtor and its pre-petition activities, I then reviewed the transcript of the Rule 2004 Exam of Oliver Hemmers conducted on November 10, 2021, which examination was conducted prior to the Firm's retention.

7. Beginning at page 110, line 22 through page 116, line 25, and page 121, line 24 through page 122, line 15. Mr. Hemmer's testimony caught my attention in part because he referenced consulting with two attorneys, Larry Oldham and Brooke Borg, regarding the "blanket lien" of HASelect and Infinity's ability to sell loans free and clear of the HASelect security interest. This exchange stayed in my mind given the certainty of Mr. Hemmer's belief that the transactions with Tecumseh did not violate the HASelect security interest. A true and correct copy of this excerpt from the 2004 Exam Transcript is attached hereto as Exhibit C.

8. Over the next week, I kept coming back to these excerpts but I did not reach any conclusions as to its relevance.

9. However, on December 28, 2022, in a further review of the Second Amended & Restated Loan and Security Agreement and the attached executed Form of Promissory Note, I noted that the description of "Collateral" set forth in Section 4.1 of the Loan Agreement differed from the description of "Collateral" in the Note.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Garman Turner Gordon LLP**
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

2

10. To determine the legal effect of this difference in scope of collateral, the impact on the various proceedings held before the Court and the orders entered related thereto, and remedies, the analysis proceeded through the first part of January, 2023. Once the course of action was determined, as counsel for Tecumseh we proceeded with due diligence to prepare the *Motion to Set Aside Orders Approving Sales Procedures and Approving Sale* and *Motion to Set Aside Order Abandoning Property of the Estate*.

I declare under penalty of perjury of the laws of the State of Nevada and the United States of America that these facts are true to the best of my knowledge and belief.

DATED this 6th day of February, 2023.

*/s/ Gerald M. Gordon*
GERALD M. GORDON, ESQ.