**ROBERT E. ATKINSON**
CHAPTER 7 BANKRUPTCY TRUSTEE
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone: (702) 617-3200
Email: Robert@ch7.vegas

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br>*dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>**TRUSTEE'S OPPOSITION**<br><br>**[Re: ECF 268]** |

Chapter 7 trustee ROBERT E. ATKINSON ("***Trustee***") hereby opposes the motion [ECF #268] ("***Motion***") filed by Tecumseh – Infinity Medical Receivable Fund, LP ("***Tecumseh***") to set aside the Procedural Order [ECF #175] and Sale Order [ECF #184] docketed earlier in this case.

### I.    OVERVIEW

1.    From the Trustee's viewpoint, the Motion is a 'Hail-Mary' attempt to do something – *anything* – to disrupt the adversary case between Tecumseh and HASelect (Adv. Case No. 21-01167-abl) ("***AP Case***"), which appears to be going poorly for Tecumseh as that case nears trial.

2.    As discussed below, the core arguments of the Motion fall well short of the relief it seeks, on both procedural and substantive grounds.  Tecumseh (and its investors) should look elsewhere for a remedy.[1]

---

[1] The responsibility for Tecumseh's situation lays squarely on the person or persons who (i) failed to perfect Tecumseh's security interest, and/or (ii) failed to perform sufficient due diligence prior to lending to Debtor, i.e., to uncover that HASelect had a prior perfected security interest in the collateral.  As noted in the Trustee's counterclaim filed in the AP Case [Adv. ECF 28 at ¶ 25], pursuant to NRS § 104.9310(1) and other applicable law, Tecumseh was required to file a financing statement to perfect its interests in the disputed accounts.   If the person or persons who failed to file that financing statement are outside professionals, then Tecumseh's remedies are obvious.

-1-

3. To recap, the Motion seeks the following relief:
- Set aside the Procedural Order [ECF #175] pursuant to Rule 60(b)(1).
- Set aside the Procedural Order pursuant to Rule 60(b)(2).
- Set aside the Procedural Order pursuant to Rule 60(b)(6).
- Set aside the Sale Order [ECF #184] pursuant to Rule 60(b)(6).

4. **A careful reading of the Motion reveals that it does not seek 60(b)(1) or (b)(2) relief for the Sale Order**.[2] Moreover, the Court should prohibit Tecumseh from arguing in its Reply that "Oops, we meant (b)(1) and (b)(2) relief for the Sale Order as well". Poor drafting is no excuse, and impacts the substantive rights of the parties. If Tecumseh wishes to bring a 60(b)(1) or (b)(2) motion for the Sale Order, they can do so via separate motion.

## II.  PROCEDURAL ISSUES

A. *The Motion is time-barred from seeking Rule 60(b)(1) or (b)(2) relief for the Procedural Order, because more than one year has passed since its entry.*

5. The Procedural Order was entered on January 21, 2022. [ECF #175.]

6. The Motion was filed on February 6, 2023. [ECF #268.]

7. FRCP Rule 60(c)(1), as made applicable to this proceeding pursuant to Bankruptcy Rule 9024, time-bars a motion brought under Rule 60(b) subsections (1), (2), and (3). Motions brought under these three subsections can be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pr. 60(c)(1).

8. Because the Motion was filed more than a year after entry of the Procedural Order, relief under Rule 60(b)(1) and (b)(2) cannot be granted for that order.[3]

---

[2] *See* Motion at 60(b)(1) section, which begins on PDF page 8 ("The Procedural Order was mistakenly based…") ("As has been demonstrated, ample authority exists for the Court to vacate the Procedural Order under Rule 60(b)(1)…"); *see also* Motion at 60(b)(2) section, which begins on PDF page 11 ("Tecumseh's motion under Rule 60(b)(2) should be granted and the Procedural Order set aside…").

[3] Movant's counsel are all highly experienced litigators, and undoubtedly know this basic civil procedure time-bar, and yet still brought the Motion without mentioning the time-bar in the

**B.   *The Motion is an end-run around the statutory protections of 11 U.S.C. § 363(m).***

9.   Paragraph 5 of the Sale Order grants HASelect good-faith purchaser status pursuant to Section 363(m). ECF #184 at ¶ 5 ("HASelect is hereby afforded the protections found in 11 U.S.C. § 363(m).").

10.   The Order also states that it is an appealable order. Id. at ¶ 7 ("This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).").

11.   The Sale Order was not appealed, or stayed. *See* Docket.

12.   Section 363(m) states as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

13.   Although Section 363(m) only deals with appellate reversals and modifications of sales, the public purpose of Section 363(m) is "promoting finality in bankruptcy." In re: Preblich, 5 F.3d 539 (9th Cir. 1993).

14.   HASelect, as the purchasing entity under the Sale Order, has spent a year litigating in the AP Case, which includes litigating the Trustee's claims purchased in the Sale Order.[4] The public policy foundation of Section 363(m) underscores why the Motion should be denied. Vacating the Sale Order would not promote finality; instead, it would (theoretically) place the Trustee back into the AP Case, after almost a year of not participating in it after the party substitution occurred.

---

Motion. Rather than issuing a cumbersome Rule 11 letter seeking to have Tecumseh withdraw those portions of the Motion that are effectively a waste of everyone's time, the Trustee decided it was simply easier to summarily deal with this topic in this opposition.

[4] As the Court recalls, the Trustee's counterclaim filed in the AP Case was acquired by HASelect in the Sale Order, and HASelect substituted for the Trustee as the counterclaimant in the AP Case. Adv. ECF #81 (Order Granting Motion to Substitute Party and Re-Caption Case).

**C. Rule 60(b)(1) and/or (b)(2) relief cannot be sought for the Sale Order because the appellate period has run.**

15. This section is included in case the Motion is broadly interpreted to also seek Rule 60(b)(1) or (b)(2) relief for the Sale Order, despite such relief not being expressly sought in the language of the Motion itself. *See* ¶ 4 above.

16. Because the Sale Order was a final, appealable order, Tecumseh cannot use Rule 60(b)(1) or (2) to revisit the order and seek to vacate it. "'[U]nder Rule 60(b)[,] the [lower court] can, within a reasonable time **not exceeding the time for appeal**, hold a rehearing and change [its] decision.'..." Sattler v. Russell (In re Sattler) (9th Cir. 2021)[5] (quoting from Gila River Ranch, Inc. v. United States, 368 F.2d 354 (9th Cir. 1966); *see also* Washington v. Ryan, 789 F.3d 1041, 1046-47 (9th Cir. 2015) (citing Dunn v. Cockrell, 302 F.3d 491, 491–93 (5th Cir.2002) (per curiam) (holding that motions under Rule 60(b)(1) may not be used to evade the time limits of Rule 4(a)); In Re: Stein, 197 F.3d 421, 427 (9th Cir. 1999) (determining that Rule 60(b)(1) relief is not available after the appeal deadline has passed).

17. The time to revisit the Sale Order under (b)(1) or (b)(2) has therefore passed.

**D. Only in a showing of "extraordinary circumstances" can Rule 60 be used after an appeal deadline has run.**

18. The Washington v. Ryan court, as well as the Sattler v Russell 9th Circuit decision, determined that only in "extraordinary circumstances" can Rule 60 be used to remedy a passed appeal deadline. Washington v. Ryan, 789 F.3d at 1047 (citing to Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012); *see also* Sattler v. Russell.

19. The core concept, of course, is that the one-year time bar of Rule 60(c)(1) is a *maximum limit*; the actual rule is that such motion must be brought in a "reasonable time". Fed. R. Civ. Pr. 60(c)(1).

---

[5] This is an unpublished 9th Circuit decision upholding this Court's ruling in the Brandon Sattler case.

20. A 'reasonable time' is before the appeal deadline has passed. <u>Plotkin v. Pacific Tel. and Tel. Co.</u>, 688 F.2d 1291 at fn. 2 (9th Cir. 1982).[6]

21. Because the appeal deadline has passed, a reasonable time has passed, and therefore only Rule 60(b)(6) relief is theoretically possible. As discussed below, that relief is not procedurally available at this point, either.

***E. Regarding the Rule 60(b)(6) relief, the Motion was not brought in a "reasonable time".***

22. Rule 60(b)(6) permits relief from an order for "any other reason that justifies relief." Fed. R. Civ. Pr. 60(b)(6).

23. Rule 60(b)(6) is to be used sparingly, as an equitable remedy to prevent manifest injustice. <u>Shaughnessy v. U.S. Dist. Court Southern Dist. of California</u>, 995 F.2d 232 (9th Cir. 1993); *see also* <u>Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)</u>, 503 F.3d 933, 941 (9th Cir. 2007) ("[j]udgments are not often set aside under Rule 60(b)(6).") (quoting <u>United States v. Washington</u>, 394 F.3d 1152, 1157 (9th Cir. 2005)).

24. The long-standing foundation in the Ninth Circuit is that Rule 60(b)(6) "is to be utilized **only where extraordinary circumstances** *prevented a party from taking timely action* to prevent or correct an erroneous judgment." <u>Fibercom</u>, 503 F.3d at 941 (quoting <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir.1993) (emphasis added); *see also* <u>Decembre v. Nations First Capital, LLC (In re Nations First Capital, LLC)</u> (9th Cir. 2021) (quoting <u>Fibrecom</u>) (not for publication, but included to demonstrate that case law on this concept has not changed).

25. The burden for movant is thus to prove that extraordinary circumstances *prevented Tecumseh from taking timely action* on the Procedures Order and Sale Order.

---

[6] Per footnote 2 of that ruling: "We recognize that there was a question of whether the motion to vacate was made within a 'reasonable time' as required by Rule 60(b). The motion in the present case was made 48 days after the order granting summary judgment was entered and 18 days after the expiration of time for appeal of that order. **The district court apparently felt that the motion was not timely because it was filed after the expiration of time for appeal. We agree that Kilgore did not comply with the reasonable time requirement**."

That burden has not been met. The following facts on the docket of this bankruptcy case are undisputable:

- On September 22, 2021, the HASelect loan documents, including the promissory note, were docketed in this case [ECF #18 (Declaration of Michael Griffin at Exhibit 1]. That declaration was filed in support of HASelect's motion for relief from stay [ECF #17] ("***Motion for Relief from Stay***"), which expressly refers to the loan documents [Id. at fn. 3] and the definition of "Collateral" as found in the loan agreement [Id. at ¶ 7.]
- On September 23, 2023, Tecumseh appeared in this case, by and through counsel. [ECF #23 (*pro hac* application), #24 (designation of local counsel).] [7]
- On October 11, 2021, Tecumseh, by and through counsel, filed an opposition to the Motion for Relief from Stay. [DE #83.] **The nature of that opposition mostly deals with the nature of HASelect's collateral**. [*See generally* Id.]
- At a hearing held on October 12, 2021, the Court then granted the Motion for Relief from Stay, using HASelect's definition of Collateral "as defined in the Motion"). [DE #96 (order granting motion) at ¶ 2.]
- On October 19, 2021, HASelect filed the AP Case against Tecumseh.
- On December 3, 2021, the Trustee filed a motion for procedures [DE #145] ("***Motion for Procedures***"). The relief sought in this motion was ultimately granted (in part), via the Procedures Order.
- On December 8, 2021, new local bankruptcy counsel for Tecumseh (Garman Turner Gordon LLP) ("***GTG***") filed a notice of appearance [ECF #153].
- On December 13, 2021, Tecumseh, by and through its new local counsel, filed an opposition [ECF #155] to the Trustee's Motion for Procedures. The

---

[7] Akerman LLP is both the general bankruptcy counsel and at that time was also the designated local counsel for Tecumseh (i.e., local counsel was Akerman's Las Vegas office).

- Opposition expressly refers to HASelect's Motion for Relief from Stay, and discusses the collateral mentioned therein. [ECF #155 at ¶ 14.]
- On December 22, 2021, HASelect files its proof of claim [POC #8]. Attached as Exhibit 1 to that proof of claim is a document that explains the claim, and makes an express reference to the loan documents "available on the Bankruptcy Court's docket in this case at ECF No. 18." [Original POC #8 at Exhibit 1.]
- On January 10, 2022, HASelect files an amended proof of claim (hereinafter, the" **HASelect POC**"), to which the loan documents, including the promissory note, were attached. [HASelect POC at Exhibit 1-A.]
- On January 21, 2022, the Procedures Order was docketed. [ECF #175.]
  - The sale hearing was held on February 8, 2022, and the Sale Order was docketed on February 11, 2022 [ECF #184.] Counsel for Tecumseh approved that order. [Id. at p. 3.]

26. Now, a year later, Tecumseh files the Motion. Tecumseh argues, *inter alia*, that "extraordinary circumstances" exist even though, as noted above:

- Tecumseh has had access to all the loan documents since it appeared in this case in September 2021; and
- Tecumseh has argued the nature of HASelect's collateral in multiple pleadings.

27. What the Motion fails to effectively note, and fails to argue, is that Rule 60(b)(6) does not only just require 'extraordinary circumstances'. Ninth Circuit case law for decades has consistently held that Rule 60(b)(6) relief requires extraordinary circumstances ***that prevented a party from taking timely action***. Fibercom, 503 F.3d at 941 (citing United

States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993))." [8]

28. If, *arguendo*, the "extraordinary circumstances" are that the loan documents have been misread, how did that misreading prevent Tecumseh from taking timely action? It's that crucial and necessary element – that the circumstances prevented Tecumseh from taking timely action -- which is unaddressed by the Motion. This issue, of course, gets to the "reasonable time" standard under Rule 60(c)(1).

29. The only supporting evidence regarding timeliness is found in the supporting Declaration of Gerald Gordon found at ECF #269. That declaration tellingly states:

> "3. The Firm was retained by Tecumseh as Nevada counsel on December 8, 2021, and filled it [sic] Notice of Appearance and Request for Special Notice on December 8, 2021 [ECF No. 153].
>
> 4. On or about the middle of December 2022, I was requested by Tecumseh to review the various motions and other proceedings which occurred prior to our appearance in the Chapter 7 case as well as the pending adversary between HASelect and Tecumseh."

ECF #269 at ¶¶ 3-4.

30. To any extent that Motion argues "extraordinary circumstances" exist, the declaration of Mr. Gordon is proof that:

- After an entire year, Tecumseh finally decided to task Mr. Gordon with reviewing documents docketed before the time his firm was employed.
- GTG reviewed documents filed in this case prior to GTG being retained, no *new* documents (i.e., no new documents to Tecumseh) had been discovered. Although the loan documents may have been new to Mr. Gordon and his team, they certainly were not new to Tecumseh. As

---

[8] *See also* Influence Entm't v. 3765 Holding, LLC (9th Cir. 2022) (unpublished) (quoting United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993); Sattler v. Russell (In re Sattler) (B.A.P. 9th Cir. 2020).

-8-

- noted above, Tecumseh was represented by counsel (both general and local counsel) months before GTG was retained, and even filed an opposition [ECF #83] to HASelect's Motion for Relief from Stay [ECF #17], which contained the loan documents in question [ECF #18]. The subject loan documents were not new to Tecumseh.

- Mr. Gordon's declaration is tellingly silent regarding HASelect's amended proof of claim, which was filed on January 10, 2022, *after* GTG appeared in this case. Did GTG not review that crucial proof of claim, which contained all of the loan documents in question, which he now takes issue with a year later? Mr. Gordon, along with Tecumseh's other counsel (Gabrielle A. Hamm, Michael Napoli, and Ariel Stern) were all sent that amended proof of claim via ECF. See **EXHIBIT 1** attached hereto (ECF email for HASelect's amended proof of claim filed on January 10, 2022, with Tecumseh's counsel highlighted for ease of reference). Electronic transmission of the notice of electronic filing constitutes service of notice of the filed document. LR 5005(c)(2). Therefore, all four of Tecumseh's counsel were served with that document on January 10, 2022, more than a year before the Motion was filed.

31. In short, any mild alleged ambiguity in the loan documents was not the ***cause*** of the delay that ***prevented*** Tecumseh from taking timely action, as required in <u>Fibercom</u> and other applicable case law, as noted above. The cause of the delay that prevented Tecumseh from taking timely action was its own failure of not reviewing docketed documents, twice.[9]

32. Notably, in the Ninth Circuit, failure of an attorney to review available information prior to entry of judgment is not 'newly-discovered information' for the purposes of Rule 60:

---

[9] First when Tecumseh opposed the Motion for Relief from Stay on October 11, 2021, and second when the amended proof of claim was docketed on January 10, 2022.

> Feature Realty's argument fails at the first hurdle, because the assurances the city attorney made to the state court judge that Feature Realty relies on for its judicial estoppel argument is not "newly discovered evidence." Feature Realty's former lawyer knew of the assurances when they were made, in October 1998, and that knowledge is properly attributable to Feature Realty itself. See Busk v. Hoard, 65 Wash.2d 126, 134-35, 396 P.2d 171 (1964) ("Knowledge or notice by or to the agent is imputed to his principal; and the knowledge had by an agent will, therefore, bind his principal...."). Even assuming *arguendo* that Feature Realty had no notice of the assurances made by the city attorney until their *new* lawyers became aware of them, their new lawyers received that information eight days before the entry of judgment. **Evidence "in the possession of the party before the judgment was rendered is not newly discovered...."** See Coastal Transfer Co., 833 F.2d at 212. The district court did not abuse its discretion in denying the motion.
>
> AFFIRMED.

Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (italics in original) (bold emphasis added).

33. The Motion properly states the law that "the decision to grant Rule 60(b)(6) relief is a case-by case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Motion at 4:3 (quoting Hall v. Haws, 861 F.3d 861, 787-8 (9th Cir. 2017). Given: (i) the course of this bankruptcy case and the AP Case, and (ii) the fact that Tecumseh (via counsel) had possession of the documents for over a year, and (iii) that much more than a 'reasonable time' has passed since entry of the Procedures Order and the Sale Order, the Court can conclude that Rule 60(b)(6) relief is not available. Fed. R. Civ. Pr. 60(c)(1).

### III.  SUBSTANTIVE ISSUES

34. Section 4 of the loan agreement provides an extensive definition of collateral, and then expressly states that the definition is the term 'Collateral' (with a capital "C"):

-10-

> "(all of the foregoing, together with all other property in which Lender may now or in the future be granted a lien or security interest, is referred to herein, collectively, as the "**Collateral**").

*See* Loan Agreement at § 4 (emphasis in original).

35. In contrast, the Note does not define the term "Collateral". Instead, it simply states:

> **16. <u>Collateral</u>.** This Note shall be secured by a security interest in all of Borrower's interest in the Receivables and Claims, as set forth in the Loan Agreement.

*See* Note at § 16 (bold in original).

36. Importantly, the Note expressly states: "This Note is being issued to Lender by Borrower **pursuant, and otherwise subject, to the terms and conditions of the Loan Agreement**." *See* Note at Recitals, § E (emphasis added).

37. The Note also expressly states: "Capitalized terms used herein unless otherwise defined, have the meanings given such terms in the Loan Agreement". Id.

38. The Loan Agreement discusses paragraph headings: "Paragraph headings are only used in this Agreement for convenience." *See* Loan Agreement at § 9.9 (emphasis added). Both parties agreed in that document that "headings may not describe completely the subject matter of the applicable paragraph, and **the headings shall not be used in any manner to construe, limit, define, or interpret any terms or provision of this Agreement**." Id. (emphasis added).

39. Taken together:
- The Note is subject to the terms and conditions of the Agreement.
- The Agreement states that paragraph headings are not to be used to construe, limit, define, or interpret.
- The Agreement provides an extensive definition of the term "Collateral".
- The Note does not provide any definition of the term "Collateral."

-11-

- The Note has a header stating "16. Collateral.", but headers are not to be used to construe, limit, define, or interpret.
- Because the Note does not define "Collateral", then the Loan Agreement's definition controls.

40. The Motion essentially argues that the section header "16. Collateral." is a definition, but that argument falls far short, for two reasons:

   a. Because the Note is subject to the terms and conditions of the Agreement, therefore paragraph headings in the Note are also only to be used only for convenience, and are not to be used to construe, limit, define, or interpret.

   b. As noted above, the Note's language includes a specific clause:

   > This Note shall be secured by a security interest in all of Borrower's interest in the Receivables and Claims, **as set forth in the Loan Agreement**.

   *See* Note at § 16 (emphasis added).

   The only possible way to interpret this clause is that it refers to the definition of Collateral in the Loan Agreement. These words simply mean that the collateral is Receivables, Claims, *and all other pledged collateral as specifically set forth in the Loan Agreement, including proceeds, etc*.

41. In conclusion, the Motion is a gambit that fails to generate any substantive controversy, given the actual documentary language and terms.

### IV. CONCLUSION

42. For all of the above reasons, the Court should deny the Motion and the relief sought therein, on both procedural and substantive grounds.

# # # # #

DATED:  February 24, 2023

>By:      /s/ *Robert E. Atkinson*
>ROBERT E. ATKINSON
>CHAPTER 7 BANKRUPTCY TRUSTEE

# EXHIBIT 1

## Trustee Robert Atkinson (ch7.vegas)

| | |
|---|---|
| **From:** | USBC_NEVADA@nvb.uscourts.gov |
| **Sent:** | Monday, January 10, 2022 9:59 PM |
| **To:** | Courtmail@nvb.uscourts.gov |
| **Subject:** | Proof of Claim 21-14486-abl |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

U.S. Bankruptcy Court

District of Nevada

Notice of Electronic Claims Filing

The following transaction was received from LARSEN, BART on 1/10/2022 at 9:58 PM PST

| | |
|---|---|
| **Case Name:** | INFINITY CAPITAL MANAGEMENT, INC. |
| **Case Number:** | 21-14486-abl |
| **Creditor Name:** | HASelect-Medical Receivables Litigation Finance Fu<br>c/o Bart K. Larsen, Esq.<br>1731 Village Center Circle, Suite 150<br>Las Vegas, NV 89134 |
| **Claim Number:** | Amended 8    Claims Register |

**Amount Claimed:** $16000543.00
**Amount Secured:** $16000543.00
**Amount Priority:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** 20220110 PoC - Final(2).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=1/10/2022] [FileNumber=34189444-0
] [5b0d033cbb6ce4f15f81a67fdc30e07d3582be74f702d167510704b81195b26dc20
2ebf3b949baf0a8c5125a2983320839dae94ff069fc4c0fe81662852d53bc]]

**21-14486-abl Notice will be electronically mailed to:**

ROBERT E. ATKINSON
Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

1

ROBERT E. ATKINSON on behalf of Trustee ROBERT E. ATKINSON
Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

CLARISSE L. CRISOSTOMO on behalf of Counter-Claimant ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

CLARISSE L. CRISOSTOMO on behalf of Counter-Defendant ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

CLARISSE L. CRISOSTOMO on behalf of Plaintiff ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

GERALD M GORDON on behalf of Counter-Claimant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

GERALD M GORDON on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

GERALD M GORDON on behalf of Defendant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

GABRIELLE A. HAMM on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ghamm@Gtg.legal, bknotices@gtg.legal

BRADFORD IRELAN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
birelan@imtexaslaw.com, jstephens@imtexaslaw.com;dhall@imtexaslaw.com;ynguyen@imtexaslaw.com

BART K. LARSEN on behalf of Counter-Defendant HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP
BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

BART K. LARSEN on behalf of Creditor HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP
BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

BART K. LARSEN on behalf of Plaintiff HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP
BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

DAVID MINCIN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
dmincin@mincinlaw.com, cburke@mincinlaw.com

MICHAEL D. NAPOLI on behalf of Counter-Claimant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP

michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

MICHAEL D. NAPOLI on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

MICHAEL D. NAPOLI on behalf of Defendant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

TRENT L. RICHARDS on behalf of Creditor THE INJURY SPECIALISTS
trichards@sagebrushlawyers.com

ARIEL E. STERN on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

ARIEL E. STERN on behalf of Defendant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
mzirzow@lzlawnv.com,
carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

**21-14486-abl Notice will not be electronically mailed to:**

JACOB M STEPHENS on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
IRELAN MCDANIEL, PLLC
2520 CAROLINE ST, 2ND FLR
HOUSTON, TX 77004