**ROBERT E. ATKINSON**
CHAPTER 7 BANKRUPTCY TRUSTEE
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone: (702) 617-3200
Email: Robert@ch7.vegas

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>                      Debtor. | Case No. 21-14486-abl<br>Chapter 7<br><br>**TRUSTEE'S OPPOSITION**<br><br>**[Re: ECF 271]** |

      Chapter 7 trustee ROBERT E. ATKINSON ("***Trustee***") hereby opposes the motion [ECF #271] ("***Motion to Set Aside Abandonment***") filed by Tecumseh – Infinity Medical Receivable Fund, LP ("***Tecumseh***") to set aside the Abandonment Order [ECF #97] docketed earlier in this case.

      To recap, the Motion to Set Aside Abandonment seeks to set aside the Abandonment Order pursuant to Rule 60(b)(6).

### I.    BACKGROUND FACTS

      1.    On September 22, 2021, the HASelect loan documents, including the promissory note, were docketed in this case [ECF #14 (Declaration of Michael Griffin at Exhibit 1]. That declaration was filed in support of the Trustee's and HASelect's joint motion to abandon [ECF #12] ("***Motion to Abandon***"), which expressly refers to the loan documents [Id. at fn. 2] and the definition of "Collateral" as found in the loan agreement [Id. at ¶ 4.]

      2.    On September 23, 2023, Tecumseh appeared in this case, by and through counsel. [ECF #23 (pro hac application), #24 (designation of local counsel).]

      3.    On October 11, 2021, Tecumseh, by and through counsel, filed an opposition to the Motion for Relief from Stay. [ECF #82.] The nature of that opposition expressly deals

-1-

with the nature of HASelect's collateral, as that is the subject of the Motion to Abandon. [*See generally* Id.]

4. The Abandonment Order was entered on October 15, 2021. [ECF #97.]

5. On December 8, 2021, new local bankruptcy counsel for Tecumseh (Garman Turner Gordon LLP) ("**GTG**") filed a notice of appearance [ECF #153].

6. On January 10, 2022, HASelect files its amended proof of claim (hereinafter, the "**HASelect POC**"), to which the loan documents, including the promissory note, were attached. [HASelect POC at Exhibit 1-A.]

7. On February 6, 2023, which was 479 days after the Abandonment Order was docketed, Tecumseh filed its Motion to Set Aside Abandonment. [ECF #271.]

## II.    PROCEDURAL OPPOSITION

***A.    The Motion was not brought in a "reasonable time", and thus is time-barred.***

8. Rule 60(b)(6) permits relief from an order for "any other reason that justifies relief." Fed. R. Civ. Pr. 60(b)(6).

9. Rule 60(b)(6) is to be used sparingly, as an equitable remedy to prevent manifest injustice. Shaughnessy v. U.S. Dist. Court Southern Dist. of California, 995 F.2d 232 (9th Cir. 1993); *see also* Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 941 (9th Cir. 2007) ("[j]udgments are not often set aside under Rule 60(b)(6).") (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)).

10. A Rule 60(b)(6) motion must be brought within a "reasonable time", and is time-barred if not timely brought. Fed. R. Civ. Pr. 60(c)(1).

11. In order to grant the relief requested in the Motion, the Court would have to find that 479 days after the Abandonment Order was docketed is a "reasonable time" in which to file a Rule 60(b)(6) motion.

12. As noted in Section I above, Tecumseh (through counsel) had actual knowledge of the loan documents, which were filed on the docket of this case and also in the claims register, for well over a year.

13. In particular, the loan documents were attached as supporting evidence [DE #14] to the underlying Motion to Abandon [ECF #12] that resulted in the Abandonment Order that Tecumseh now seeks to set aside. Importantly, Tecumseh opposed that motion [ECF #82], which means that this entire matter has already been litigated.

14. Notably, in the Ninth Circuit, failure of an attorney to review available information prior to entry of judgment is not 'newly-discovered information' for the purposes of Rule 60:

> Feature Realty's argument fails at the first hurdle, because the assurances the city attorney made to the state court judge that Feature Realty relies on for its judicial estoppel argument is not "newly discovered evidence." Feature Realty's former lawyer knew of the assurances when they were made, in October 1998, and that knowledge is properly attributable to Feature Realty itself. See Busk v. Hoard, 65 Wash.2d 126, 134-35, 396 P.2d 171 (1964) ("Knowledge or notice by or to the agent is imputed to his principal; and the knowledge had by an agent will, therefore, bind his principal...."). Even assuming *arguendo* that Feature Realty had no notice of the assurances made by the city attorney until their *new* lawyers became aware of them, their new lawyers received that information eight days before the entry of judgment. **Evidence "in the possession of the party before the judgment was rendered is not newly discovered...."** See Coastal Transfer Co., 833 F.2d at 212. The district court did not abuse its discretion in denying the motion.
>
> AFFIRMED.

Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (italics in original) (bold emphasis added).

15. Accordingly, 479 days is not a "reasonable time" for the purposes of Rule 60(c)(1). Tecumseh is time-barred from bringing its Motion to Set Aside Abandonment.

**B.    *No extraordinary circumstances exist that prevented Tecumseh from taking timely action.***

16. The long-standing foundation in the Ninth Circuit is that Rule 60(b)(6) "is to be utilized **only where extraordinary circumstances** *prevented a party from taking timely action* to prevent or correct an erroneous judgment." Fibercom, 503 F.3d at 941 (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993)

-3-

(emphasis added); *see also* Decembre v. Nations First Capital, LLC (In re Nations First Capital, LLC) (9th Cir. 2021) (quoting Fibrecom) (not for publication, but included to demonstrate that case law on this concept has not changed); *see also* Influence Entm't v. 3765 Holding, LLC (9th Cir. 2022) (unpublished) (quoting United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993); Sattler v. Russell (In re Sattler) (B.A.P. 9th Cir. 2020).

17. The burden for movant is thus to prove that extraordinary circumstances **prevented Tecumseh from taking timely action on the Abandonment Order**. That burden has not been met. The Motion to Set Aside Abandonment only argues that extraordinary circumstances exist, and is silent on the second element, i.e., that those circumstances prevented Tecumseh from taking timely action on the Abandonment Order.

18. If, *arguendo*, the "extraordinary circumstances" are that the loan documents have been misread, how did that misreading prevent Tecumseh from taking timely action? It's that crucial and necessary element – that the circumstances prevented Tecumseh from taking timely action -- which is unaddressed by the Motion to Set Aside Abandonment.[1]

19. The Motion to Set Aside Abandonment is also wholly unsupported by any declaration providing facts relating to either: (i) why 497 days later is "reasonable time", or (ii) why Tecumseh was prevented from taking timely action.[2]

20. Because the Motion to Set Aside Abandonment does not argue "reasonable time", and it does not argue why Tecumseh was prevented from taking timely action, and is not supported by any evidence on either topic, the Court can comfortably deny the Motion to

---

[1] The Motion to Set Aside Abandonment also lacks any analysis of the "reasonable time" restriction of Rule 60(c)(1). *See generally* ECF #271.

[2] The Declaration of Gerald Gordon found at ECF #269 ("**Gordon Declaration**"), which was filed before the Motion to Set Aside [ECF #271], only supports Tecumseh's earlier-filed motion to set aside other orders [ECF #268]. *See* Gordon Declaration at ¶ 2 ("I make this declaration in support of the Motion to Set Aside Orders Approving Sales Procedures and Approving Sale").

-4-

Set Aside Abandonment as falling well short of the Ninth Circuit standards for granting Rule 60(b)(6) relief.

21. Presumably, Tecumseh's reply to this opposition will attempt to correct these deficiencies. For due process reasons, replies are generally not supposed to bring in substantive new evidence, but Tecumshe can simply point to the Gordon Declaration [ECF #269] for admissible evidence regarding timeliness. Unfortunately, that declaration does not help Tecumseh's argument. In it, Mr. Gordon tellingly states:

> "3. The Firm was retained by Tecumseh as Nevada counsel on December 8, 2021, and filled it [sic] Notice of Appearance and Request for Special Notice on December 8, 2021 [ECF No. 153].
>
> 4. On or about the middle of December 2022, I was requested by Tecumseh to review the various motions and other proceedings which occurred prior to our appearance in the Chapter 7 case as well as the pending adversary between HASelect and Tecumseh."

ECF #269 at ¶¶ 3-4.

22. To any extent that Motion to Set Aside Abandonment argues that "extraordinary circumstances" exist, the Gordon Declaration is proof that:

- After well over an entire year, Tecumseh finally decided to task Mr. Gordon with reviewing documents docketed before the time GTG was employed.
- GTG reviewed documents filed in this case prior to GTG being retained, but no *new* documents were discovered outside of the docket. Although the loan documents may have been new to Mr. Gordon and his team, they certainly were not new to Tecumseh. As noted above, Tecumseh was represented by counsel (both general and local counsel) months before GTG was retained, and even filed an opposition [ECF #82] to the Motion to Abandon [ECF #12], which contained the loan documents in question [ECF #14].

- Moreover, the Gordon Declaration is tellingly silent regarding HASelect's amended proof of claim, which was filed on January 10, 2022, which was after GTG appeared in this case. Did GTG not review that crucial proof of claim, which contained all of the loan documents in question, which he now takes issue with a year later? Mr. Gordon, along with Tecumseh's other counsel (Gabrielle A. Hamm, Michael Napoli, and Ariel Stern) were all sent that amended proof of claim via ECF. See **EXHIBIT 1** attached hereto (ECF email for HASelect's amended proof of claim filed on January 10, 2022, with Tecumseh's counsel highlighted for ease of reference). Electronic transmission of the notice of electronic filing constitutes service of notice of the filed document. LR 5005(c)(2). Therefore, all four of Tecumseh's counsel were served with that document on January 10, 2022, more than a year before the Motion to Set Aside Abandonment was filed.

23. In short, any mild alleged ambiguity in the loan documents was not the *cause* of the delay that *prevented* Tecumseh from taking timely action, as required in Fibercom and other applicable case law, as noted above. The cause of the delay that prevented Tecumseh from taking timely action was its own failure to not review filed documents, twice.[3]

24. The Motion properly states the law that "the decision to grant Rule 60(b)(6) relief is a case-by case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Motion at 4:3 (quoting Hall v. Haws, 861 F.3d 861, 787-8 (9th Cir. 2017). Given: (i) the course of this bankruptcy case, and (ii) the fact that Tecumseh (via counsel) had possession of the documents for well over a year, and (iii) that much more than a 'reasonable time' has passed

---

[3] First when Tecumseh opposed the Motion to Abandon on October 11, 2021, and second when the amended proof of claim was docketed on January 10, 2022.

since entry of the Abandonment Order, the Court can conclude that Rule 60(b)(6) relief is not available.  Fed. R. Civ. Pr. 60(c)(1).

### III.   SUBSTANTIVE OPPOSITION

25.   Section 4 of the loan agreement provides an extensive definition of collateral, and then expressly states that the definition is the term 'Collateral' (with a capital "C"):

> "(all of the foregoing, together with all other property in which Lender may now or in the future be granted a lien or security interest, is referred to herein, collectively, as the "**Collateral**").

*See* Loan Agreement at § 4 (emphasis in original).

26.   In contrast, the Note does not define the term "Collateral".  Instead, it simply states:

> **16.  Collateral.**  This Note shall be secured by a security interest in all of Borrower's interest in the Receivables and Claims, as set forth in the Loan Agreement.

*See* Note at § 16 (bold in original).

27.   Importantly, the Note expressly states: "This Note is being issued to Lender by Borrower **pursuant, and otherwise subject, to the terms and conditions of the Loan Agreement**."  *See* Note at Recitals, § E (emphasis added).

28.   The Note also expressly states: "Capitalized terms used herein unless otherwise defined, have the meanings given such terms in the Loan Agreement". Id.

29.   The Loan Agreement discusses paragraph headings: "Paragraph headings are only used in this Agreement for convenience."  *See* Loan Agreement at § 9.9 (emphasis added).  Both parties agreed in that document that "headings may not describe completely the subject matter of the applicable paragraph, and **the headings shall not be used in any manner to construe, limit, define, or interpret any terms or provision of this Agreement**." Id. (emphasis added).

30.   Taken together:

-7-

- The Note is subject to the terms and conditions of the Agreement.
- The Agreement states that paragraph headings are not to be used to construe, limit, define, or interpret.
- The Agreement provides an extensive definition of the term "Collateral".
- The Note does not provide any definition of the term "Collateral."
- The Note has a header stating "16. Collateral.", but headers are not to be used to construe, limit, define, or interpret.
- Because the Note does not define "Collateral", then the Loan Agreement's definition controls.

31. The Motion to Set Aside Abadonment essentially argues that the section header "16. Collateral." is a definition, but that argument falls far short, for two reasons:

   a. Because the Note is subject to the terms and conditions of the Agreement, therefore paragraph headings in the Note are also only to be used only for convenience, and are not to be used to construe, limit, define, or interpret.

   b. As noted above, the Note's language includes a specific clause:

   > This Note shall be secured by a security interest in all of Borrower's interest in the Receivables and Claims, **as set forth in the Loan Agreement**.

   *See* Note at § 16 (emphasis added).

   The only possible way to interpret this clause is that it refers to the definition of Collateral in the Loan Agreement. These words simply mean that the collateral is Receivables, Claims, *and all other pledged collateral as specifically set forth in the Loan Agreement, including proceeds, etc*.

32. In conclusion, the Motion to Set Aside Abandonment fails to generate any substantive controversy, given the actual documentary language and terms.

### IV.    CONCLUSION

33. For all of the above reasons, the Court should deny the Motion to Set Aside Abandonment and the relief sought therein, on both procedural and substantive grounds.

# # # # #

DATED:  February 24, 2023

By:       /s/ *Robert E. Atkinson*
ROBERT E. ATKINSON
CHAPTER 7 BANKRUPTCY TRUSTEE

# EXHIBIT 1

**Trustee Robert Atkinson (ch7.vegas)**

| | |
|---|---|
| **From:** | USBC_NEVADA@nvb.uscourts.gov |
| **Sent:** | Monday, January 10, 2022 9:59 PM |
| **To:** | Courtmail@nvb.uscourts.gov |
| **Subject:** | Proof of Claim 21-14486-abl |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

### District of Nevada

Notice of Electronic Claims Filing

The following transaction was received from LARSEN, BART on 1/10/2022 at 9:58 PM PST

| | |
|---|---|
| **Case Name:** | INFINITY CAPITAL MANAGEMENT, INC. |
| **Case Number:** | 21-14486-abl |
| **Creditor Name:** | HASelect-Medical Receivables Litigation Finance Fu<br>c/o Bart K. Larsen, Esq.<br>1731 Village Center Circle, Suite 150<br>Las Vegas, NV 89134 |
| **Claim Number:** | Amended 8   Claims Register |

**Amount Claimed:** $16000543.00
**Amount Secured:** $16000543.00
**Amount Priority:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** 20220110 PoC - Final(2).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=1/10/2022] [FileNumber=34189444-0
] [5b0d033cbb6ce4f15f81a67fdc30e07d3582be74f702d167510704b81195b26dc20
2ebf3b949baf0a8c5125a2983320839dae94ff069fc4c0fe81662852d53bc]]


**21-14486-abl Notice will be electronically mailed to:**

ROBERT E. ATKINSON
Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

ROBERT E. ATKINSON on behalf of Trustee ROBERT E. ATKINSON
Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

CLARISSE L. CRISOSTOMO on behalf of Counter-Claimant ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

CLARISSE L. CRISOSTOMO on behalf of Counter-Defendant ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

CLARISSE L. CRISOSTOMO on behalf of Plaintiff ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

GERALD M GORDON on behalf of Counter-Claimant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

GERALD M GORDON on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

GERALD M GORDON on behalf of Defendant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

GABRIELLE A. HAMM on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ghamm@Gtg.legal, bknotices@gtg.legal

BRADFORD IRELAN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
birelan@imtexaslaw.com, jstephens@imtexaslaw.com;dhall@imtexaslaw.com;ynguyen@imtexaslaw.com

BART K. LARSEN on behalf of Counter-Defendant HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP
BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

BART K. LARSEN on behalf of Creditor HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP
BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

BART K. LARSEN on behalf of Plaintiff HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP
BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

DAVID MINCIN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
dmincin@mincinlaw.com, cburke@mincinlaw.com

MICHAEL D. NAPOLI on behalf of Counter-Claimant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP

michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

MICHAEL D. NAPOLI on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

MICHAEL D. NAPOLI on behalf of Defendant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

TRENT L. RICHARDS on behalf of Creditor THE INJURY SPECIALISTS
trichards@sagebrushlawyers.com

ARIEL E. STERN on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

ARIEL E. STERN on behalf of Defendant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
mzirzow@lzlawnv.com,
carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

**21-14486-abl Notice will not be electronically mailed to:**

JACOB M STEPHENS on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
IRELAN MCDANIEL, PLLC
2520 CAROLINE ST, 2ND FLR
HOUSTON, TX 77004