GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
JARED SECHRIST
Nevada Bar No. 10439
E-mail: jsechrist@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC., dba INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. BK-S-21-14486- abl<br><br>Chapter 7<br><br>Hearing Date: March 30, 2023<br>Hearing Time: 9:30 a.m. |

**REPLY IN SUPPORT OF MOTION TO SET ASIDE ORDER ABANDONING PROPERTY OF THE ESTATE**

Tecumseh – Infinity Medical Receivable Fund, LP ("Tecumseh"), through its undersigned counsel, files this reply ("Reply") in response to the oppositions filed by HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect") [ECF No. 283] and Chapter 7 Trustee Robert E. Atkinson ("Trustee") [ECF No. 281] to Tecumseh's Motion to Set Aside Order Abandoning Property[1] of the Estate ("Motion") [ECF No. 271] pursuant to Fed. R. Bank P. 9024 which makes applicable Fed. R. Civ. P. 60(b)(6) to this adversary proceeding.

///

---

[1] [ECF No. 97] ("Abandonment Order") entered on October 15, 2021.

This Reply is supported by the Motion, the following Memorandum of Points and Authorities, the record in the above-captioned Chapter[2] 7 case ("Case"), of which judicial notice is hereby requested pursuant to Federal Rule of Evidence 201, and any argument by counsel at the hearing on the 9024 Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

In issuing the Abandonment Order,[3] the Court did not consider, because neither the parties nor the Trustee requested it to, whether the Loan Agreement's or the Note's definition of HASelect's Collateral for its Loan to the Debtor was controlling. Rather, the Court assumed (incorrectly), that HASelect's representation that it had a security interest in all the Debtor's assets was controlling. By the Motion, Tecumseh requests this Court to correct that error and the course of this litigation by applying the correct definition of HASelect's Collateral found in the Note and setting aside the Abandonment Order. HASelect and the Trustee oppose the Motion on two bases: i) that the Motion is procedurally improper; and ii) that the Motion is substantively flawed. Neither has merit and the Motion should be granted.

**II.**

**ARGUMENT**

**A. THE MOTION IS PROCEDURALLY PROPER.**

By the Motion, Tecumseh requests this Court exercise its discretion pursuant to Fed. R. Civ. P. 60(b)(6), as adopted by Bankruptcy Rule 9024, to correct a profoundly impactful error—assuming incorrectly that HASelect has a security interest in all of the Debtor's assets. HASelect and the Trustee do not disagree that this Court has the authority to exercise its discretion in such a

---

[2] All references to "Chapter" or "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

[3] Unless otherwise stated, capitalized terms used in this Reply shall have the same meaning as in the Motion.

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

2

fashion. Instead, they contend that Tecumseh should be stuck with an incorrect application of HASelect's Collateral because Tecumseh—a stranger to the Loan Agreement and the Note—did not immediately advise the Court that HASelect had misrepresented (either intentionally or negligently) the scope of its security interest, or, at a minimum, the conflict between the Loan Agreement and the Note. HASelect Opp. [ECF No. 283] at 7; Trustee Opp. [ECF No. 281] at 2-7.

HASelect and the Trustee's procedural argument boils down to two contentions: i) Tecumseh took too long to raise the issue with the Court; and ii) no extraordinary circumstances exist to excuse the delay. *Id.* But HASelect and the Trustee's arguments improperly exculpate them of their burden to advise the Court accurately of the contractual relationship between HASelect and the Debtor. It was HASelect and the Trustee who filed the Joint Motion of Chapter 7 Trustee and Secured Creditor [HASelect] to Approve Abandonment of Collateral, not Tecumseh. [ECF No. 12] ("Abandonment Motion"). And it was the Trustee and HASelect, not Tecumseh, who omitted any mention of the definition of HASelect's Collateral in the Note. *Id.* at 2-3. The extraordinary circumstances justifying relief are that HASelect and the Trustee misrepresented the nature and scope of HASelect's Collateral, causing this Court to issue the Abandonment Order for all the Debtor's assets—i.e., the foundational premise of the Abandonment Order is wrong. Their misrepresentation to the Court should not create a windfall for HASelect at Tecumseh's expense.

Tecumseh now advises the Court of the definition of Collateral in the Note and why it controls. In so doing, Tecumseh has, for the first time by any party, apprised the Court of the accurate nature of HASelect's security interest. And while it is true that the Loan Agreement and Note were in the public record and, thus, available to Tecumseh, they were also available to HASelect, the Trustee, and the Court—and no one caught the error. When Tecumseh recognized the error, it promptly advised this Court of the issue. Gordon Decl. [ECF No. 269] ¶¶ 9-10.

There is no dispute this Court has the discretion to correct the error—the error that no one caught until now (or, if HASelect did, it chose to remain silent)—and set this litigation on a proper course rather than inviting further turmoil by permitting the case to progress through resolution of dispositive motions and trial based on an incorrect assumption of the nature of HASelect's Collateral. The only dispute is whether this Court *should* exercise that discretion to correct the

error or permit this litigation to proceed on its wayward course toward a messy, disputed resolution. Principles of fairness, correctness, and efficiency require this Court to grant the Motion and correct this Court's adoption of the improper definition of HASelect's Collateral.

### B. THE MOTION IS SUBSTANTIVELY SOUND.

As discussed at length in the Motion, the Note and Loan Agreement contain different definitions of "Collateral." There is no question about this. Somewhat bewilderingly, though, HASelect and the Trustee ask this Court to deny the Motion because, they argue, Section 16 of the Note is not a definition of collateral and, therefore, there is no issue before the Court to decide. But a common sense reading of the Note readily reveals Section 16 as a definition of "Collateral:"

"**16. Collateral**. This Note shall be secured by a security interest in all of [Debtor's] interest in the Receivables and Claims, as set forth in the Loan Agreement." Note [ECF No. 274] § 16 (PDF p. 43). Defining Collateral as a "security interest," as the Note does, is consistent with the UCC. NRS 104.9102(I) ("Collateral" means the property subject to a security interest or agricultural lien."). There is simply no other way to read Section 16 of the Note other than as a definition of Collateral.

HASelect and the Trustee contend Section 16 does not define Collateral because it is a subject heading rather than a defined term. But they offer no rebuttal to Section E of the Note, which states: This Note is being issued to Lender by Borrower pursuant, and otherwise subject, to the terms and conditions of the Loan Agreement. **Capitalized terms used herein unless otherwise defined, have the meanings given such terms in the Loan Agreement.**" *Id.* § E (PDF p. 43) (emphasis added). Without question (or argument), "Collateral" in section 16 is capitalized. *Id.* And, without question, what follows the capitalized "Collateral" is a definition—i.e., "Collateral" as used in the Note is a capitalized, defined term.

HASelect and the Trustee ask this Court to ignore these indisputable facts and read Sections E and 16 out of the Note.[4] But doing so violates the long-standing, universal rule of contractual construction to read contracts in such a way as to avoid rendering their clauses superfluous.

---

[4] Paradoxically, HASelect contends the rules of construction requiring the Court to give effect to all provisions of the parties' contract mandate the Court ignore Section E and 16 of the Note. HASelect Opp. at 12.

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

Restatement (Second) of Contracts 203(a) ("an interpretation which gives a reasonable, lawful, and effective meaning to all the terms [of a contract] is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.") (Comment b to section 203 explains, "Since an agreement is interpreted as a whole, it is assumed in the first instance that no part of it is superfluous."); *Univ. of Haw. Prof'l Assembly on Behalf of Daeufer v. Univ. of Haw.*, 66 Haw. 214, 219 (1983) ("a court's principal objective is to ascertain and effectuate the intention of the parties as manifested by the contract in its entirety."); *Munroe v. Continental Western Ins. Co.*, 735 F.3d 783, 787 (8th Cir. 2013) ("Courts must also endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant."). Moreover, and more importantly, the plain language of the Note is unambiguous—Collateral is capitalized; it is defined; it is controlling.

### C.  THE LOAN DOCUMENTS ARE, AT BEST FOR HASELECT, AMBIGUOUS.

In the Motion, Tecumseh states that, at best for HASelect, the competing definitions of Collateral in the Note and Loan Agreement create ambiguity in the Loan such that this Court must hear evidence to determine the intent of the parties (HASelect and the Debtor) regarding the scope of HASelect's security interest. HASelect and the Trustee ignore this argument, choosing instead to argue the Motion is procedurally (untimely) and substantively (does not present a genuine issue of contractual misinterpretation) flawed.

Here, there are two definitions of Collateral. The Note expressly states the conditions requiring its definition to control—a capitalized term and a definition. Both conditions are met. Nevertheless, if this Court has any lingering doubt as to whether the Note's definition controls, that doubt can only arise from uncertainty—i.e., ambiguity. In such a situation, the Court must hear evidence to divine the parties' intent. *See* Mot. at 10-14.

HASelect and the Trustee have offered minimal evidence to address the ambiguity. HASelect Opp. at 13 (citing Debtor's Answer to Adversary Complaint) fn. 25. But that evidentiary record is far from complete. Neither of the Debtor's principals have been deposed (they are scheduled to be deposed on March 27, and 28, 2023). And scant discovery has been taken by any party on the issue of contractual intent as to the scope of HASelect's security interest. Accordingly,

to the extent this Court determines ambiguity exists, it should require the parties to present evidence of intent to aid in the determination.

### D. SANCTIONS ARE NOT WARRANTED.

Sanctions are inappropriate where a party's actions appear to be "based on a good faith and reasonable interpretation of the court's order." *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 889 (9th Cir. 1982) (quoting *Rinehart v. Brewer*, 483 F.Supp. 165, 171 (S.D. Iowa 1980)). 27. Here, there is no legitimate dispute that Tecumseh has raised a legitimate issue. The Note and Loan Agreement have inconsistent definitions of Collateral. This issue has never been considered by the Court, as neither the Trustee nor HASelect raised it in their Abandonment Motion briefing. Raising this highly significant issue is not sanctionable. In fact, it should have been raised by HASelect and the Trustee in the Abandonment Motion. Accordingly, Tecumseh has acted in good faith and sanctions are not warranted.

### IV.
### CONCLUSION

For the reasons stated hereinabove, the Court should vacate the erroneous Abandonment Order, or in the alternative, set the mater for an evidentiary hearing to determine the actual intent of the parties as to the extent of collateral intended in granting a security interest to HASelect.

DATED this 23rd day of March 2023.

                                          GARMAN TURNER GORDON LLP

                                          By: */s/ Gerald M. Gordon*
                                                GERALD M. GORDON, ESQ.
                                                JARED M. SECHRIST, ESQ.
                                                7251 Amigo St., Suite 210
                                                Las Vegas, Nevada 89119

                                          and

                                          MICHAEL D. NAPOLI, ESQ.
                                          *Pro hac vice*
                                          AKERMAN LLP
                                          2001 Ross Avenue, Suite 3600
                                          Dallas, Texas 75201
                                          Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*