B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
District of Nevada

In re: Infinity Capital Management, Inc.
Debtor

Case No. 21-bk-14486-ABL

Chapter 7

_____
Plaintiff
v.
_____
Defendant

*(Complete if issued in an adversary proceeding)*

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Abraham Professional Services, P.C.

*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See attached Notice.

| PLACE | DATE AND TIME |
|---|---|
| Virtual Deposition - U.S. Attorney's Office for the Southern Distict of Texas, 1000 Louisiana St #2300, Houston, TX 77002 | 1:00 PM PT (3:00 PM CT) on March 19, 2026 |

The deposition will be recorded by this method: Stenographic means.

☑ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 10, 2026

CLERK OF COURT

_____          OR          s/Tijuhna A. Green
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* United States of America, who issues or requests this subpoena, are:
Tijuhna A. Green, P.O. Box 583 Ben Franklin Station, Washington, DC 20044; 202-616-3340; Tijuhna.A.Green@usdoj.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


  I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       (i) expressly make the claim; and
       (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

1  Tijuhna A. Green (TXBN 24106025)
   Trial Attorney
2  Tax Litigation Branch
   Civil Division, Department of Justice
3  P.O. Box 683
   Washington, D.C. 20044
4  202-616-3340
5  202-307-0054 (f)
   Tijuhna.A.Green@usdoj.gov
6  Western.taxcivil@usdoj.gov
   *Counsel for the United States*
7

8                    **UNITED STATES BANKRUPTCY COURT**
                           **DISTRICT OF NEVADA**
9

10 | | |
|---|---|
| *In re*: | Case No.: BK-21-14486-ABL |
| | Chapter 7 |
| INFINITY CAPITAL MANAGEMENT, INC. | **NOTICE OF TAKING DEPOSITION OF ABRAHAM PROFESSIONAL SERVICES P.C.** |
| Debtor. | **[RE: ECF No. #328]** |
| | Date: March 19, 2026 |
| | Time: 1:00 PM PT (3:00 PM CT) |
| | Location: Virtual Deposition at the U.S. Attorney's for the Southern District of Texas, 1000 Louisiana St. #2300, Houston, TX 77002 |

19    PLEASE TAKE NOTICE that, under Rules 30(b)(6) and 45 of the Federal Rules of Civil

20 Procedure made applicable by Bankruptcy Rules 7030, 9014, and 9016, and by agreement of the

21 Parties, the United States of America will be taking the deposition of Abraham Professional

22 Services P.C., 10101 Southwest Fwy # 400, Houston, TX 77074, in connection with the Chapter

23 7 Trustee's Objection to the IRS's Proof of Claim (ECF No. 328).

24    The United States will conduct the deposition on **March 19, 2026, beginning at 1:00**

25 **PM PT** until completed. The deposition will be taken virtually via Veritext at the U.S.

26 Attorney's Office for the Southern District of Texas, 1000 Louisiana Street #2300, Houston, TX

27 77002, or a location agreed upon by the Parties. Testimony will be recorded via stenographic

28

means. The deposition will be taken before an officer authorized to administer oaths by the laws of the United States or the place where the examination is being held.

PLEASE TAKE FURTHER NOTICE that Abraham Professional Services P.C. is required to designate one or more of its officers, directors, managers, members, employees, managing agents, or other persons to testify on its behalf as to matters known or reasonably available to Abraham Professional Services P.C. about the following subjects:

1. The tax liabilities related to the Internal Revenue Service's Proof of Claim (Claim 14-1);
2. The defenses alleged in the Chapter 7 Trustee's Objection to the Internal Revenue Service's Proof of Claim (14-1);
3. Healthplus Imaging of Texas LLC's accounting practices;
4. Healthplus Imaging of Texas LLC's federal tax return preparation and federal tax related information for tax years 2019–2021;
5. Healthplus Imaging of Texas LLC's relationship and transactions with Infinity Capital Management;
6. Stephanie Lam's federal tax return preparation and federal tax related information for tax years 2019–2021;
7. Diane Lam's federal tax return preparation and federal tax related information for tax years 2019–2021;
8. Documents produced in connection with the United States' Subpoena for the Request for the Production of Documents;
9. Documents produced in connection with the Chapter 7 Trustee's Requests for the Production of Documents.

2

Dated: March 10, 2026

*s/Tijuhna A. Green*
TIJUHNA A. GREEN
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3340
202-307-0054 (f)
Tijuhna.A.Green@usdoj.gov
*Counsel for the United States*

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

Tijuhna A. Green (TXBN 24106025)
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3340
202-307-0054 (f)
Tijuhna.A.Green@usdoj.gov
Western.taxcivil@usdoj.gov
*Counsel for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re*:<br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No.: BK-21-14486-ABL<br><br>Chapter 7<br><br>**SCHEDULE A TO SUBPOENA- ABRAHAM PROFESSIONAL SERVICES P.C.**<br><br>**[RE: ECF No. #328]** |

This Schedule instructs Abraham Professional Services P.C. regarding which documents you must provide to counsel for the United States to respond to the attached Subpoena.

**HOW TO RESPOND**:

1. Pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45, you are required to produce for inspection and copying the documents referenced below. You must produce documents by **March 19, 2026, at 1:00 PM PT (3:00 PM CT)**. Unless otherwise indicated, please produce documents in machine-readable .pdf form if

reasonably possible. Emails or spreadsheets should be produced in their native format (*e.g.*, .xls, .msg). This Schedule is expressly intended to include documents and information stored electronically.

2. You may respond to the Subpoena using one of the following methods: (1) by email to Tijuhna.A.Green@usdoj.gov; (2) by upload to JEFS (Justice Enterprise File Sharing), the Department of Justice's secure electronic file sharing system; or (3) by mail to Tijuhna A. Green, Trial Attorney, U.S. Department of Justice, Civil Division, Tax Litigation Branch, 1275 First St. NE Room 9216, Washington, D.C. 20001. Electronic production (1 or #2 above) is preferred.

3. If you choose not to email or mail the documents to counsel for the United States, please contact Tijuhna Green, counsel for the United States, at (202) 616-3340 or Tijuhna.A.Green@usdoj.gov, as soon as you become aware that production by any of the above-described methods is not possible. You must then produce the documents for inspection and copying at the United States Attorney's Office for the Southern District of Texas, 1000 Louisiana, Ste. 2300, Houston, TX 77002 **no later than March 19, 2026, at 1:00 PM PT (3:00 PM CT)**. *See* Fed. R. Civ. P. 45(c)(2).

4. When a document is requested but the document has been destroyed or lost, and all copies thereof have been destroyed or lost, state: (i) all facts or circumstances surrounding the destruction or loss; (ii) the date of destruction or loss (or approximate date if uncertain); (iii) whether the document has been transferred voluntarily or involuntarily to another person or persons, and if so, their identity; and (iv) all dates, essential terms, and details of such document, and the identity of any person known to you who can give competent secondary evidence of such document's contents.

5. Organize and label all electronic files in a manner to correspond to the specific Request for Production to which they are responsive. All documents and tangible things responsive to a specific Request for Production should be produced as they are kept in the usual course of business. For example, ensure that all electronic copies are organized in the same

manner as were the original paper copies. Thus, they should be produced with a load file that organizes pages into documents, documents into folders, folders into parent-folders, and so on.

      6.    If any document is withheld in whole or in part under a claim of privilege, produce a privilege log, including the document date, subject, sender, recipient(s), and general nature of the privileged information contained therein. *See* Fed. R. Bank. P. 9014 and 7026 incorporating Fed. R. Civ. P. 26(b)(5).

## DEFINITIONS

      1.    "You" refers to Abraham Professional Services P.C.

      2.    "Debtor" refers to Infinity Capital Management, Inc. d/b/a Infinity Health Connections, EIN: XX-XXX1638.

      3.    "Healthplus Imaging" refers to Healthplus Imaging of Texas LLC.

      4.    "Stephanie Lam" refers to Stephanie Lam, former owner of Healthplus Imaging of Texas LLC.

      5.    The term "agent" includes any persons acting at the referenced party's request, at the referenced party's direction, or on the referenced party's behalf, including, but not limited to, attorneys, accountants, professionals, consultants, members, partners, directors, officers, employees, and other representatives.

      6.    The term "including" means "including but not limited to" and should not be construed to exclude information or categories of information not specifically named.

      7.    "Document" means any information by whatever means recorded, including electronically stored information, as defined in Fed. R. Civ. P. 34.

      8.    If there are no documents in your possession, custody, or control that are responsive to a request for production, state that fact in your response.

      9.    Please do not forget to search your electronic records, including email, for responsive material.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Copies of all federal tax returns (original and/or amended) that you prepared, signed, amended, and/or filed for Healthplus Imaging LLC, Diane Lam, and/or Stephanie Lam affecting the period between January 1, 2019 through December 31, 2021 ("tax years at issue"), and any amendments thereto including, but not limited to, Forms 1040, Schedule K, and/or Schedule C.

2. Copies of documents related to the preparation of the returns identified in Request No. 1, including, but not limited to, balance sheets and profit and loss statements, affecting the period between January 1, 2019 through December 31, 2021.

3. Copies of all IRS forms (original and/or amended) that you prepared, signed, and/or filed in connection with Healthplus Imaging LLC, Stephanie Lam, or Diane Lam's involvement the Debtor Infinity Capital Management affecting the period between January 1, 2019 through December 31, 2021, and any amendments thereto including, but not limited to, Forms W-9, W-2, W-4, or 1099.

4. Copies of receipts for payments made to the Internal Revenue Service by you on behalf Healthplus Imaging LLC, Diane Lam, and/or Stephanie Lam affecting the period between January 1, 2019 through December 31, 2021.

5. Communications between you and the Internal Revenue Service related to any federal tax returns or related tax obligations prepared, amended, or signed by you on behalf of Healthplus Imaging LLC, Diane Lam, and/or Stephanie Lam, including, but not limited to, any notices concerning tax deficiencies, audits, or payments concerning the period between January 1, 2019, through December 31, 2021.

6. Communications between you and Diane Lam related to the preparation and filing of any federal tax returns identified in Request No. 1.

7. Communications between you and Stephanie Lam related to the preparation and filing of any federal tax returns identified in Request No. 1.

8. Communications between you and any representative of Healthplus Imaging LLC related to the preparation and filing of any federal tax returns identified in Request No. 1.

4

9. Documents produced to Chapter 7 Trustee Robert Atkinson in connection with the Debtor's bankruptcy case, case number 21-14486-abl.

Dated: March 10, 2026

    BRETT A. SHUMATE
    Assistant Attorney General

    JOSHUA WU
    Deputy Assistant Attorney General, Tax Litigation Branch

    *s/Tijuhna A. Green*
    TIJUHNA A. GREEN
    Trial Attorney
    Tax Litigation Branch
    Civil Division, Department of Justice
    P.O. Box 683
    Washington, D.C. 20044
    202-616-3340
    202-307-0054 (f)
    Tijuhna.A.Green@usdoj.gov
    *Attorneys for the United States of America*

*In re Infinity Capital Management,* Case No. BK-21-14486-ABL (Bankr. D. Nev.)

**Declaration Concerning Records Produced by:**
Abraham Professional Services P.C.

I, _____, declare that:

1. I am a _____ for Abraham Professional Services P.C.
2. In my role as _____, I am familiar with the records maintained by Abraham Professional Services P.C. I personally know what Abraham Professional Services P.C keeps and how they are kept.
3. Abraham Professional Services P.C was served with a subpoena in this lawsuit. The subpoena sought certain records maintained by Abraham Professional Services P.C.
4. On _____, I produced the requested records to counsel for the government.
5. The records produced to the government include accounting, billing, and payment records maintained by Abraham Professional Services P.C.
6. The records produced to the government were obtained and made at or near the time of the matters described in the records.
7. With respect to the records created by Abraham Professional Services P.C, the individuals responsible for creating and maintaining the records had knowledge of their contents at the time the records were created and maintained.
8. Where the records contain information from another person – such as a check or money order from a third party – the information was transmitted to Abraham Professional Services P.C by someone with knowledge of the contents of the record.
9. The records produced to the government were kept in the course of Abraham Professional Services P.C.'s regularly conducted activity.
10. It was and is the regular practice of Abraham Professional Services P.C. to make and maintain the records produced to the government.

I declare under penalty of perjury that the information contained in this declaration is true and correct.

Dated this _____ day of _____, 20___.


Signature: _____


Name:        _____
                    Representative of Abraham Professional Services P.C.